HENRY R. KAUFMAN, P.C.

ATTORNEYS AT LAW

60 EAST 42ND STREET

47TH FLOOR

NEW YORK, NEW YORK 10165

(212) 880-0842

FACSIMILE (212) 682-1965

WWW.HRKAUFMAN.COM

HKAUFMAN@HRKAUFMAN.COM

January 10, 2019

Hon. Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY  11201

      Re: Monica Morrison v. Robert Langrick: 1:18-cv-06127 (CBA) (RML)

Dear Judge Levy,

      We write to request an extension of Plaintiff's time to answer or move with respect to Defendant's recently-filed counterclaims and a commensurate adjournment of the initial conference scheduled for February 7 before Your Honor.

      Before seeking this Court's intervention, we made good faith efforts, on behalf of the Plaintiff, to reach agreement on these scheduling matters with adversary counsel. However, they have declined to consent to our requested adjournments.

      As a part of those good faith efforts, we initiated a lengthy telephone conference call with Defendant's counsel held on January 8. Then, late yesterday afternoon, we received the attached letter, opposing any adjournment of the initial conference and offering no more than a *one-week* "courtesy" adjournment of Plaintiffs' time to answer or move with respect to the counterclaims.

      As we attempted to explain to opposing counsel, there is a very specific reason why in our view more substantial extensions are essential. That is because Defendant's counterclaims have for the first time presented the possibility of insurance coverage for Plaintiff, which issue we have been diligently pursuing with her insurance carrier. However, the insurer has not yet determined whether it will provide the requested coverage and it is not clear how long that kind of bureaucratic decision might take. Moreover, even if coverage is confirmed, we will then also need to resolve the separate issue of our client's request to continue with her current counsel should the carrier take over her defense.

      The reason the unsettled insurance issue is pivotal is that Ms. Morrison's carrier might insist on exercising its right to appoint its own counsel to defend the insured. In such event, crucial and irrevocable strategic decisions, that may have already been made, in the absence of an appropriate adjournment, by current Counsel, could be unsettled if not reversed, to the prejudice of Ms. Morrison as well as to the detriment of the efficient litigation of this case.

Hon. Robert M. Levy
January 10, 2019
Page 2 of 2

HENRY R. KAUFMAN, P.C.
ATTORNEYS AT LAW

During the telephone conference call on Tuesday, Defendant's counsel initially advised that their client would be loath to consent to *any* adjournment that is not accompanied by Plaintiff's agreement to say nothing further publicly, or to the media, about Mr. Langrick's past sexually-assaultive behavior, or about this case. We stated to adversary counsel our contrary view that such an agreement would effectively and inappropriately amount to a gag order, pendente lite.

Notably, during that same call, in explaining why any significant extensions in this case would be unacceptable, Defendant's counsel explicitly indicated that in their view, without some sort of gag, Defendant's only remedy would be to commence additional legal actions any time their client has deemed that further public statements during the pendency of this action by Ms. Morrison, about her own life experiences, to be defamatory.

In their written response yesterday, by email, Defendant's counsel have apparently thought better of acknowledging in writing their insupportable desire to so blatantly and completely muzzle our client. Despite this back-pedaling, in their January 9 email, the Clare Locke firm has continued to reveal their true motives and objectives by complaining about certain incipient media coverage of this lawsuit. It is as if opposing counsel would have preferred that this case be litigated under some other legal system where the First Amendment, open courts and freedom of the press are not recognized.

It is also notable that this same fundamental problem is also reflected in the overreaching relief to which Defendant makes claim in his counterclaims themselves – such as seeking "takedowns" and other injunctive relief that on their face amount to nothing less than "prior restraints" – unconstitutional relief apparently being sought for the same purpose of suppressing Ms. Morrison's current and future speech about her own traumatic life experiences.

We can think of no more powerful justifications for Plaintiff's underlying action, seeking declarations that could protect her from these kinds of continuing restraints on her rights of free expression, in particular with regard to the 2005 incident that has – tragically – become an essential part of her life story and of the ongoing trauma she has suffered as a result of Mr. Langrick's assaultive behavior more than thirteen years ago.

For all of the foregoing reasons, Plaintiff respectfully requests a 90-day extension of her time to answer or move with respect to the counterclaim, and a coordinate 90-day adjournment of the preliminary conference – in order to accord her sufficient time to resolve the currently-pending insurance and representational issues *before* she is required to answer, move or make initial disclosures pursuant to Rule 26.

