

# CLARE LOCKE
L L P

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

January 10, 2019

<u>Via ECF</u>

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Monica Morrison v. Robert Langrick,* **No. 1:18-cv-06127 (CBA) (RML)**

Dear Judge Levy:

I write on behalf of Robert Langrick, Defendant and Counterclaimant in the above-referenced action, to oppose Plaintiff Monica Morrison's request for a ***90-day*** extension of the deadline to respond to Mr. Langrick's December 21, 2018 Answer, Affirmative Defenses, and Counterclaims [Dkt. 14] (hereinafter, "Counterclaims"). Ms. Morrison's counsel has not set forth any reasonable basis for this request for what would effectively be a stay of an action that Ms. Morrison and her counsel chose to file. The request should be denied.

First, Mr. Henry Kaufman's January 10, 2019 letter motion requesting an extension of time [Dkt. 19] fails to comply with Your Honor's Practices and Procedures — attached to the Court's December 6, 2018 Scheduling Order [Dkt. 8-1] — because it fails to set forth the original date of the deadline on which Ms. Morrison seeks an extension. The original deadline for Ms. Morrison to respond to Mr. Langrick's Counterclaims is ***tomorrow***, January 11, 2019. In other words, Ms. Morrison and her counsel have had Mr. Langrick's Counterclaims since they were filed 20 days ago but chose to wait until one day before the filing deadline to seek an extension from the Court.

Moreover, as noted in my January 9, 2019 email to Mr. Kaufman that is attached to his letter motion, Ms. Morrison's counsel first raised the possibility of an extension during a telephone conference with Mr. Langrick's counsel on January 8, 2019 — 19 days after Mr. Langrick filed his Counterclaims and just three days before Ms. Morrison's response deadline. During that telephone

conference, Mr. Kaufman and his co-counsel Carol Schrager conceded that they had not made any effort to begin preparing either an answer to the Counterclaims or motion to dismiss during those preceding 19 days. Instead, they stated that they did not believe it made sense for them to attempt to prepare a responsive pleading because of the possibility that an unidentified insurance carrier for an unidentified insurance policy might, at some unknown time in the future, decide to provide coverage or a defense for Ms. Morrison, and because this unidentified insurer might in the future decide it wants to replace Mr. Kaufman and Ms. Schrager with other counsel.

This is not a valid basis for an extension of time to file a responsive pleading, and it is certainly not a valid basis for a 90-day extension, which would effectively be a de facto stay of the litigation Ms. Morrison chose to file with Mr. Kaufman and Ms. Schrager as her counsel of record. *See, e.g., Hashmi v. Etihad Airways*, No. 16-cv-4566, 2016 WL 11480703, at *2 (E.D.N.Y. Oct. 26, 2016) (rejecting plaintiff's request for a stay of proceedings for failure to meet his burden of showing "good cause"); *Barbara C. v. Streeter*, No. CV 2007-1811, 2008 WL 189571, at *1 (E.D.N.Y. Jan. 18, 2008) (rejecting the argument that awaiting a determination of insurance coverage constitutes good cause for a stay of discovery). Nor can Ms. Morrison or her counsel feign surprise that counterclaims were filed in this case. In fact, Ms. Morrison's counsel reached out unprompted to Mr. Langrick's counsel weeks ago — after Ms. Morrison filed her Complaint but before Mr. Langrick filed his Counterclaims — specifically to discuss the likelihood that Mr. Langrick would be filing counterclaims. There is no reason why Mr. Kaufman and Ms. Schrager, as Ms. Morrison's chosen counsel, should be unable or unwilling to prepare a response to counterclaims that they knew were a distinct possibility when they agreed to represent Ms. Morrison and file her Complaint.

But most importantly, Ms. Morrison's request for a 90-day extension would cause significant prejudice to Mr. Langrick. As noted, it was Ms. Morrison that initiated this action in a declaratory judgment Complaint that falsely accused Mr. Langrick of sexually assaulting her. That filing generated breathless international press coverage in which these damaging falsehoods were broadcast to the entire world. It is Mr. Langrick's position that Ms. Morrison's so-called declaratory judgment claims are completely meritless — for example, she requests that the Court issue a declaration as to the enforceability of a *draft* settlement and release agreement that was *never signed* by anyone — and that they were filed only for the purpose of generating publicity for Ms. Morrison and her counsel. Ms. Morrison and her counsel successfully garnered such publicity, to the great detriment of Mr. Langrick, but now they seek to put an immediate pause on this litigation and to delay an actual resolution of Ms. Morrison's claims and Mr. Langrick's Counterclaims. This conduct suggests that Mr. Langrick's suspicions as to the purpose of Ms. Morrison's Complaint were accurate. Mr. Langrick deserves and desires a speedy adjudication of this matter, even if Ms. Morrison does not.

