

## CLARE LOCKE
### L L P

ANDREW C. PHILLIPS
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

March 19, 2019

<u>Via ECF</u>

Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Monica Morrison v. Robert Langrick*, No. 1:18-cv-06127 (CBA) (RML)

Dear Judge Amon:

I write on behalf of my client Robert Langrick, Defendant and Counterclaimant in the above-captioned case. As set forth below, Plaintiff Monica Morrison has served Mr. Langrick's counsel by email with a purported "Memorandum of Law in Support of Monica Morrison's Motion to Dismiss" with respect to Mr. Langrick's pending defamation Counterclaims against Ms. Morrison. However, Ms. Morrison failed to follow Rule 3.A of Your Honor's Individual Motion Practices and Rules because she did not seek a pre-motion conference with respect to any motion to dismiss. By failing to do so, Ms. Morrison has not tolled her deadline for filing a responsive pleading and she is technically subject to default judgment — for the second time. Mr. Langrick requests that the Court order Ms. Morrison and her counsel to properly request a pre-motion conference so that the Court can evaluate the facial merits of Ms. Morrison's arguments.

**Relevant Background and Procedural History**

Plaintiff Monica Morrison filed this action on November 1, 2018. (*See* Compl. [Dkt. 1].) Ms. Morrison's Complaint claims that she was raped by Defendant Robert Langrick in 2005. (*Id.* ¶ 3.) Ms. Morrison does not assert any tort claims related to this claimed sexual assault but rather a series of plainly non-justiciable "declaratory judgment" claims, such as asking the Court to rule on the validity of a proposed draft settlement agreement that was never executed and that nobody is attempting to enforce. (*See id.* ¶¶ 119-125.) It is Mr. Langrick's position that Ms. Morrison's Complaint was a transparent effort to seek publicity for her false rape accusations — and advance her aspirations as a writer — while cloaked in the privilege that exempts statements in court filings from defamation liability.

On December 21, 2018, Mr. Langrick filed Counterclaims asserting three counts of defamation concerning instances in which Ms. Morrison has falsely claimed that Mr. Langrick raped her. (*See* Def.'s Answer, Affirmative Defenses, & Counterclaims [Dkt. 14].) Mr. Langrick's detailed Counterclaims allege that the brief sexual encounter between he and Ms. Morrison years ago was mutual, voluntary, and consensual. He explains how several of Ms. Morrison's own friends and housemates who were percipient witnesses to their encounter have confirmed that Ms. Morrison brought Mr. Langrick to her home to "hook up," that there was no sexual assault, that Ms. Morrison was an enthusiastic and willing participant in that sexual encounter, and that she later decided to make "bogus" claims and "fake[] being raped." (*See id*. ¶¶ 45-72, 134-137, 142-148, 151-160, 253.) Additionally, the Counterclaims describe a comprehensive police investigation which concluded that Ms. Morrison was not credible and resulted in no charges being filed against Mr. Langrick for sexual assault. (*Id*. ¶¶ 168-178.) Finally, the Counterclaims detail Ms. Morrison's efforts to extort a financial settlement from Mr. Langrick and to enrich herself by using her false accusations to position herself as a thought-leader of the burgeoning #metoo movement. (*Id*. ¶¶ 179-240.)

Ms. Morrison's deadline to respond to these Counterclaims was January 11, 2019. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Just *two days* before her responsive pleading was due, Ms. Morrison requested a 90-day extension of her response deadline and an adjournment of the initial scheduling conference. [*See* Dkt. 19]. **The January 11, 2019 deadline then came and went with no responsive pleading from Ms. Morrison**. On January 16, 2019, Judge Levy graciously and retroactively granted Ms. Morrison a 60-day extension. (Jan. 16, 2019 Order.) On February 7, 2019, Plaintiff requested yet another extension, which Judge Levy also granted, extending her answer deadline to March 18. (*See* [Dkt. 22]; Feb. 15, 2019 Order.)

On the evening of March 18, 2019, counsel for Ms. Morrison emailed to Mr. Langrick's counsel a purported "Notice of Motion" and "Memorandum of Law in Support Monica Morrison's Motion to Dismiss the Defamation Counterclaims." Ms. Morrison's counsel simultaneously demanded an immediate stay of all discovery in the case, *including discovery relating solely to Ms. Morrison's affirmative claims*. But Ms. Morrison did not comply with the Court's Individual Practice Rule 3.A, which requires that the briefing and filing of a motion to dismiss be preceded by a letter to the Court requesting a pre-motion conference and "setting forth the basis for the anticipated motion."

