**HENRY R. KAUFMAN, P.C.**
ATTORNEYS AT LAW
60 EAST 42ND STREET
47TH FLOOR
NEW YORK, NEW YORK 10165

OFFICE: (212) 880-0842
MOBILE: (914) 589-7963
FAX: (212) 682-1965
HKAUFMAN@HRKAUFMAN.COM
WWW.HRKAUFMAN.COM

March 19, 2019

Hon. Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY  11201

Re: Monica Morrison v. Robert Langrick: 1:18-cv-06127 (CBA) (RML)

Dear Judge Levy,

The purpose of this letter is to seek a stay of discovery pending completion of the briefing, argument and resolution of the motion of Monica Morrison to dismiss Defendant Robert Langrick's counterclaims for defamation.

Background

As promised at the initial conference before Your Honor on February 7, yesterday we timely served our client Monica Morrison's response to Defendant's counterclaims in the form of a 12(b)(6) motion to dismiss the counterclaims in their entirety. Our motion is centrally based on the admitted and/or undisputed facts as set forth in the parties' detailed pleadings. It is also based on certain key elements of NY defamation law that are intended to be highly protective of rights of free expression.

Based on the foregoing, we have a good faith expectation that the 12(b)(6) motion has a high probability of success on the merits and thus of fully disposing of Defendant's counterclaims.

I am writing Your Honor this letter today – and if you instruct I would be happy to redirect this letter to Judge Amon – to address a recent blitz of discovery requests and also highly-intrusive subpoenas to third parties, such as doctors, hospitals and former employers of Ms. Morrison, currently being pursued by Defendant Langrick's counsel.

Seen in the context of Ms. Morrison's motion to dismiss, and the already highly-developed record of undisputed facts regarding the background of this case, it is clear – at least to us – that the efforts of Mr. Langrick's counsel to press forward with such discovery is nothing

<table>
<tr><td>Hon. Robert M. Levy<br>March 19, 2019<br>Page 2 of 2</td><td style="text-align:right">HENRY R. KAUFMAN, P.C.<br>ATTORNEY AT LAW</td></tr>
</table>

more than a fishing expedition whose purpose is to attack Ms. Morrison, and to attempt to blacken her reputation. Yet Mr. Langrick's own prior admissions, and the undisputed record in this case, as reviewed in our motion papers, already belies this transparent effort to misportray Ms. Morrison as some kind of liar, kook, slacker or gold digger, seeking to blackmail Mr. Langrick and thereby to somehow exploit this case, in order to establish for herself a lucrative presence on the Internet, and within the #metoo movement, at the expense of an entirely blameless Robert Langrick. At least that is the baseless theory it seems Mr. Langrick's counsel are pursuing. And the record already demonstrates that this is insupportable nonsense.

Therefore, it is Ms. Morrison's simple position that – in the circumstances – such a premature and aggressive fishing expedition – representing a part of what we view as Mr. Langrick's "second assault" on our client – should at the very least be stayed pending resolution of our dispositive motion.

I know of no prejudice that such an appropriate suspension of discovery would cause. And the savings of court, third-party witness and counsel time on potentially moot discovery proceedings would be very substantial.

Note finally that we have consulted in good faith with Mr. Langrick's counsel regarding the proposed stay and they have advised in no uncertain terms that they are opposed to such a stay.

Accordingly, Ms. Morrison respectfully requests that you or Judge Amon enter an order that all further discovery be stayed pending resolution of the motion to dismiss.

Thank you for your consideration.

Respectfully submitted,

/s/

Henry R Kaufman
*Attorney for Plaintiff and
Counterclaim Defendant*

Cc: All counsel (VIA EFILE)