**HENRY R. KAUFMAN, P.C.**
ATTORNEYS AT LAW
60 EAST 42ND STREET
47TH FLOOR
NEW YORK, NEW YORK 10165

OFFICE: (212) 880-0842
MOBILE: (914) 589-7963
FAX: (212) 682-1965
HKAUFMAN@HRKAUFMAN.COM
WWW.HRKAUFMAN.COM

March 20, 2019

Hon. Carol B. Amon
United States District Judge
225 Cadman Plaza East
Brooklyn, NY  11201

      Re: Monica Morrison v. Robert Langrick: 1:18-cv-06127 (CBA) (RML)

Dear Judge Amon,

      We are in receipt of a letter motion, addressed to Your Honor, filed yesterday evening by one of Mr. Langrick's attorneys, Andrew Phillips.

      Our position in response to Mr. Phillips' letter can be stated quite simply:

      (1)    At an initial conference before Judge Levy on February 6, on behalf of Ms. Morrison we specifically advised the Judge that our initial response to Mr. Langrick's three defamation counterclaims would be in the form of a motion to dismiss rather than a simple answer. No questions about this procedure were raised by Mr. Phillips at that time, to the best of my recollection. And, fully aware of this plan, and over Counterclaimant's opposition as to timing, Judge Levy adjourned our time to move with respect to the counterclaims until Monday, March 18, on which date, as Mr. Phillips confirms, we timely served our motion papers.

      (2)    If the foregoing procedure, and the notice we gave to Judge Levy and opposing counsel at the initial conference, nonetheless represents a violation of Your Honor's pre-motion rules or procedures, we sincerely apologize for the misunderstanding. The procedure and plan we thought had been approved by Judge Levy was certainly not intended to violate any rule – or to take advantage of anyone – including opposing counsel or this Court. And we are unaware of any specific prejudice that would or could have been caused by the procedure that we followed.

      (3)    As far as our supposedly improper and clearly non-meritorious motion papers – at least according to Mr. Phillips – opposing counsel seems to have ginned up an opportunity (wholly inappropriately in our view) for Mr. Langrick's counsel to preview/pre-brief their opposition to our dismissal motion in the form of a rather overheated, three-page letter that also features critiques of just about everything else counsel for Ms. Morrison have done since the day

this case was filed. Yet Mr. Phillips has failed to advise Your Honor that each and every application we have thus far presented to Judge Levy, in the very preliminary phases of this action, has been vigorously opposed by Mr. Langrick's counsel. However, all of Ms. Morrison's applications thus far have been granted by Judge Levy over the opposition of Mr. Langrick's counsel.

(4) And finally, as far as the substantive merits of our motion papers, we are very happy to stand on the quality and persuasiveness of those papers as powerful proof of the fatal flaws in Mr. Langrick's defamation claims – factual and legal – and of the compelling grounds for 12(b)(6) dismissal, based primarily on Mr. Langrick's many key admissions in his pleadings. We stand by and commend those motion papers to Your Honor on their merits. Quite simply, this is in no way, shape or form a frivolous motion and there is no need for us to further embellish here. The motion papers speak for themselves.

Based on the foregoing, we respectfully request that Mr. Phillips' scattered effort to somehow default our client on her motion to dismiss the counterclaims, before the counterclaims case has barely begun, while at the same time attempting to prejudice Your Honor against a motion that hasn't yet even been filed with the Court, or argued, should be rejected out of hand.

Instead, on behalf of Ms. Morrison, we would commend to the Court either of the following two options: (i) Your Honor might permit briefing of our motion to be completed – on an approved schedule that Mr. Langrick's counsel has not yet been willing to discuss – and then it could hear oral argument on the motion in due course, also allowing for any further argument by Mr. Phillips on his current problems regarding the manner in which our dismissal motion has been presented to this Court. (ii) Alternatively, the Court could schedule a formal pre-motion conference where Mr. Langrick's current concerns could be examined while counsel for Ms. Morrison can also address any of the issues on which this Court wishes to hear argument.

One final point: Whatever the Court decides, I would like to make Your Honor aware of a letter motion that we have filed, addressed at the moment to Judge Levy, seeking a stay pending resolution of our 12(b)(6) motion, for the very important purpose of avoiding unnecessary discovery – discovery that also happens to be extremely intrusive to Ms. Morrison and numerous third-parties, as set forth in that letter to Judge Levy, where on the other hand, in our view, there would be no particular prejudice in waiting – after almost 14 years since the original incident – until the Court has decided whether the counterclaims case should go forward.

Thank you for your consideration.

Respectfully submitted,  
/s/  
Henry R. Kaufman  
*Attorney for Plaintiff and*  
*Counterclaim Defendant*

Cc: All counsel (VIA EFILE)