

## CLARE LOCKE
L L P

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

March 20, 2019

<u>Via ECF</u>

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Monica Morrison v. Robert Langrick,* No. 1:18-cv-06127 (CBA) (RML)

Dear Judge Levy:

In accordance with Local Rule 37.3 and Your Honor's Individual Practice Rules, I write on behalf of my client Robert Langrick, Defendant and Counterclaimant in the above-referenced action, to oppose Plaintiff Monica Morrison's latest request for a stay of all discovery in this matter. (*See* Mar. 19, 2019 Ltr. H. Kaufman to Hon. R. Levy [Dkt. 26].)  Plaintiff cannot and has not demonstrated any good cause for a blanket stay of discovery in an action that she chose to file.  Her request should be rejected, for the following five reasons.

***First***, the *only* basis for a stay articulated by Plaintiff is that is she planning to seek dismissal of Mr. Langrick's Counterclaims.  But that is not sufficient.  "The law is clear in this court that there is no automatic stay of discovery pending a motion to dismiss."  *Rivera v. Incorporated Village of Farmingdale*, No. CV 06-2613, 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007); s*ee also Diaz v. Local 338*, No. 13-CV-7181, 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014) (the mere filing of a motion to dismiss does not constitute good cause for a stay of discovery).  A showing of good cause requires at a minimum a "strong showing" that Mr. Langrick's Counterclaims are unmeritorious, a showing concerning the breadth of discovery and the burden of responding to it, and a showing of lack of prejudice.  *Rivera*, 2007 WL 3047089 at *1.  Plaintiff has made no meaningful effort to demonstrate any of these factors, nor can she.

*Second*, and particularly relevant to the above "good cause" factors, **Plaintiff does not even have a motion to dismiss pending**. As set forth in my March 19, 2019 correspondence to Judge Amon [Dkt. 24], Plaintiff simply emailed a purported memorandum of law in support of a motion to dismiss to Mr. Langrick's counsel on Monday, March 18, but wholly failed to comply with Judge Amon's pre-motion conference requirement. This morning, Judge Amon agreed and entered an Order requiring Ms. Morrison's counsel to submit a pre-motion conference letter concerning a proposed motion to dismiss and to appear for a conference on May 7 (*See* Mar. 20, 2019 Order.) Until that happens, there is no motion to use as the basis for a stay, and there certainly has been no "strong showing" that Mr. Langrick's Counterclaims are "unmeritorious." *See Rivera*, 2007 WL 3047089 at *1.

*Third*, as noted above, the request for a blanket stay of all discovery based on a potential forthcoming motion to dismiss Mr. Langrick's **Counterclaims** simply makes no sense, because it ignores the fact that **Plaintiff** filed this action and that discovery regarding her affirmative claims is ongoing. Even if it presently existed – and it does not – a motion to dismiss Mr. Langrick's Counterclaims has no bearing on discovery going to Ms. Morrison's affirmative claims. *See Hachette Distribution, Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 358-59 (E.D.N.Y. 1991) (holding that a stay of discovery based on a dispositive motion was inappropriate where the motion would not dispose of all claims and therefore ongoing discovery was "inevitable" regardless of the outcome of the motion). Mr. Kaufman has provided no logical basis for why he seeks a pause on discovery **regarding his client's own claims**. And given the substantial overlap between the claims – for example, Ms. Morrison seeks a declaratory judgment that her false accusations of rape are not defamatory, whereas Mr. Langrick has asserted claims for defamation based on those same false statements – discovery going to the affirmative claims and to the Counterclaims is necessarily intertwined. Even if there were any articulable basis for doing so, staying discovery regarding the Counterclaims would have little practical effect.

*Fourth*, Ms. Morrison's claim that discovery regarding certain aspects of her employment and medical histories is "highly-intrusive" and a "second assault" on Ms. Morrison rings entirely hollow given that it is **Ms. Morrison herself who put these matters at issue** through the factual allegations and damages claims asserted in her own case in chief. Just by way of example, Ms. Morrison's November 1, 2018 Complaint repeatedly claims that Mr. Langrick's supposed actions have traumatized Ms. Morrison, caused her severe psychological damage, and damaged her career prospects. *See, e.g.*, Nov. 1, 2018 Compl. ¶ 7 ("The 2005 incident of sexual assault had a grievous, long-term impact on Ms. Morrison, psychologically and otherwise, including a severely damaging effect on her inter-personal life and her career trajectory.") Mr. Morrison specifically references discussing this supposed sexual assault in "therapy" in her Complaint, and she claims to have suffered from the "torment" and "emotional scars that the 2005 incident left behind." (*Id.* ¶¶ 9, 80-81.) In her Complaint, Plaintiff also purports to assert a claim for damages – albeit a vague one – due to her "suppressing" of the supposed sexual assault. (*Id.* ¶ 136.)

In her Initial Disclosures, served February 8, 2019, Plaintiff states even more explicitly that **she is seeking damages from Mr. Langrick** for her medical and mental health care expenses and for "pain-and-suffering." (Feb. 8, 2019 Initial Disclosures of Pl. Monica Morrison ¶ 3.) Moreover, Plaintiff lists numerous witnesses who she claims she may call at trial to testify about "Plaintiff's traumatization at the hands of Defendant," her "traumatization and severe depression resulting from

Defendant's sexual assault," her "traumatization and related physical and psychological impacts resulting from Defendant's sexual assault," and "the long-term psychological impact [on her] over many years of Defendant's sexual assault." (*Id.* at 2-3.)

Obviously recognizing the relevance of these matters, Plaintiff has also provided, without objection, information concerning Ms. Morrison's healthcare history in her March 4, 2019 Answers to Defendant Robert Langrick's First Set of Interrogatories. And in his February 1, 2019 First Set of Requests for Production of Documents to Plaintiff Monica Morrison, Mr. Langrick requested from Ms. Morrison "all documents related to any mental health or therapy appointments and/or consultations [she] has had from January 1, 2003, to the present…" As noted in my correspondence to Judge Amon yesterday, Ms. Morrison failed to respond to that request by the deadline set forth in Federal Rule 34 – and has ignored multiple follow-up inquiries in the weeks since regarding her failure to do so – and she therefore has waived any and all objections to the discovery of those materials.

*Finally*, Mr. Kaufman's conclusory assertion that a stay of discovery would cause "no prejudice" to Mr. Langrick is vehemently disputed. Mr. Kaufman's client has repeatedly and publicly accused Mr. Langrick of raping her. Her initial filing in this case was accompanied by global press coverage that was almost certainly encouraged by Ms. Morrison and/or her counsel. Mr. Langrick has been publicly tarred with a vile and false allegation and the harm to him continues and compounds with every passing day. He seeks and deserves an expeditious resolution of this matter.

In sum, there is no basis whatsoever for a stay of discovery in this matter. Judge Amon's ruling today fatally undercuts the only (insufficient) argument Plaintiff has made in support of a stay, as there is no motion to dismiss the Counterclaims pending and there will not be unless and until Judge Amon approves it following a pre-motion conference in May. And there is less-than-zero basis to pause discovery regarding the affirmative claims that Ms. Morrison voluntarily chose to file. Mr. Langrick remains perplexed as to why Ms. Morrison has repeatedly sought to put the brakes on all discovery in this case, and he cannot fathom why she chose to file this action at all if she is unwilling to see her claims pressure-tested through the discovery process.

Sincerely,

Andrew C. Phillips

Cc: All counsel of record via ECF.