**HENRY R. KAUFMAN, P.C.**
ATTORNEYS AT LAW
60 EAST 42ND STREET
47TH FLOOR
NEW YORK, NEW YORK 10165

OFFICE: (212) 880-0842
MOBILE: (914) 589-7963
FAX: (212) 682-1965
HKAUFMAN@HRKAUFMAN.COM
WWW.HRKAUFMAN.COM

March 23, 2019

Hon. Carol B. Amon
United States District Judge
225 Cadman Plaza
Brooklyn, NY  11201

    Re: Monica Morrison v. Robert Langrick: 1:18-cv-06127 (CBA) (RML)

[SINCE THE FILING OF OUR PRE-MOTION LETTER EARLIER TODAY, AN UNINTENDED ERROR HAS BEEN POINTED OUT TO US BY MR. LANGRICK'S COUNSEL. WE MISREAD JUDGE LEVY'S MARCH 23 ORDER. IN HIS ORDER JUDGE LEVY *DID* DENY A STAY OF DISCOVERY AS TO MS. MORRISON'S CASE-IN-CHIEF, WHICH WAS ONE OF THE PARTICULAR CONCERNS OF OUR ORIGINAL PRE-MOTION LETTER. HOWEVER, JUDGE LEVY *ALSO DENIED* A STAY AS TO DISCOVERY ON DEFENDANT'S COUNTERCLAIMS, WITH LEAVE TO RENEW AT OR AFTER THE PRE-MOTION CONFERENCE. OUR ERROR APPEARS TO HAVE BEEN CAUSED BY THE FIRST CLAUSE OF THE FIRST SENTENCE OF JUDGE LEVY'S MARCH 23 ORDER, WHICH RECITED THAT THE "ORDER GRANTED [OUR MOTION TO STAY] IN PART AND DEN[IED IT] IN PART." WE WERE NOT CAREFUL ENOUGH WHEN WE CONCLUDED THAT, AS WE READ FURTHER DOWN THE ORDER, AND AS WE NOTED THAT JUDGE LEVY HAD DENIED THE STAY AS TO THE CASE IN CHIEF, WE CARELESSLY LEAPT TO THE CONCLUSION THAT HE MUST HAVE GRANTED THE STAY AS TO THE COUNTERCLAIMS. WE MAY ALSO HAVE BEEN CONFUSED BY THE FACT THAT JUDGE LEVY'S ORDER OF JANUARY 16 EFFECTIVELY STAYED – OR AT LEAST LEFT IN LIMBO – ALL DISCOVERY ON THE COUNTERCLAIMS BECAUSE THE ONLY JOINT DISCOVERY PLAN REFERENCED BY JUDGE LEVY, TO BE PRESENTED TO HIM AT THE FEBRUARY 7 INITIAL CONFERENCE, WAS ON THE "CASE IN CHIEF."

THE BALANCE OF OUR PRE-MOTION LETTER OF EARLIER TODAY HAS BEEN REVISED TO REMOVE OUR ERROR REGARDING DENIAL OF THE STAY OF DISCOVERY ALSO AS TO MR. LANGRICK'S DEFAMATION COUNTERCLAIMS.

Hon. Carol B. Amon                                                                                            HENRY R. KAUFMAN, P.C.
March 23, 2019                                                                                                             ATTORNEY AT LAW
Page 4 of 4

Dear Judge Amon,

       This letter is being submitted in response to Your Honor's Order of March 20, 2019, directing us, as counsel of record for Plaintiff and Counterclaim-Defendant Monica Morrison, to file a pre-motion conference letter in compliance with Individual Rule 3(A).

### **Plaintiff's Anticipated Motion to Dismiss All of Defendant's Counterclaims**

       Plaintiff's proposed motion to dismiss Defendant's counterclaims is intended – and expected – to be dispositive of all three of the counterclaims, and also to effectively determine Plaintiff's first claim for declaratory relief in her case-in-chief.

       While perhaps unusual in what might be expected to be a hotly-disputed, fact-intensive litigation, it will be seen that Plaintiff's anticipated motion to dismiss the defamation counterclaims is primarily based on the very detailed but largely undisputed factual allegations set forth in the competing pleadings, along with the many admitted underlying facts of the parties' drunken sexual encounter on the campus of Dartmouth College in May 2005.

       This body of essentially agreed facts is not only set forth and acknowledged in the pleadings, but the undisputed facts are also confirmed by a written report (already in the record as Exhibit 1 to Ms. Morrison's Declaratory Judgment Complaint) by the Hanover, New Hampshire police of the findings of its contemporaneous investigation into Ms. Morrison's allegations of sexual assault against Mr. Langrick in 2005. That local police investigation and report largely confirmed the underlying facts of the sexual encounter, but declined to press *criminal* charges of sexual assault against Mr. Langrick.

