

## CLARE LOCKE LLP

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

March 27, 2019

<u>Via ECF</u>

Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Monica Morrison v. Robert Langrick*, No. 1:18-cv-06127 (CBA) (RML)

Dear Judge Amon:

  I write on behalf of my client Robert Langrick, Defendant and Counterclaimant in the above-captioned case, and, in accordance with Your Honor's Individual Practice Rule 3(A), in response to Plaintiff Monica Morrison's March 23, 2019 Letter Requesting Pre-Motion Conference (Corrected) [Dkt. 30] ("Letter"). That letter appears to seek a conference as to both an anticipated motion to dismiss Mr. Langrick's pending Counterclaims and a motion for a stay of all discovery. Mr. Langrick submits that (1) Plaintiff has not set forth any basis for dismissal of the Counterclaims, and therefore briefing of Plaintiff's digressive and irrelevant arguments would be a waste of time and resources; and (2) there is no basis for the request to stay all discovery, which Judge Levy already considered and denied just days ago.

**<u>Plaintiff's Anticipated Motion to Dismiss</u>**.

  The purpose of the pre-motion conference requirement is to weed out arguments that are clearly meritless and futile, and to thereby promote efficiency and prevent undue costs. *Pilitz v. Incorporated Village of Freeport*, No. CV 07-4078(ETB), 2012 WL 194963, *1 at n.1 (E.D.N.Y. Jan. 23, 2012). Plaintiff's Letter reveals arguments that are both meritless and futile, as it focuses primarily on her counsel's interpretation of disputed facts and broader societal issues like the #metoo movement while barely attempting to address **whether Mr. Langrick's Counterclaims are pleaded sufficiently**. Mr. Langrick submits that the Letter does not show cause for full briefing on a motion to dismiss.

Mr. Langrick's Counterclaims allege that Plaintiff has repeatedly defamed him by falsely accusing him of raping her. (*See* Def.'s Counterclaims [Dkt. 14].)[1] The Counterclaims set forth detailed factual allegations supporting the elements of libel and slander—including that Ms. Morrison's own friends and housemates who were percipient witnesses to the encounter have confirmed that that there was no sexual assault, that Ms. Morrison was an enthusiastic and willing participant in that sexual encounter, and that she later decided to make "bogus" claims and "fake[] being raped." (*See id*. ¶¶ 45-72, 134-137, 142-148, 151-160, 253.) The Counterclaims describe a comprehensive police investigation which concluded that Ms. Morrison was not credible. (*Id*. ¶¶ 168-178.) And they detail Ms. Morrison's efforts to extort a financial settlement from Mr. Langrick and to enrich herself by using her false accusations to position herself as a thought-leader of the burgeoning #metoo movement. (*Id*. ¶¶ 179-240.)

Plaintiff's Letter does not address the factual allegations in Mr. Langrick's pleading. It barely alludes to the elements of libel and slander claims. It does not discuss federal pleading standards or attempt to show how Mr. Langrick has failed to plead plausible claims. And it cites ***no legal authority whatsoever***, save a single passing reference to the New York Constitution. Instead, the majority of Plaintiff's Letter is devoted to her counsel's unsupported arguments that appear to dispute as a ***factual*** matter whether Ms. Morrison was sexually assaulted. These musings have no relevance to a Rule 12 motion. *See David Lerner Assocs., Inc. v. Philadelphia Indem. Ins. Co.*, 934 F. Supp. 2d 533, 538 (E.D.N.Y. 2013) (in reviewing a 12(b)(6) motion, the Court must accept all pleaded factual allegations as true).

To the extent Plaintiff's Letter attempts to make legal arguments, she does so only in wholly conclusory fashion. She references the need to prove falsity but does not suggest that Mr. Langrick's Counterclaims fail to plead this element. She references "protection for statements of 'opinion'" but does not discuss any of the defamatory statements at issue or how they could be considered statements of opinion.[2] And finally, she alludes to "certain qualified, common law privileges," but does not identify these privileges or explain how they support dismissal of Mr. Langrick's Counterclaims.[3] Plaintiff's Letter does not remotely demonstrate that Mr. Langrick failed to state plausible claims for relief, and it is so lacking in actual legal argument that it fails to comply with Your Honor's Individual Practice Rule 3(A), which requires such a letter to "set[]

---

[1] In his March 19, 2019 Letter to the Court [Dkt. 24], Mr. Langrick set forth a factual and procedural history of this litigation as well as a description of his three-count Counterclaims.

