

## CLARE LOCKE
LLP

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314
(202) 628-7400
www.clarelocke.com

April 10, 2019

<u>Via ECF</u>

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Monica Morrison v. Robert Langrick,* **No. 1:18-cv-06127 (CBA) (RML): Motion to Compel**

Dear Judge Levy:

  In accordance with Local Rule 37.3 and Your Honor's Individual Practice Rules, I write on behalf of my client Robert Langrick, Defendant and Counterclaimant in the above-referenced action, to seek an order compelling Plaintiff Monica Morrison to provide sufficient responses to Mr. Langrick's discovery requests. Specifically, Mr. Langrick moves for entry of an order (1) holding that Plaintiff has waived all objections to Mr. Langrick's requests for production of documents; and (2) directing Plaintiff to respond to Interrogatories that she has declined to respond to.

### FACTUAL BACKGROUND

  On February 1, 2019, Mr. Langrick served his First Set of Requests for Production of Documents to Plaintiff Monica Morrison ("RFPs"). (Ex. A.) Plaintiff's written responses and objections were due no later than March 4, 2019. *See* Fed. R. Civ. P. 34(b)(2)(A); 6(a)(1). Plaintiff did not serve written responses on March 4. By email on March 5 and by formal deficiency letter on March 14, Mr. Langrick's counsel inquired as to the status of those responses and reminded Plaintiff's counsel that failure to timely serve objections results in waiver. In multiple subsequent filings with the Court, Mr. Langrick has also noted Plaintiff's failure to comply with Rule 34. (*See, e.g.,* Mar. 19 Letter [Dkt. 24].) Despite repeatedly being put on notice of the deficiency, to date, Plaintiff still has not served any written responses to Mr. Langrick's RFPs, and Plaintiff has not produced any documents responsive to those RFPs.

  On March 4, 2019, Plaintiff did serve responses to Mr. Langrick's February 1, 2019 First Set of Interrogatories to Plaintiff, but she declined to respond in full to several interrogatories. (Exs. B, C.) Relevant to this Motion, Mr. Langrick's Interrogatory No. 3 stated:

> *Describe the circumstances surrounding the "agreement of non-disclosure for silence in exchange of compensation" that you entered into, as referenced in your blog post entitled, "I Am Not Sorry," at the URL: https://medium.com/@monicamorrison/i-am-not-sorryda048f09cece. In answering, please state who the agreement was made with, when it was made, the subject matter that you agreed not to disclose, and the amount of compensation that you received.*

Plaintiff's response was lengthy, but in pertinent part it stated that the post referenced a "Confidential Settlement Agreement" concerning, among other things, claims of sexual misconduct by Plaintiff. Plaintiff declined to provide further details on the grounds that "[a]ll specific terms of that Agreement are expressly deemed to be confidential and not subject to disclosure."

Additionally, Mr. Langrick's Interrogatory No. 6 requested that Plaintiff "Identify all employment positions [she] ha[s] held since 2005, whether paid or unpaid, and identify for each one the period of employment and [her] reason(s) for leaving that employment." Plaintiff provided the names of several employers, but withheld one, stating "NAME OF EMPLOYER WITHHELD AT THE PRESENT TIME DUE TO CONFIDENTIALITY REQUIREMENTS."

In a March 14 deficiency letter, Mr. Langrick argued that "confidentiality" is not a basis to refuse to respond to a litigation discovery request, and that in any event, Mr. Langrick requested a copy of that settlement document itself in his RFPs – to which Plaintiff failed to respond and has waived objections.[1] The parties held a meet and confer call regarding these matters on April 3, 2019. During that call, Plaintiff's counsel *still* did not commit to providing written responses to Mr. Langrick's RFPs and moreover, maintained that Plaintiff cannot begin to produce responsive documents because of disagreement as to whether the "scope" of those RFPs is proper. Plaintiff's counsel also did not agree to provide the information requested in Interrogatories Nos. 3 and 6.

