UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MONICA MORRISON, | ) | CASE NO. 1:18-cv-06127 (CBA)(RML) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT LANGRICK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF MONICA MORRISON'S ANSWERS TO DEFENDANT ROBERT LANGRICK'S FIRST SET OF INTERROGATORES**

Plaintiff Monica Morrison (hereafter "Plaintiff" or "Ms. Morrison"), by her attorneys, Henry R. Kaufman, P.C., for her Answers to Defendant Robert Langrick's First Set of Interrogatories, states as follows, reserving the right to supplement this response, as may be necessary or appropriate, prior to trial:

REDACTED per LR 5.1

REDACTED per LR 5.1

**INTERROGATORY NO. 3:**

Describe the circumstances surrounding the "agreement of non-disclosure for silence in the exchange of compensation" that you entered into, as referenced in your blog post entitled "I Am Not Sorry," at the URL: https://medium.com/@monicamorrison/i-am-not-sorryda048f09cece. In answering, please state who the agreement was made with, when it was made, the subject matter that you agreed not to disclose, and the amount of compensation that you received.

**ANSWER TO INTERROGATORY NO. 3:**

The cited blog post was referencing a Confidential Settlement Agreement, entered into in or around 2017, to which Ms. Morrison was a party. All specific terms of that Agreement are expressly deemed to be confidential and not subject to disclosure. However, in the Agreement, there is a detailed provision which would allow for disclosure, in certain circumstances, in response either to a formal subpoena or to a court order directed to Ms. Morrison, after which Ms. Morrison would then also be required to give notice of the demanded disclosure to the other settling party.

Without identifying the other party to the Agreement, and without describing in any greater detail than summarized below the specific subject matter and terms of the Confidential Settlement Agreement, Ms. Morrison is able to state that the primary subject matter of the Agreement involved a pre-litigation financial settlement in Ms. Morrison's favor based on her claim of retaliation (she was fired) for whistleblowing (she reported wage, hours and other labor and contractual violations).

Note that although the Settlement Agreement also references claims of a "hostile workplace" and "sexual harassment," Ms. Morrison's allegations in those regards were

specifically related to the harassment she witnessed of other female workers; not Ms.

Morrison herself. And the harassment was essentially in the nature of sexually-suggestive

comments. There were never any claims made by Ms. Morrison – or anyone else in the

matter – of "sexual assault," "sexual violence" or "rape."

REDACTED per LR 5.1

REDACTED per LR 5.1

4

REDACTED per LR 5.1

## INTERROGATORY NO. 6:

Identify all employment positions you have held since 2005, whether paid or unpaid, and for each one state the time period of employment and your reason(s) for leaving that employment.

## ANSWER TO INTERROGATORY NO. 6:

-Scout Real Estate Capital 2007

- Two temp agencies (Access Staffing; Syndicate Blue/Career Group, 2008)

-Simon & Schuster 2008

-The Nielsen Company 2008

-Macy's 2010

-XoJane.com 2011

-MoMA/Acoustiguide 2011

[PARTIAL SELF-EMPLOYMENT BEGINS]

-Jane Pratt LLC

-Maxi Cohen Studios

-Business Insider/Lambent Services

- The Chertoff Group/Lambent Services

- Gallagher's (2016)

-Working Voices/Kelly Services (2016)

-Luxe Valet (2016-2017)

-[NAME OF EMPLOYER BEING WITHHELD AT THE PRESENT TIME DUE TO

CONFIDENTIALITY REQUIREMENTS]

REDACTED per LR 5.1

Dated:  New York, New York
        March 4, 2019

                        Respectfully submitted,

                        */s/ Henry R. Kaufman*
                        Henry R. Kaufman
                        *Attorneys for Plaintiff*
                        *Monica Morrison*
                        60 East 42nd Street, 47th Floor
                        New York, NY 10165
                        (212) 880-0842

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff Monica Morrison's Answers To Defendant Robert Langrick's First Set Of Interrogatores in the above captioned matter was served on the below counsel of record on March 4, 2019, in accordance with the Rules of Civil Procedure:

Thomas A. Clare (admitted pro hac vice)
Elizabeth M. Locke (admitted pro hac vice)
Andrew C. Phillips (admitted pro hac vice)
Shannon B. Timmann (admitted pro hac vice)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: tom@clarelocke.com
Email: libby@clarelocke.com
Email: andy@clarelocke.com
Email: shannon@clarelocke.com
Daniel A. Singer (DAS 0978)
THE LAW OFFICES OF DANIEL A. SINGER PLLC
New York, New York 10017
Telephone: (212) 569-7853
Email: dan@singerlaw.com

*Attorneys for Defendant Robert Langrick*

Dated: March 4, 2019                        By: */s/ Henry R. Kaufman*
                                                Henry R. Kaufman

13