**HENRY R. KAUFMAN, P.C.**
ATTORNEYS AT LAW
60 EAST 42ND STREET
47TH FLOOR
NEW YORK, NEW YORK 10165

OFFICE: (212) 880-0842
MOBILE: (914) 589-7963
FAX: (212) 682-1965
HKAUFMAN@HRKAUFMAN.COM
WWW.HRKAUFMAN.COM

April 12, 2019

Hon. Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Monica Morrison v. Robert Langrick: 1:18-cv-06127 (CBA) (RML)

Dear Judge Levy,

As attorney for Plaintiff Monica Morrison, I respectfully submit this letter in opposition to Defendant's April 10 letter seeking to compel Ms. Morrison to reveal to her rapist intimate and intrusive details about her life, even though the information is far outside the realm of the damages sought in Plaintiff's case in chief.

Mr. Phillips' letter blithely ignores the carefully crafted "compromise" set forth in my letter of just a day before **(Exhibit A hereto)**, sent as part of our good faith effort to resolve the current dispute without the need for this Court's intervention, but never responded to by Mr. Philips. I will not repeat what is set forth in that letter here, but rather urge the Court to read it to gain an understanding that Mr. Phillips' current motion is essentially a refusal to take yes for an answer. And, in any event, it also represents a notable failure to comply with EDNY Rule 37.3(a)'s requirement to pursue a "good faith effort to resolve the dispute."

Although the initial complaint necessarily recited information concerning the sexual assault in 2005, Langrick's answer and counterclaim essentially admitted all the material facts alleged, thus both providing grounds for the dispositive motion to dismiss the counterclaims on the grounds, *inter alia*, of truth and constitutionally protected opinion currently being briefed before Judge Amon, and obviating the need to inquire into Ms. Morrison's confidential psychiatric and employment history for the more than dozen years between Langrick's admitted sexual assault in 2005 and the defamation action he threatened along with his attempt to impose a draconian NDA that triggered Ms. Morrison's 2018 declaratory judgment action.

While Plaintiff's initial disclosure admittedly provided Defendant with more names and information than he needed or was entitled to, and did not articulate objections to certain other demands within an initial 30- day period, elemental justice, fundamental fairness and this Court's prior orders limiting the scope of permissible discovery to only the case-in-chief, requires that the information compelled to be disclosed be limited to that which is likely to lead to the discovery of evidence related to and arising after the first threats of defamation litigation in

February, 2018. Nevertheless, my April 9 letter offered to provide a reasonably limited period of supplemental information going back more than an additional year. Frankly, unless Langrick has unarticulated ulterior motives – which he well may – for seeking to pry into this decade of highly-personal and intrusive information, he cannot legitimately ask for more than we had offered in our April 9 letter, no matter how many days elapsed since his initial request for it.

Langrick's premature motion to compel must also be considered in light of all the surrounding circumstances which strongly suggest an intention to harass and abuse a victim of Langrick's admitted sexual improprieties and other undenied, grossly assaultive behavior. Determination of the pending potentially-dispositive motion to dismiss the counterclaims will render entirely moot the need for any discovery on these sensitive issues. Accordingly, we respectfully renew our request that all discovery be stayed pending the determination of the motion to dismiss; or, in the alternative, that any discovery Ms. Morrison is compelled to provide at this juncture should be strictly limited in its scope and intrusiveness to that set forth in our April 9 good faith letter. Even as to that, we submit that no discovery should be compelled until the Court has entered a protective order precluding Mr. Langrick from sharing the intimately personal information with anyone outside the scope of this litigation.

Moreover, we respectfully request Your Honor to order Mr. Phillips to withdraw the subpoenas he served on Ms. Morrison's prior employers and to provide us with copies of all information obtained as a result of compliance with those subpoenas. Of course, Ms. Morrison reserves the right to take exception to any objections Langrick may make to her discovery requests.

Finally, we respectfully submit that this Court should very carefully consider what is actually going on in this case and not allow itself to be drawn into facilitating Mr. Langrick's baseless, intrusive, wide-ranging and frankly outrageous plan to put Ms. Morrison on trial in a case where he has already graphically admitted – right there in his pleadings – to having been guilty, in his assault on Ms. Morrison, of all of the elements of sexual abuse and assault up to and including rape.

