

CLARE LOCKE
L L P

ANDREW C. PHILLIPS
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

April 15, 2019

<u>Via ECF</u>

Hon. Robert M. Levy
Unites States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        **Re:**    *Monica Morrison v. Robert Langrick,* **No. 1:18-cv-06127 (CBA) (RML)**

Dear Judge Levy:

    I write on behalf of my client Robert Langrick, Defendant and Counterclaimant in the above-captioned case, and in response to Plaintiff Monica Morrison's April 12, 2019 Letter Response to Mr. Langrick's Motion to Compel [Dkt. 33] ("Letter Response").

    On April 10, 2019, Mr. Langrick filed a very straightforward Motion to Compel concerning Plaintiff's failure and refusal to respond to Mr. Langrick's discovery requests [Dkt. 32]. Plaintiff's Letter Response does not remotely address the substance of Mr. Langrick's Motion to Compel nor does it attempt to provide good cause for Plaintiff's continued flouting of the Federal Rules of Civil Procedure. Instead, it consists of a hodgepodge of scattered references to tangential discovery issues that are not before the Court on motion, and it makes a number of highly inappropriate, ad hominem attacks on Mr. Langrick and his counsel. Plaintiff has not meaningfully opposed the Motion to Compel and it should be granted.

    *First*, Mr. Langrick's Motion to Compel was primarily directed at Plaintiff's complete and ongoing failure to serve written responses and objections to Mr. Langrick's February 1, 2019 First Set of Requests for Production of Documents to Plaintiff ("RFPs") as required by Federal Rule of Civil Procedure 34. Mr. Langrick cited numerous cases holding that a party's failure to timely serve written responses and objections to RFPs results in waiver of all objections absent a showing of good cause for the failure to comply with the Federal Rules. As noted in the Motion to Compel, Plaintiff has repeatedly been put on notice of the deficiency and the resulting waiver, and those written



responses are now *42 days overdue*.  Nowhere does Plaintiff's Letter Response even *mention* this fundamental deficiency that was the actual subject of the Motion to Compel – let alone attempt to set forth any articulable good cause for Plaintiff's indefensible and continuing refusal to comply with the Federal Rules and her discovery obligations.  Because Plaintiff has failed to meaningfully oppose the Motion to Compel and failed to provide any cause, much less good cause, for failure to serve written responses to those outstanding RFPs, Mr. Langrick's Motion must be granted.  The Court should confirm that by failing to timely serve objections to Mr. Langrick's RFPs as required by Rule 34, Plaintiff has waived any and all objections to those requests and she must produce documents responsive thereto without delay.

*Second*, Mr. Langrick's Motion to Compel identified two Interrogatories that Plaintiff failed to respond to: Interrogatories Nos. 3 and 6.  As counsel for Mr. Langrick explained in the Motion to Compel, Plaintiff did not assert any objection other than "confidentiality" to those Interrogatories, and Mr. Langrick's Motion cites to case law holding that purported "confidentiality" is not a basis to refuse to respond to an interrogatory.  In her Letter Response, Plaintiff does not attempt to defend this one objection that she did assert, and instead now argues in a footnote (1) that the Interrogatories are overbroad; and (2) that she should not have to respond to these discovery requests on a "hurried timetable."  With respect to the belated assertion of "overbreadth," Plaintiff has waived this objection by failing to assert it in her written interrogatory responses as required by Rule 33, as noted in Mr. Langrick's Motion.  Once again, Plaintiff's Letter Response does not address the waiver issue at all nor does it attempt to argue good cause for failure to assert the objection as required by the Federal Rules.  With respect to the argument about the timeliness of discovery, Mr. Langrick notes that Plaintiff filed this case in *November 2018* and the Court has already rejected Plaintiff's prior efforts to stall or stay discovery.

*Finally*, Plaintiff's Letter Response also requests that the Court "order Mr. Phillips to withdraw the subpoenas he served on Ms. Morrison's former employers and to provide us with copies of all information obtained as a result of compliance with those subpoenas."  As to the documents, Mr. Langrick's counsel had already informed Plaintiff's counsel that Mr. Langrick will be making a production this week that includes those documents.  As to the demand that the subpoenas be "withdraw[n]," there is no basis whatsoever for this request.  Mr. Langrick served notices of these subpoenas weeks ago as required by Rule 45.  In what is becoming something of a pattern, Plaintiff wholly failed to follow the Federal Rules and did not make any timely motion to quash those subpoenas prior to their return dates.  *See City of New York v. Golden Feather Smoke Shop, Inc.*, No. CV-08-3966 (CBA), 2009 WL 10705762, at *2 (E.D.N.Y. Dec. 21, 2009) (noting that a motion to quash a subpoena duces tecum must be filed before the time specified for compliance, and that it is "well-settled" in the Second Circuit that a motion made after the return date is untimely).  Moreover, Plaintiff failed to attach copies of those subpoena notices to her Letter Response as required by Local Rule 37.3.  Plaintiff's demand that the subpoenas be withdrawn is meritless and it should be rejected.



                                                Sincerely,

                                                Andrew C. Phillips

Cc:    All counsel of record via ECF.