**HENRY R. KAUFMAN, P.C.**
ATTORNEYS AT LAW
60 EAST 42ND STREET
47TH FLOOR
NEW YORK, NEW YORK 10165

OFFICE: (212) 880-0842
MOBILE: (914) 589-7963
FAX: (212) 682-1965
HKAUFMAN@HRKAUFMAN.COM
WWW.HRKAUFMAN.COM

April 17, 2019

Hon. Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Monica Morrison v. Robert Langrick: 1:18-cv-06127 (CBA) (RML)

Dear Judge Levy,

     As attorney for Plaintiff and Counterclaim Defendant Monica Morrison, I am writing to respectfully request an in-person conference with Your Honor within the next few weeks to resolve various pending and threatened discovery disputes.

     The overriding purpose of this request is to enlist Your Honor's guidance and assistance in resolving the significant open disputes concerning the proper scope of the discovery requests and demands received from Mr. Langrick's counsel – especially as they relate to Ms. Morrison's damage claims in her case-in-chief.

     The proliferating discovery disputes and cascading motions have been complicated by unresolved questions raised by Mr. Langrick's first motion to compel – made only last week – and still pending before Your Honor. The major issue presented on that motion is whether and on what theory Mr. Langrick is entitled to delve back a dozen years or more into Ms. Morrison's mental state, her psychological and medical treatments and conditions, and other fishing expeditions into her employment history, including the intrusive intent to explore – totally without foundation under the circumstances – some kind of theory that the truthfulness of Ms. Morrison's allegations about what occurred in 2005 is somehow undermined by the trauma and mental anguish she suffered over the 12 years thereafter as a result of Mr. Langrick's admitted sexual assaults.

     As we have now clarified in our April 12 opposition to Mr. Langrick's pending motion to compel (including Exhibit A thereto), the damages our client is seeking in her case-in-chief are limited to those pleaded in the *ad damnum* to her Declaratory Judgment complaint. These damages start only at the beginning of 2018 and were caused by Mr. Langrick's threats of defamation litigation and his Draconian demands for a lifetime of non-disclosure.

Hon. Robert M. Levy  Henry R. Kaufman, P.C.
April 17, 2019  Attorney at Law
Page 2 of 2

      Before this Court has had a chance to decide Mr. Phillips' last motion to compel, fully submitted only five days ago (April 12), as of yesterday Mr. Philips is now threatening to make *yet another* motion to compel, as soon as tomorrow – still in the absence of fundamental agreement on the appropriate period of time to be examined. The difference separating the parties right now is Mr. Langrick's desire to explore the intimate details of an additional dozen – we contend totally irrelevant – years of our client's life in the absence of any claim of damages by Ms. Morrison over that extended period of time.

      Quite frankly, without the requested extension – and an in-person conference before Your Honor – we fear that this case is in danger of coming off the rails and deteriorating into an unnecessary, wasteful and damaging hornets' nest of one discovery dispute after another – which disputes, we again respectfully submit, are completely beyond the scope of Ms. Morrison's damage claims in her case-in-chief.

      Therefore, we respectfully request no more than a brief extension of time[1] – and an in-person conference of counsel before Your Honor – to sort things out and finally and fully resolve these disputed matters.

                                      Respectfully submitted,
                                                /s/
                                        Henry R Kaufman
                                        Attorney for Plaintiff and
                                        Counterclaim Defendant Monica Morrison

cc: All Counsel - Via ECF

---

[1] Pursuant to Your Honor's individual rules, 2.E., (1) the original discovery deadlines extend back to March 4 and forward to three days ago, April 14. (2) and (3) See text above. (4) and (5) Plaintiff has previously made two requests for extensions of time: (i) At the outset of the case, we requested an initial extension of our time to answer or move, which request was granted over Defendant's opposition; (ii) We thereupon requested still further time to move in light of further delays in confirmation of Plaintiff's insurance coverage and appointment of counsel; again Defendant vigorously opposed, but this Court granted the additional extension "for good cause shown." (6) There can be no doubt but that Defendant will not consent to the requested extension – evidently on the basis that a deadline is a deadline and that – despite the open issues discussed above but never fully resolved in good faith with opposing counsel – that Defendant's counsel insists on aggressively pressing forward regardless of courtesy among counsel and regardless of the intrusive impact of Defendant's highly-questionable discovery plan on Plaintiff.