

C L A R E L O C K E
L L P

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

April 18, 2019

Via ECF

Hon. Judge Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Monica Morrison v. Robert Langrick*, No. 1:18-cv-06127 (CBA) (RML): Motion to Compel**

Dear Judge Levy:

I write on behalf of my client Robert Langrick, Defendant and Counterclaimant in the above-referenced action, and in accordance with Local Rule 37.3 and Your Honor's Individual Rules, to seek an order compelling Plaintiff Monica Morrison to provide written responses that she has failed to serve as required by the Federal Rules. Specifically, Mr. Langrick moves for entry of an order (1) holding that Plaintiff has waived all objections to Mr. Langrick's March 14, 2019 Second Set of Interrogatories to Plaintiff Monica Morrison ("2d Irogs"); (2) confirming Plaintiff's default admission to all of the facts in Mr. Langrick's March 14, 2019 First Set of Requests for Admissions to Plaintiff Monica Morrison ("RFAs"); (3) directing Plaintiff to respond, without objections, to Mr. Langrick's 2d Irogs; and (4) awarding Mr. Langrick reasonable attorneys' fees and costs associated with this Motion, as well as any other sanctions this Court deems appropriate in light of Plaintiff's ongoing and indefensible refusal to respond to Mr. Langrick's discovery requests.

**FACTUAL BACKGROUND**

On March 14, 2019, Mr. Langrick served his 2d Irogs and his RFAs on counsel for Plaintiff (Ex. A, B.) Under Federal Rules 33 and 36, Plaintiff's written responses and objections to both sets of discovery requests were due within 30 days — no later than April 15, 2019. *See* Fed. R. Civ. P. 33(b)(2), 36(a)(3), 6(a)(1). Plaintiff did not serve written responses on April 15, nor did she request an extension or otherwise alert Mr. Langrick's counsel that timely responses would not be forthcoming. By email on April 16, Mr. Langrick's counsel noted the deficiency, inquired as to the status of those responses, and reminded Plaintiff's counsel that failure to timely serve objections to



interrogatories results in a waiver of objections and failure to serve timely responses to requests for admissions operates as an admission of all facts. (Ex. C.) Mr. Langrick's counsel noted that this is now the second and third time that Plaintiff has failed to serve written discovery responses as required by the Federal Rules, and Mr. Langrick's counsel further advised Plaintiff's counsel that if those responses were not received by April 17, 2019, Mr. Langrick would have no choice but to file yet another motion to compel. Mr. Langrick's counsel further advised that given the pattern of recalcitrant behavior, Mr. Langrick would be seeking all costs and fees associated with a motion to compel, should Plaintiff make that course of action necessary. Plaintiff's counsel did not respond to this letter and did not serve written discovery responses as required. Instead, Plaintiff filed a letter with this Court on April 17, 2019, ostensibly requesting an extension of the deadlines that she had already ignored and blown [Dkt. 36]. As noted in Mr. Langrick's separate response to that motion, it sets forth no excuse or good cause for Plaintiff's repeated failures and refusals to serve discovery responses as required.

Of note, Mr. Langrick also has pending a separate Motion to Compel based on Plaintiff's failure to serve any written responses to Mr. Langrick's February 1, 2019 First Set of Requests for Production of Documents to Plaintiff ("RFPs") [Dkt. 32]. Those responses are now ***45 days*** past due.

**ARGUMENT**

First, as to the 2d Irogs, Mr. Langrick requests that the Court enter an order confirming that Plaintiff has waived all objections by failing to serve written responses within 30 days as required by Rule 33. *See, e.g.* See, e.g., *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (noting "consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections"); *Labarbera v. Absolute Trucking, Inc.*, No. CV 08-4581, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); *DeNicola v. Frontline Asset Strategies*, 279 F.R.D. 214, 215 (E.D.N.Y. 2012) (by its failure to timely respond, the defendant has waived all objections as to the interrogatories [under Rule] 33(b)(4)"). As set forth above, Mr. Langrick informed Plaintiff of the blown deadline, the resulting waiver, and this impending Motion to Compel. Plaintiff ignored that correspondence and offered no explanation for her failure to respond to the 2d Irogs. To date, Plaintiff still has not served her responses and cannot possibly demonstrate good cause for her failure to do so. Thus, a finding of waiver is mandated.

