**Subject:** Morrison v. Langrick: Meet and Confer re Ongoing Failure to Participate in Discovery

**Date:**   Tuesday, April 16, 2019 at 4:53:00 PM Eastern Daylight Time

**From:**   Andy Phillips

**To:**   hrkaufman Kaufman, Carol Schrager

**CC:**   Shannon Timmann

Dear Henry and Carol,

As you know, Ms. Morrison's responses to Defendant Robert Langrick's First Set of Requests For Admissions to Plaintiff Monica Morrison (RFA's) and Defendant Robert Langrick's Second Set of Interrogatories to Plaintiff Monica Morrison ("Interrogatories") were due yesterday, April 15, 2019.  We did not receive any responses to these discovery requests.

As you are well aware by now, a party's failure to serve timely responses to interrogatories waives all objections to the interrogatories.  *See Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (noting "consistent authority that a failure to serve timely responses to interrogatories and document  requests  serves  as a waiver of objections").  Similarly, a party's failure to serve timely responses to requests for admissions operates as an admission to those facts.  *Allstate Ins. Co. v. Howell,* 2010 WL 5313760, at *1 (E.D.N.Y. Dec.17, 2010).  Therefore, by failing to serve timely responses to Mr. Langrick's discovery requests, Ms. Morrison has now waived all objections to the Interrogatories and has admitted all of the facts in the RFAs.

Of course, as noted in our pending Motion to Compel concerning Plaintiff's refusal to serve written responses to Mr. Langrick's First Set of Requests for Production of Documents, this is not the first time that Plaintiff has failed to comply with the discovery deadlines set forth in the Federal Rules.  I am therefore also writing to put you on notice that in addition to waiver, these repeated and willful failures to comply with discovery can result in additional sanctions under Rule 37, which include, but are not limited to, an order: (1) deeming certain facts established; (2) permitting an adverse inference instruction; (3) striking pleadings; (4) prohibiting the disobedient party from making specific claims or introducing certain matters into evidence; (5) dismissing a claim or the entire action; and/or (6) awarding reasonable attorney's fees caused by the failures to comply.  *See* Fed. R. Civ. P. 37(b)(2)(A), (B), and (C).

Notwithstanding Ms. Morrison's waiver and admissions, Mr. Langrick still has a right to receive written responses to his discovery requests.  As such, we expect you to serve full responses, without objection, to Mr. Langrick's Interrogatories, and to confirm Plaintiff's admission to all of Mr. Langrick's RFAs.  If we do not receive same by tomorrow, April 17, we will have no choice but to file another motion to compel.  We will also seek all costs and fees associated with doing so, in addition to any other Rule 37 sanctions the Court deems appropriate.


Andrew C. Phillips | Partner

C L A R E   L O C K E   L L P

10 Prince Street | Alexandria, Virginia 22314
(202) 628-7404 - direct | (847) 951-7093 - cell
andy@clarelocke.com | www.clarelocke.com

This electronic message transmission contains information from the law firm of Clare Locke LLP, which may be confidential or privileged.  The information is intended exclusively for the individual or entity named above.  If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this information is prohibited.  If you received this electronic transmission in error, please notify us immediately at admin@clarelocke.com.