

# CLARE LOCKE
L L P

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314
(202) 628-7400
www.clarelocke.com

April 18, 2019

Via ECF

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Monica Morrison v. Robert Langrick,* **No. 1:18-cv-06127 (CBA) (RML):**
      **Opposition to Motion for Extension of Time**

Dear Judge Levy:

I write on behalf of my client Robert Langrick, Defendant and Counterclaimant in the above-referenced action, to oppose Plaintiff Monica Morrison's April 17, 2019 Motion for Extension of Time to Complete Discovery [Dkt. 36] ("Letter Motion"). Although it is entirely unclear from the text of Plaintiff's Letter Motion, Plaintiff appears to be asking the Court to grant her an "extension" of deadlines for responding to written discovery that have already come and gone. Plaintiff offers **no good cause whatsoever** to show why a reprieve should be granted on these already-blown deadlines. And more fundamentally, Plaintiff offers literally no explanation for why she chose to ignore these deadlines in the first place, especially in light of Mr. Langrick's repeated inquiries as to the status of these delinquent discovery responses over the course of the last 45 days.

Given Plaintiff's repeated and willful violations of discovery obligations and deadlines, it is readily apparent that after the Court denied her attempts to halt discovery, Plaintiff simply took it upon herself to impose a unilateral and unsanctioned "stay" of discovery by flouting the Federal Rules and by flatly refusing to serve written responses to Mr. Langrick's routine Rule 33, 34, and 36 discovery requests. Only *after* the deadlines were ignored and *after* Mr. Langrick brought this to the Court's attention via a motion to compel has Plaintiff now belatedly requested an "extension" of those deadlines. ***This kind of behavior cannot and should not be countenanced.*** Plaintiff's Letter Motion should be denied, Mr. Langrick's two pending motions to compel discovery responses should be granted, and the full panoply of Rule 37 sanctions should and must be on the table if Plaintiff is going to persist in her complete refusal to participate in discovery and to comply with the Federal Rules.

Mr. Langrick's pending motions to compel are about as straightforward as it gets: he has served written discovery on Plaintiff, and Plaintiff has refused to serve written responses and objections as required. As noted in Mr. Langrick's first pending Motion to Compel [Dkt. 32], Plaintiff has refused, despite repeated requests and warnings of the consequences, to serve any written response to Mr. Langrick's February 1, 2019 First Set of Requests for Production. Those written responses are now *45 days* past due. Plaintiff has offered literally no justification whatsoever for her refusal to serve written responses as required by Rule 34, and her failure to serve timely responses results in a complete waiver of objections such as scope, relevance, burden, and the like.

Incredibly, while Mr. Langrick's motion to compel concerning the RFP responses was already pending, Plaintiff then blew her April 15, 2019 deadline to respond to Mr. Langrick's Second Interrogatories and First Requests for Admissions. Again, by doing so, Plaintiff has waived any objections to the interrogatories, and she is deemed to have admitted each request for admission. The refusal to timely respond to these discovery requests is the subject of Mr. Langrick's other pending motion to compel [Dkt. 37].[1]

Now that she is facing motions to compel, Plaintiff purports to seek an extension of these already-blown deadlines that she consciously chose to ignore, but she offers no good cause whatsoever for her recalcitrance. Instead, her Letter Motion vaguely complains of the scope of Mr. Langrick's discovery requests and appears to offer this complaint as justification for her total failure to serve written responses to Mr. Langrick's discovery requests. But Rules 33, 34, and 36 designate and *mandate* the time and place where such an objection must be asserted to be preserved – **which is in the very written responses that Plaintiff has refused to serve**. The assertion and preservation of objections such as scope and relevance are half the reason for serving written discovery responses, **not an excuse for failure to do so**. The failure to serve objections results in waiver as a matter of law, rendering Plaintiff's absurdly belated protestations regarding the scope of these requests entirely moot.

Plaintiff's Letter Motion complains of "proliferating discovery disputes," "cascading motions," and a "hornets' nest" of discovery issues such that an "in person" meeting with Your Honor is necessary to "sort things out." Respectfully, there is nothing to "sort out," there is no "hornets' nest," and *there is no actual disputed issue*. There is just one party that has sought to actually litigate this case by serving routine interrogatories, requests for production, and requests for admissions as authorized by the Federal Rules. And then there is another party that is willfully and brazenly refusing to participate in discovery, refusing to comply with deadlines, and making a mockery of the Federal Rules. Plaintiff's conduct is inexplicable, it is sanctionable, and it is making it impossible for Mr. Langrick to defend himself against the malicious and false claims that Plaintiff chose to file.

Plaintiff's requested "extension" of already-blown deadlines should be denied and Mr. Langrick's motions to compel should be granted. If Plaintiff persists in this kind of obstinate

---

[1] Plaintiff did not request an extension from Mr. Langrick on or before any of these deadlines, as she implicitly acknowledges in footnote 1 of her Letter Motion. The failure to request any extensions from Mr. Langrick before belatedly requesting them from the Court, after the deadlines had passed, violates the Federal Rules, the Local Rules, and Your Honor's Individual Practice Rules, all of which impose a meet and confer requirement for such motions.

conduct, the full panoply of Rule 37 sanctions must be on the table to compel her and her counsel's participation in discovery and compliance with deadlines. At some point, if Plaintiff and her counsel are going to flatly refuse to engage in discovery regarding claims that Plaintiff chose to file, her case ought to be dismissed outright and with prejudice.

Sincerely,

Andrew C. Phillips

Cc: All counsel of record via ECF.