# HENRY R. KAUFMAN, P.C.
ATTORNEYS AT LAW
60 EAST 42ND STREET
47TH FLOOR
NEW YORK, NEW YORK 10165

(212) 880-0842
FACSIMILE (212) 682-1965

WWW.HRKAUFMAN.COM
HKAUFMAN@HRKAUFMAN.COM

April 22, 2019

Hon. Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Monica Morrison v. Robert Langrick: 1:18-cv-06127 (CBA) (RML):
<u>PLAINTIFF MORRISON'S OPPOSITION TO SECOND MOTION TO COMPEL</u>

Dear Judge Levy,

This letter responds in opposition to Defendant Langrick's second motion to compel, dated April 18.

Mr. Phillips' letter motion of the 18th was specifically filed in relation to an alleged default as of April 15 – on discovery responses *due April 14* – in regard to Plaintiff's alleged failure to timely respond to a total of four additional interrogatories (2d set; responses to 1st set timely filed) and 1st requests for two admissions, both of the latter already informally admitted, without objection, during a meet & confer telephone conversation on April 4, 2019.

Unfortunately, as we predicted in our April 17 motion for an extension of time and an in-person conference with Your Honor, Mr. Phillips has rushed forward with his second motion to compel, without any serious good faith effort to resolve many of the issues he is now raising. Moreover, the related (if not identical) issues previously raised on behalf of Ms. Morrison remain unresolved. The unexplained failure by Mr. Phillips to ever respond to our detailed, proposed good faith compromise, following our meet and confer call on April 4, set forth in our letter of April 9 (Exhibit A to our April 12 response to Defendant's first motion to compel of April 10) or even to acknowledge its existence in his most recent two or three communications with this Court is baffling to us.

The foregoing very busy – yet almost entirely unproductive – first half of April in relation to the scope of discovery is precisely what we were asking Your Honor to address and help to resolve in our motion for an in-person conference.

    The unresolved sticking point – addressed in our previous submissions to Your Honor, but which Mr. Phillips has not deigned to mention or discuss – requires judicial review and resolution, we respectfully submit, of this discovery dispute which has enormous ramifications for Ms. Morrison.

    To briefly review this critical yet unresolved issue, nearly three weeks ago (April 2) we first advised Mr. Langrick that Ms. Morrison's "Initial Disclosures" were unnecessarily overbroad in certain significant respects and would need to be amended. In turn, such amendments would require us to also amend Plaintiff's timely answers to Defendant's first set of interrogatories and would also require narrowing the scope of certain of Defendant's discovery, which was already under way with mental and health professionals and with former employers of Ms. Morrison pursuant to a panoply of demanded HIPPA waivers and third-party subpoenas.

    Without rehashing this dispute at greater length (it is more fully addressed in our April 17 letter motion for an extension and a conference), suffice to say that Ms. Morrison's claims for damages in her case-in-chief, as clearly set forth in her *ad damnum*, are limited to the period from on and after February 12, 2018, the date when Mr. Langrick first communicated (through counsel) his threat to commence a slander action against Ms. Morrison if she did not shut up about Mr. Langrick's drunken sexual assault of May 2005 and if she did not enter into the unconscionable and unenforceable NDA that is the subject of Plaintiff's Second Cause of Action for Declaratory Relief.

    In a spirit of compromise, in our letter of April 9 to Mr. Phillips, we offered to extend the period of relevant discovery back more than an additional year before the relevant damages period, to January 1, 2017. Mr. Phillips, with no justification whatsoever in our view, never responded to our compromise proposal and is continuing to pursue discovery relating back an additional 13 to 16 years –that, based on our limited damages claim, would be entirely irrelevant to the case in chief (and we submit to Defendant's counterclaims as well), not to mention that it would intrude into intimate yet irrelevant details of Ms. Morrison's personal life for that outrageously long period of time.

    In sum, Ms. Morrison respectfully requests that Defendant's second motion to compel – including all of its related requests to strike pleadings and impose sanctions, etc. –be denied and that this Court should extend Plaintiff's time to respond to open discovery requests and to amend certain previous responses until these critical disputes can be resolved.

    Your Honor is also respectfully referred to our letter of this date replying to Mr. Langrick's opposition to our motion for an extension of time and court conference.

    Respectfully submitted,

*Henry R. Kaufman*  
Henry R. Kaufman  
*Attorney for Plaintiff Morrison*

Cc: All counsel (VIA EFILE)