Respectfully submitted,

Henry R. Kaufman PC
Attorneys for Defendant

cc: All Counsel via E-file

Attachment: 1/9/19 Email from Andy Phillips, Clare Locke

| Attached Message | |
|---|---|
| From | Andy Phillips <andy@clarelocke.com> |
| To | hrkaufman Kaufman <hkaufman@hrkaufman.com> |
| Cc | Carol A. Schrager <carolaschrager@gmail.com>; Shannon Timmann <shannon@clarelocke.com>; Tom Clare <tom@clarelocke.com>; Libby Locke <libby@clarelocke.com> |
| Subject | Re: Morrison v Langrick |
| Date | Wed, 9 Jan 2019 22:07:29 +0000 |

Hi Henry,

I understand from my telephone conversation yesterday with you and Carol Schrager that Defendant is requesting both an extension of the January 11 deadline for responding to Plaintiff's counterclaims and an adjournment of the initial conference hearing that the Court set for February 7, 2019. As I understand it, your position is that you are waiting to hear from Ms. Morrison's insurance carrier regarding whether the insurer intends to provide coverage and/or to defend those counterclaims. I understand that it is your position that because the carrier may possibly decide it has a duty to defend, and may possibly decide that it wants to retain different counsel for Ms. Morrison, you and Carol did not think it expedient to invest your time and effort in preparing an answer or motion to dismiss. I understood from our conversation that you have not undertaken to begin preparing a response since Plaintiff filed those counterclaims on December 21, 2018, some 19 days ago. I also understood you and Carol to be requesting an additional 90 days to respond to the counterclaims, along with an adjournment of the February 7 hearing date.

As I stated to you and Carol yesterday, a request for a 90 day extension of the response deadline is not reasonable and we cannot agree to it. As I also stated, Ms. Morrison — not Mr. Langrick — chose to initiate this action. You and Carol chose to serve as her counsel of record, with a specific understanding that counterclaims were a distinct possibility. And as set forth in our counterclaims, we absolutely believe that Ms. Morrison's purported declaratory judgment claims have no merit whatsoever and were a transparent attempt to seek publicity for false statements concerning Mr. Langrick with the benefit of the litigation privilege. That effort to seek publicity was successful and Ms. Morrison's false and highly damaging claims about Mr. Langrick have been published in international news media. The harm to Mr. Langrick has been enormous and is ongoing. Ms. Morrison's actions have made it acutely necessary that both her claims and Mr. Langrick's counterclaims be adjudicated expeditiously, and we stand ready to litigate this action — and to comply with all deadlines set by the Court and by the rules.

Moreover, as I mentioned to you yesterday, we have recently been contacted by a reporter for a television station in New York, who informed us that both Ms. Morrison and her counsel have participated (or have agreed to participate) in a sit-down interview discussing her lawsuit. We are troubled that you appear willing to invest your time in media interviews for this case but unwilling to invest it in drafting required pleadings.

We do not believe that you have provided any reasonable justification for your belated extension request, and we believe that the circumstances and context of the situation strongly militate against any delay and in favor of a swift resolution of the claims and counterclaims in this case. That said, in the spirit of collegiality, we are willing to agree to a one-week extension of your response deadline, to Friday, January 18. We are unwilling to agree to any extension or adjournment of the February 7 initial conference as we see no reason to inconvenience the Court with such a request.

Andy Phillips | Partner
**C L A R E   L O C K E   L L P**
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7404 - direct | (847) 951-7093 - cell
andy@clarelocke.com | www.clarelocke.com
Admitted to practice in the Commonwealth of Virginia, the District of Columbia and the State of Illinois.


This electronic message transmission contains information from the law firm of Clare Locke LLP, which may be confidential or privileged. The information is intended exclusively for the individual or entity

named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited.  If you received this electronic transmission in error, please notify us immediately at admin@clarelocke.com.

On Jan 9, 2019, at 4:06 PM, hrkaufman Kaufman <hkaufman@hrkaufman.com> wrote:

Andrew, Are we going to hear back from you today, as promised? Thanks. Henry

Henry R. Kaufman, P.C.
60 E.42nd St. - 47th FL
New York, NY 10165
212-880-0842
hkaufman@hrkaufman.com
www.hrkaufman.com