Finally, Mr. Kaufman's representation to the Court that Mr. Langrick's counsel refused to agree to an extension unless Ms. Morrison agreed to stop talking to the press is completely false. No such demand was ever made. Instead, Mr. Langrick's counsel stated during the January 8 telephone call that a reporter for a New York television news station had contacted Mr. Langrick's counsel and said that both Ms. Morrison and her counsel were preparing to do an interview with that television station to discuss her case. (*See* Attachment A.) What Mr. Langrick's counsel actually conveyed to Ms. Morrison's counsel was that it is disconcerting that Mr. Kaufman and Ms. Schrager appear willing to invest their time in media interviews regarding this case, but unwilling to invest their time in preparing a required responsive pleading. And as Mr. Kaufman begrudgingly acknowledges, we

did in fact offer to agree to a one-week extension of the deadline to January 18, 2019. Mr. Kaufman never responded to this offer and instead sought a 90-day extension from the Court.

In sum, Mr. Langrick's counsel does not oppose, and in fact offered to agree to, a reasonable, short extension of time for Mr. Kaufman and Ms. Schrager to prepare a filing that they should have begun working on weeks ago. But the request for a *90-day* extension of the response deadline is wholly unreasonable, unsupported, and prejudicial to Mr. Langrick. Moreover, it would perversely reward Mr. Kaufman and Ms. Schrager for their inexplicable actions in choosing to sit on Mr. Langrick's Counterclaims for 20 days and do nothing to even attempt to prepare a responsive pleading by the deadline set by the rules. That request therefore ought to be denied, and if anything, the responsive pleading deadline should be extended no more than one week, to January 18, 2019. Moreover, there is no basis to adjourn the scheduled February 7, 2019 initial conference. Both Mr. Kaufman and Ms. Schrager have their offices in New York City and they have not provided any reason why they would be unable to prepare for and attend that hearing.

Sincerely,

Andrew C. Phillips

Cc: All counsel of record via ECF.

# Attachment A

| | |
|---|---|
| **From:** | **Wallace, Sarah (NBCUniversal)** sarah.wallace@nbcuni.com |
| **Subject:** | RE: [EXTERNAL] Kendrick v. Morrison |
| **Date:** | January 7, 2019 at 3:44 PM |
| **To:** | Andy Phillips andy@clarelocke.com |



Thank you. Yes, both are doing an interview.

*Sarah Wallace*
Investigative Reporter, WNBC-TV
30 Rockefeller Center
New York, NY 10111
Sarah.wallace@nbcuni.com
Cell: 551-225-5055
Office: 212-664-7264

---

**From:** Andy Phillips [mailto:andy@clarelocke.com]
**Sent:** Monday, January 07, 2019 3:43 PM
**To:** Wallace, Sarah (NBCUniversal) <sarah.wallace@nbcuni.com>
**Subject:** Re: [EXTERNAL] Kendrick v. Morrison

Ms. Wallace,

The initial conference is February 7. Let me know if you have any other questions. I'd also be curious to know if Ms. Morrison and/or her counsel are doing an interview.

Andy Phillips | Partner
**C L A R E   L O C K E   L L P**
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7404 - direct | (847) 951-7093 - cell
andy@clarelocke.com | www.clarelocke.com
Admitted to practice in the Commonwealth of Virginia, the District of Columbia and the State of Illinois.


This electronic message transmission contains information from the law firm of Clare Locke LLP, which may be confidential or privileged. The information is intended exclusively for the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you received this electronic transmission in error, please notify us immediately at admin@clarelocke.com.

> On Jan 4, 2019, at 12:41 PM, Wallace, Sarah (NBCUniversal) <sarah.wallace@nbcuni.com> wrote:
>
> Thank you for your prompt response. Let me put some questions together. Appreciate it. Is the control date still Feb. 5th?
>
> Sent from my iPhone

On Jan 4, 2019, at 11:27 AM, Andy Phillips <andy@clarelocke.com> wrote:

Good morning Ms. Wallace,

Mr. Langrick is not going to be available for an interview, but if you have particular questions or would like comment on anything in particular you can send that request to me and we'd be happy to consider it.

Andy Phillips | Partner
**CLARE LOCKE LLP**
10 Prince Street | Alexandria, Virginia 22314
(202) 628-7404 - direct | (847) 951-7093 - cell
andy@clarelocke.com | www.clarelocke.com
Admitted to practice in the Commonwealth of Virginia, the District of Columbia and the State of Illinois.

This electronic message transmission contains information from the law firm of Clare Locke LLP, which may be confidential or privileged. The information is intended exclusively for the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited. If you received this electronic transmission in error, please notify us immediately at admin@clarelocke.com.

> On Jan 4, 2019, at 12:02 PM, Wallace, Sarah (NBCUniversal) <sarah.wallace@nbcuni.com> wrote:
>
> Good morning. I am a reporter for WNBC pursuing a story about the defamation case involving your client,Robert Kendrick, against Monica Morrison. I would like to know if Mr. Kendrick would be available for an interview. In his absence, would you or one of your attorneys be available?
>
> If you would like to contact me directly, my phone number is: 551-225-5055.
>
> Thank you.
> Sarah Wallace
>
> Sent from my iPhone