## Argument

Between the original 21-day timeline under the Federal Rules and the additional extensions from the Court, Ms. Morrison had a total of *87 days* to respond to Mr. Langrick's Counterclaims. She has failed to properly do so by the deadline set by the Rules and by the Court — for the *second* time. If it was Ms. Morrison's election to move to dismiss Mr. Langrick's Counterclaims rather than answer, then she was required to comply with the Court's Practice Rule mandating submission of a pre-motion letter and a conference before a dispositive motion is briefed or filed. Moreover, that Rule makes clear that only by following that procedure can a party toll its Rule 12 deadline for filing an answer or 12(b) motion. Ms. Morrison did not submit the required letter and thus did not properly initiate a motion by the deadline set by the Court. Accordingly, she has missed her deadline to respond to Mr. Langrick's Counterclaims, again, and she is technically subject to default judgment. *See Joe Hand Promotions, Inc. v. El Norteno Rest. Corp*., No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (failure to answer or otherwise move before

expiration of the deadline is "deemed an admission of liability and the well-pleaded allegations … pertaining to liability are deemed true.")

But Ms. Morrison's defiance of the Court's clear rules also serves to underscore the purpose of the pre-motion conference procedure. A review of Ms. Morrison's invalidly-served "Memorandum of Law in Support of Monica Morrison's Motion to Dismiss the Defamation Counterclaims" reveals that it is wholly without merit, being based principally on (1) a digressive affidavit from her counsel about the history and importance of the #metoo movement; and (2) the argument that Ms. Morrison's false accusations of rape are merely non-actionable "opinion." The observations of Ms. Morrison's counsel on the #metoo movement of course have zero relevance or applicability to a Rule 12(b) motion that is supposed to address the legal sufficiency of Mr. Langrick's well-pleaded allegations. *See David Lerner Assocs., Inc. v. Philadelphia Indem. Ins. Co.*, 934 F. Supp. 2d 533, 538 (E.D.N.Y. 2013) (in reviewing a 12(b)(6) motion, the Court must accept all pleaded factual allegations as true and cannot rely on outside facts not subject to judicial notice). And the latter argument is a non-starter under New York law, which holds that direct allegations of criminality are statements of **fact** and defamatory per se. *See Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 212 (W.D.N.Y. 2013) ("A statement falsely accusing someone of rape is defamation per se"); *Liere v. Paini*, 93 A.D.3d 825, 826 (N.Y. App. Div. 2012) (accusations of criminal conduct were not assertions of "subjective opinion" but rather "objective fact.") If these arguments had been presented in a pre-motion letter as required before Ms. Morrison served a memorandum of law, the Court could have saved the parties the delay and expense of briefing a motion that has no legal merit.

But as it stands, Mr. Langrick is unsure whether and how to respond to this invalid, unsanctioned memorandum of law and the accompanying demand for an immediate stay of all discovery. This has become a pattern of delay and disregard for rules that includes repeated and belated requests for extensions, repeated requests by Ms. Morrison for a halt to all discovery notwithstanding that she filed this action, and a refusal to provide written responses to Mr. Langrick's document requests as required by Rule 34 (that deadline came and went 15 days ago, and Ms. Morrison's counsel has ignored multiple inquiries concerning it). In short, it continues to appear that this action was filed for publicity purposes and that Ms. Morrison has little interest in prosecuting it, while Mr. Langrick anxiously seeks to vindicate a reputation forever tarred by Ms. Morrison's false and defamatory allegations.

Mr. Langrick requests that the Court order Ms. Morrison to immediately comply with the pre-motion conference rule with respect to her putative motion to dismiss. This will allow the Court to evaluate the facial merits of Ms. Morrison's arguments in the first instance and to determine whether full briefing is even necessary. This will also allow the Court to determine whether there is any basis for a stay of discovery pending resolution of a motion to dismiss, or whether this case can instead continue to proceed to a speedy resolution.

Sincerely,

Andrew C. Phillips

Cc: All counsel of record via ECF.