       It is clear from the police report that these conclusions were not based on exculpatory findings about Mr. Langrick's sexual activities and drunken behavior – but were rather based on what the police felt would be difficulties of proof of the criminal offense. In particular, the police noted (DJ Complaint, Exhibit 1 at 40) that "[Monica's] heavy impairment due to alcohol," was one of "the weaknesses of [the] case" and a reason they concluded that a "sexual assault prosecution did not appear promising." In other words, because she was drunk, Monica would not make a good witness to her own sexual assault!

       Accordingly, at this stage of the proceedings, what this case (and the proposed motion to dismiss) is about, in relation to Defendant's counterclaims and Plaintiff's first claim for declaratory relief, is what the impaired victim/survivor of an assault of a sexual nature – assaultive and sexual behavior graphically portrayed in an admitted and essentially undisputed set of facts – may publicly say about that assault, and what she may subsequently label it, without fear of retaliatory defamation litigation.

       Thus, the anticipated motion to dismiss will call upon this Court to consider one very important legal conundrum, among the many others that are arising in the context of the current "#metoo" social movement, in relation to defamation claims by the assaulter or (harasser) against the victim (and survivor) of that (harassment or) assault.

Hon. Carol B. Amon  Henry R. Kaufman, P.C.
March 23, 2019  Attorney at Law
Page 4 of 4

In addition to the largely admitted or undisputed facts at this Court's disposal, Plaintiff's anticipated motion to dismiss will also present important, and we submit dispositive, legal issues as to the:

- defamation claimant's burden of proof of substantial falsity to be applied to the defamation claims in this kind of case;
- the scope of protection for statements of "opinion," under the New York Court of Appeals' well-established and exceptionally-broad construction (actually intended to be broader than the First Amendment) of the reach of Article I, §8 of the State constitutional protection of freedom and liberty of speech and "sentiment" in this state; and finally
- the scope of certain qualified, common law privileges also applicable to the defamation claims at bar.

In sum, it is respectfully submitted, Plaintiffs anticipated motion to dismiss Defendant's defamation counterclaims is a very serious and substantial motion potentially dispositive of *all* of the claims or issues as to defamation in this action.

### **Stay of All Discovery Pending Determination of the Motion to Dismiss**

Earlier today, Judge Levy filed an order effectively denying Plaintiff's motion for a stay of discovery, at least until a renewal of Plaintiff's stay motion "at or after the pre motion conference, if warranted."

Plaintiff respectfully submits that in denying a comprehensive stay Judge Levy failed to focus on two aspects of the case at this juncture that strongly favor a stay of *all* pending discovery until after resolution of the anticipated motion to dismiss.

First, Judge Levy failed to focus on the fact that the centerpiece of the Plaintiff's case in chief – her first claim for a declaration that Mr. Langrick has no actionable case against her for slander – raises the exact same issue as Mr. Langrick's counterclaims and therefore should be entitled to the same complete stay of discovery as applied to the potentially dispositive issue of defamation *vel non*.

Moreover, Judge Levy failed to focus on the nature of the wide-ranging, premature and highly intrusive discovery that Mr. Langrick is attempting to pursue at this moment – discovery that would be rendered largely if not entirely irrelevant by the grant of Ms. Morrison's dispositive motion.

Attached to this letter is a brief summary of the outstanding third-party discovery that Defendant is seeking to initiate and pursue – even while the motion to dismiss is pending. As the Court will see, the outstanding discovery requests are primarily directed at the intimate issue of Ms. Morrison's mental health and treatment history – pursuant to the necessary HIPPA waivers – almost exclusively focused on Ms. Morrison's health and treatment records well *after* the 2005 sexual encounter – along with other highly-intrusive inquiries as to Ms. Morrison's employment

Hon. Carol B. Amon  
March 23, 2019  
Page 4 of 4  

HENRY R. KAUFMAN, P.C.  
ATTORNEY AT LAW

history that – if appropriate at any stage – could only be relevant to the issue of Ms. Morrison's damages. Surely, under almost any circumstance of barely-commenced litigation – discovery on the issue of damages is putting the cart way before the horse.

      I respectfully submit that this list, of currently pending third-party discovery requests, speaks for itself in terms of the intrusive nature of the discovery, and of its irrelevance and prematurity at this earliest stage of the litigation – especially in relation to the central issue of defamation.

      Accordingly, Ms. Morrison respectfully requests Your Honor to stay all discovery pending the resolution of her dispositive motion. Or, at minimum, to stay all discovery until the pre-motion conference, at which time the attorneys can address any unresolved concerns of the court regarding the requested stay.

      Thank you for your consideration.

                              Respectfully submitted,  
                              /s/  
                              Henry R. Kaufman  
                              *Attorney for Plaintiff and*  
                              *Counterclaim Defendant*

Attachment:

Cc: All counsel (VIA EFILE)