[2] As Mr. Langrick noted in prior correspondence to the Court, this argument is a non-starter under New York law. *See Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 212 (W.D.N.Y. 2013) ("A statement falsely accusing someone of rape is defamation per se"); *Liere v. Paini*, 93 A.D.3d 825, 826 (N.Y. App. Div. 2012) (accusations of criminal conduct were not assertions of "subjective opinion" but rather "objective fact."); *Gross v. New York Times Co.,* 82 N.Y.2d 146, 154, 623 N.E.2d 1163, 1169 (N.Y. 1993) ("an accusation of criminality that, read in context, is set forth as a fact is not transformed into a nonactionable expression of opinion [even if] it is couched 'in the form of [an] opinion.'")

[3] Even if Plaintiff could identify any applicable "qualified" privilege, it would provide no basis for dismissal because Mr. Langrick's Counterclaims clearly allege that Ms. Morrison acted with "actual malice," i.e., with knowledge of falsity or reckless disregard for the truth. *See Albert v. Loksen*, 239 F.3d 256, 273 (2d Cir. 2001) (under New York defamation law a qualified privilege is defeated by a showing of actual malice).

forth the basis for the anticipated motion." Mr. Langrick submits that full briefing of these arguments is unwarranted, but to the extent it is permitted, the May 7 conference should be used to impress upon Plaintiff's counsel that briefing must focus on ***legal arguments*** that are directed to the statements, claims, and factual allegations at issue and that are germane to whether Mr. Langrick has sufficiently pleaded plausible claims for relief.[4]

**Plaintiff's Motion to Stay All Discovery**.

Plaintiff's Letter also appears to request leave to file a separate motion seeking a stay of all discovery in this action until her anticipated motion to dismiss is resolved.[5] This request was made to Judge Levy just last week, and he issued an order ***denying*** a stay after considering the parties' arguments. (*See* Mar. 23, 2019 Order). Mr. Langrick refers the Court to the arguments set forth in his March 20, 2019 letter to Judge Levy opposing the stay request [Dkt. 28]. In sum, there is no automatic right to a stay in this District pending a motion to dismiss, and Plaintiff is required, at a minimum, to make a "strong showing" that Mr. Langrick's Counterclaims are unmeritorious ***and*** that she is unfairly burdened by responding to discovery in the interim. *See Rivera v. Incorporated Village of Farmingdale*, No. CV 06-2613, 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007). Plaintiff has not demonstrated that Mr. Langrick's Counterclaims are unmeritorious, and her protestations that Mr. Langrick has engaged in "intrusive" discovery by seeking information concerning her "health and treatment records" ring completely hollow because Plaintiff has put these matters squarely at issue by repeatedly alleging that Mr. Langrick caused her "severe psychological damage" for which she had to seek "therapy." (*See, e.g.*, Nov. 1, 2018 Compl. [Dkt. 1] ¶¶ 7, 9, 80-81, 136.) Moreover, in her February 8, 2019 Initial Disclosures, Plaintiff claims to be ***seeking damages*** from Mr. Langrick for her mental health care expenses, and she identifies numerous witnesses—including mental health providers—that she claims will testify concerning her "traumatization," her "severe depression," and the "psychological impact" caused by Mr. Langrick. (*See* Attached Ex. A.) Plaintiff does not explain how she is prejudiced by submitting to discovery regarding matters she chose to put at issue in her Complaint, and in any event, Plaintiff has waived any objections to this discovery by failing to timely serve written responses and objections. Finally, as Judge Levy noted in his Order, "plaintiff has not articulated a persuasive basis for staying discovery as to the case in chief, as the motion to dismiss is targeted at defendant's counterclaims." Mr. Langrick is frankly perplexed as to why Plaintiff seeks to stay all discovery as to affirmative claims that ***she chose to file***. Mr. Langrick has been diligently pursuing fact discovery, and he is anxious to pressure-test Plaintiff's false claims through the discovery process even if Plaintiff appears to have little desire to actually prosecute them.

Sincerely,

Andrew C. Phillips

---

[4] Mr. Langrick recognizes that while the Court can endeavor to persuade a party that a motion would be futile, it ordinarily cannot flatly prohibit its filing. *See, e.g., Youssef v. Halcrow, Inc.*, No. 11 CIV 2283, 2011 WL 2693527, *1 (S.D.N.Y. June 30, 2011).

[5] Plaintiff should have submitted a separate letter with respect to this motion. Nevertheless, Mr. Langrick has endeavored to respond to both within the 3-page limit set forth in the rules.