## ARGUMENT

*First*, as to the RFPs, Mr. Langrick requests that the Court enter an order confirming that by failing to serve written responses and objections within 30 days as required by Rule 34, Plaintiff has waived any and all objections to Mr. Langrick's RFPs. This is the standard and well-established result of a party's failure to timely serve written objections. *See, e.g., Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (noting "consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections"); *Labarbera v. Absolute Trucking, Inc.*, No. CV 08-4581, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 237 (W.D.N.Y. 1998) ("Thus, by failing to comply with Rule 34(b), Plaintiff waived its right to object to Defendants' Requests.") As set forth above, Defendant informed Plaintiff numerous times of the blown deadline and the resulting waiver, the responses are more than 30 days overdue, and Plaintiff has not served responses. Plaintiff cannot possibly demonstrate good cause for this recalcitrance and thus a finding of waiver is mandated. Mr. Langrick further requests that, in light of the waiver, the Court confirm that Plaintiff's recent protestation

---

[1] Mr. Langrick is willing to agree to entry of a joint protective order with regards to documents that are truly confidential.

regarding the "scope" of Plaintiff's RFPs is meritless, moot, and not a basis to delay her production of all responsive documents.

Additionally, although Plaintiff may not assert objections to Mr. Langrick's RFPs, Mr. Langrick still has a right to receive written responses indicating whether Ms. Morrison has documents responsive to the respective requests in her possession. *See* Fed. R. Civ. P. 34(b)(2)(B). Mr. Langrick requests that the Court order Ms. Morrison to provide written responses that so indicate within one week. *See Senat*, 255 F.R.D. at 340 (finding waiver of objections and ordering the offending party to "respond in writing" to the document requests).

Next, Mr. Langrick requests that the Court order Plaintiff to provide sufficient, substantive responses to Mr. Langrick's Interrogatories Nos. 3 and 6. With respect to Interrogatory No. 3, which requests information regarding a financial settlement arising out of another claim of sexual misconduct asserted by Plaintiff, information concerning that agreement is highly relevant to Mr. Langrick's contention that Plaintiff has asserted false sexual misconduct allegations against him in the hope of extracting a similar financial settlement. Plaintiff's sole basis for refusing to fully respond to this Interrogatory is that the settlement in question is "confidential" and not subject to disclosure. However, the mere fact that parties to a settlement agreement have attempted to label the agreement "confidential" does ***not*** operate as a bar to later discovery of that agreement in litigation. *Rates Tech., Inc. v. Cablevision Systems Corp.*, No. 05-CV-3583, 2006 WL 3050879, at *3-4 (E.D.N.Y. Oct. 20, 2006) (rejecting the notion that settlement agreements are privileged against disclosure); *Conopco, Inc. v. Wein*, No. 05 CIV. 9899, 2007 WL 1040676, at *6 (S.D.N.Y. Apr. 4, 2007) (recognizing that "the simple fact that the parties to the settlement agreement agreed to its confidentiality does not shield it from discovery"). Moreover, this objection is entirely moot because Mr. Langrick's RFP No. 5 seeks "[a]ll documents and communications" related to that same settlement agreement and, as noted, Ms. Morrison has waived any objections to that RFP. She therefore has no basis to refuse to produce the putatively "confidential" agreement in its entirety, and she likewise has no basis to refuse to respond to an interrogatory concerning it.

Finally, with respect to Interrogatory No. 6, Plaintiff has refused to identify one of her former employers on the grounds that this information is also "confidential." This assertion is meritless on its face – as noted, Plaintiff provided the names of several other former employers without claiming that information is "confidential." Moreover, for the reasons given above, purported "confidentiality" is not a basis to refuse to respond to a discovery request.[2]

                                                             Sincerely,

                                                             Andrew C. Phillips

Cc: All counsel of record via ECF.

---

[2] With respect to both Interrogatories Nos. 3 and 6, Plaintiff did not object to relevance, scope, burden, or any other such grounds, and thus has waived those objections. *See Pegoraro v. Marrero*, 281 F.R.D. 122, 130 (S.D.N.Y. 2012) (failure to assert an objection to an interrogatory in the written response results in waiver of the objection).