Yet Mr. Langrick is asking the Court to ignore those admissions, blind itself to the potentially severe ancillary impact of his outrageously overbroad discovery plan, and he insists on pressing Ms. Morrison to subject herself to such discovery, on a hurried timetable (for no good cause articulated) notwithstanding that such questionable discovery comes on the eve of her dispositive motion that may well make all of his highly-intrusive offensive planned fishing expeditions irrelevant and a waste of the parties' and the Court's time and resources.

Just one example will suffice to illustrate the wild ride through discovery that Mr. Langrick's counsel is asking this Court not only to indulge, but to expedite. That single example is detailed in the footnote below, which we encourage the Court to carefully review in order to

Case 1:18-cv-06127-CBA-RML   Document 33   Filed 04/12/19   Page 3 of 3 PageID #: 341

Hon. Robert M. Levy
April 12, 2019
Page 3 of 3

HENRY R. KAUFMAN, P.C.
ATTORNEY AT LAW

get a sense of just how convoluted and baseless is the "logic" of Philip's proposed fishing expedition.[1]

Based on all of the above, and the footnote below, we respectfully reiterate our request on behalf of the Plaintiff that this Court should refuse to approve Mr. Langrick's scattered breadcrumb-trail method of discovery and should not condone such an overbroad, abusive and entirely insupportable fishing expedition. The Court should therefore decline to entertain the motion to compel. And based on this additional evidence of Mr. Langrick's bad faith, it should finally order a complete stay of such unwarranted discovery pending resolution of Ms. Morrison's motion to dismiss and thereby end Mr. Langrick's shameless endeavor to impose a "second assault" on Ms. Morrison – attempting, by any means possible, to blacken her reputation and re-traumatize her in order to punish her for speaking out publicly – and to silence her from speaking her truth – about the sexual abuse she undeniably suffered at Mr. Langrick's hands.

Respectfully submitted,
/s/
Henry R Kaufman
Attorney for Plaintiff Monica Morrison

cc: All Counsel - Via ECF

---

[1] Philips' April 10 letter claims the need to gain immediate access to a confidential financial settlement agreement that, they assert to this Court, is "*highly relevant to Mr. Langrick's contention that Plaintiff has asserted false sexual misconduct allegations against him in the hope of extracting a similar financial settlement*." The overbreadth and utter lack of foundation of this contention is breathtaking! In her answers to interrogatories, Ms. Morrison has represented and sworn that "the primary subject matter of the [other Settlement Agreement] involved a pre-litigation financial settlement in Ms. Morrison's favor based on her claim of retaliation (she was fired) for whistleblowing (after she reported wage, hours and other labor and contractual violations)." And Ms. Morrison's interrogatory answer went on to specifically "[n]ote that although the Settlement Agreement also references claims of a 'hostile workplace' and 'sexual harassment,' Ms. Morrison's allegations in those regards were specifically related to the harassment [s]he witnessed of *other* female workers; *not* Ms. Morrison herself. Moreover, the harassment Ms. Morrison reported was essentially in the nature of sexually-suggestive comments. There were never any claims made by Ms. Morrison – or anyone else in the matter – of 'sexual assault,' 'sexual violence' or 'rape'." And so, here is the kind of long and winding discovery trail that Mr. Langrick is evidently asking this Court to pursue: (1) He will gain access to the "Confidential Settlement Agreement" in that other matter which Ms. Morrison has already represented primarily involved a whistleblowing dispute over wage and hours violations; (2) He will then undertake to prove that Ms. Morrison's ancillary claim of sexually-suggestive comments was not true; (3) He will then need to prove that the "false" sexual harassment allegations were pursued in that other case with the intent to extract a (baseless) financial settlement; (4) Whereupon he would presumably also need to prove – despite his many admissions of sexual misconduct far exceeding "harassment" in the pleadings here – that Ms. Morrison has been asserting allegations of sexual misconduct that are nonetheless somehow "false" in this case too and that the "false" sexual misconduct allegations have been (wrongfully) made against Mr. Langrick "in the hope of extracting a similar financial settlement" – this on a record that is will be devoid of *any* facts regarding requests for or receipt of financial payments that would support Langrick's claim that Ms. Morrison is nothing but a lying gold-digger!