In addition, although Plaintiff may not assert objections to the 2d Irogs, Mr. Langrick still has a right to receive written responses to those interrogatories. *See* Fed. R. Civ. P. 33(b)(3). Mr. Langrick requests that this Court order Plaintiff to provide written responses to the 2d Irogs within one week. *See DeNicola*, 279 F.R.D. at 215 (finding waiver of objections and ordering the offending party to respond to the interrogatories.)

Next, Mr. Langrick requests that the Court enter an order confirming that by failing to timely serve responses to Mr. Langrick's RFAs within the 30 days required by Rule 36, Plaintiff has



admitted all the facts on which Mr. Langrick sought admission. *See e.g.*, Fed.R.Civ.P. 36(a)(3); DeNicola, 279 F.R.D. at 215 (finding that pursuant to Rule 36(a)(3), failure to timely respond to requests for admissions results in an automatic waiver); *Allstate Ins. Co. v. Howell,* 2010 WL 5313760, at *1 (E.D.N.Y. Dec.17, 2010) (noting "[b]y operation of Rule 36(a)(3), '[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection …'")

Finally, as noted, this is not the first time Plaintiff has failed to comply with the discovery deadlines set forth in the Federal Rules. To date, Plaintiff's responses to Mr. Langrick's RFPs are ***45 days overdue***, and they are now joined by the absent responses to Mr. Langrick's 2d Irogs and RFAs. As set forth above and in his other pending Motion to Compel concerning the RFPs, Mr. Langrick has repeatedly attempted, in good faith, to remind Plaintiff and her counsel of the deadlines and obligations imposed by the Federal Rules. Plaintiff's only response has been to run to the Court, long after the deadlines were blown and the objections waived, to vaguely complain of the scope of Mr. Langrick's discovery requests. But there is a proper and mandated time and place for asserting such an objection, and that is in a timely written response to the discovery request at issue. Plaintiff has not served such responses, and she has therefore waived any such objection.

It appears that after the Court denied Plaintiff's motion seeking a stay of discovery, Plaintiff and her counsel decided to simply impose their own unilateral stay by refusing to respond to discovery requests. This kind of behavior cannot be tolerated, and it is causing great prejudice to Mr. Langrick who is attempting to defend himself against claims Plaintiff filed. Mr. Langrick therefore requests that, pursuant to Rule 37, and in light of Ms. Morrison's repeated and willful failures to comply with the rules regarding discovery, this Court also order Plaintiff to pay Mr. Langrick's costs and attorneys' fees associated with this Motion. *See e.g.*, Fed.R.Civ.P. 37(a)(5)(A), (d); *Paralikas v. Mercedes Benz, LLC,* No. CV 07-0918 ERK WDW, 2008 WL 111186, at *1 (E.D.N.Y. Jan. 9, 2008) (granting plaintiff's motion to compel based on defendant's failure to respond to interrogatories and RFPs and awarding plaintiff reasonable attorney's fees and costs pursuant to Rule 37(a)(5)(A)); *Doug's Word Clocks.com Pty Ltd. v. Princess Int'l, Inc.*, 323 F.R.D. 167, 176 (S.D.N.Y. 2017) (awarding attorneys' fees associated with letter motion to compel and holding that fees and costs must generally be awarded when such a motion is granted). Additionally, Mr. Langrick submits that the Court should consider whether other Rule 37 sanctions are warranted and necessary to compel Plaintiff's participation and cooperation in discovery.

Sincerely,

Andrew C. Phillips

Cc: All Counsel of record via ECF.