

# CLARE LOCKE
L L P

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

May 21, 2019

Via ECF

Hon. Judge Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Monica Morrison v. Robert Langrick,* No. 1:18-cv-06127 (CBA) (RML): Motion for Sanctions Regarding Plaintiff's Refusal to Cooperate in Discovery and Plaintiff's Flagrant Violation of this Court's Orders Regarding Discovery.

Dear Judge Levy:

    I write on behalf of my client Robert Langrick, Defendant and Counterclaimant in the above-referenced action, and in accordance with Local Rule 37.3 and Your Honor's Individual Rules, to seek an order for sanctions with respect to Plaintiff's ongoing refusal to cooperate in discovery and her flagrant disregard of this Court's recent orders.

    As the Court knows, Mr. Langrick served his First Set of Requests for Production of Documents ("RFPs") to Plaintiff on February 1, 2019. (Ex. A). Plaintiff did not serve her written responses and objections by the March 4, 2019 deadline. *See* Fed. R. Civ. P. 34(b)(2)(A); 6(a)(1). On April 10, Mr. Langrick moved for an order compelling Plaintiff to respond to those RFPs, as well as finding that Plaintiff's objections to the same had been waived for failure to serve written responses and objections as required by Rule 34. (*See* April 10 Letter [Dkt. 32]). On May 6, 2019, the Court held a telephonic hearing on Mr. Langrick's motion to compel. Although the Court acknowledged that Plaintiff had not served timely written responses to Mr. Langrick's RFPs as required by Rule 34, and although Plaintiff offered literally no excuse whatsoever for her failure to do so, the Court nevertheless declined to find waiver of objections and instead granted Plaintiff an additional extension of 14 days to serve her written RFP responses (which at that time were *already* 63 days overdue). In doing so, the Court made it very clear that the reason written responses are



required by Rule 34 is to allow the Court to evaluate individual objections to specific document requests in context. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C) (requiring that a responding party assert individual responses and objections in writing to each document request). In fact, at the same time, the Court also scheduled a telephonic discovery hearing for Friday, May 24 to allow the parties to argue those written responses and objections that Plaintiff was ordered to serve on May 20. (*See* May 6, 2019 Order; May 20, 2019 Order (ordering that "Plaintiff shall respond to outstanding document demands by 5/20/2019")).

Given Plaintiff's well-documented history of recalcitrance and her longstanding refusal to comply with her discovery obligations, it comes as little surprise that May 20 has come and gone, and **Plaintiff has not served written responses and objections to Mr. Langrick's RFPs as required by the Rules and as ordered by the Court**. Plaintiff *also* failed to serve her long-overdue responses to Mr. Langrick's Requests for Admissions, which the Court had *also* ordered her to do. (*See id.*) In fact, the only things Plaintiff did serve on May 20, 2019 were "corrected" versions of her Initial Disclosures and Interrogatory responses—in which she sought to somehow retract and claw back the bare-bones discovery information she had previously provided—and her own set of *offensive* discovery responses to Mr. Langrick. In other words, Plaintiff's counsel chose to spend their time drafting new discovery requests to Mr. Langrick rather than drafting responses to Mr. Langrick's long-pending requests, as the Court had unambiguously ordered Plaintiff to do.

Plaintiff's responses to those RFPs are now **78 days overdue** and her responses to the RFAs are **36 days overdue.**[1] Plaintiff has willfully blown and ignored not only the deadlines imposed by the Federal Rules, but **also a direct Order from this Court**. Mr. Langrick wishes to remind the Court that Plaintiff is not appearing in this case pro se. To the contrary, she is represented by two Harvard-educated attorneys who have been practicing for a long time and who cannot feign ignorance of the Federal Rules or of the importance of obeying a direct order from the Court— especially when the Order in question graciously awarded an unearned reprieve on already-blown discovery deadlines. When this issue came before the Court on May 6, 2019, those same attorneys did not even attempt to show good cause for their failure to respond to Mr. Langrick's discovery requests, and considering that the Court was very clear with Plaintiff's counsel during the May 6 hearing and in its subsequent Orders, there is simply no possibility that Plaintiff's counsel misunderstood the Court's unambiguous directions. This latest flagrant flouting of the Court's discovery Orders clearly demonstrates that Plaintiff and her counsel are of the belief that they can brazenly disregard **even direct Orders from the Court** and that there will not be any consequences for doing so.

Mr. Langrick respectfully requests that the Court use the means at its disposal to compel compliance with the Federal Rules and with its own unambiguous discovery orders.

---

[1] Plaintiff belatedly served her responses to the RFAs on May 21, 2019, after counsel for Mr. Langrick emailed counsel for Plaintiff and informed him that Plaintiff failed to serve the same on May 20, 2019.



Surely at this point Plaintiff has waived any and all objections to Mr. Langrick's requests for production, and the Court should so hold.  *See, e.g., Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (noting "consistent authority that a failure to serve timely responses to document requests serves as a waiver of objections"); *Labarbera v. Absolute Trucking, Inc.*, No. CV 08-4581, 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 237 (W.D.N.Y. 1998) ("Thus, by failing to comply with Rule 34(b), Plaintiff waived its right to object to Defendants' Requests.")

And because the threat of waiver alone has already proven insufficient, the Court can and should consider all of the sanctions available under Federal Rule 37(b)(2)(A), which governs a party's refusal to comply with an order of the court relating to discovery.  Those sanctions include, but are not limited to, striking pleadings in whole or in part; dismissing the action in whole or in part; rendering a default judgment; and/or issuing a finding of contempt.

And in accordance with Rule 37(b)(2)(C), the Court also **must** direct either Ms. Morrison or her counsel to pay the outrageous costs and attorney's fees that Mr. Langrick has had to incur in this so-far fruitless bid to obtain routine, required, written responses to RFPs that he served **all the way back on February 1, 2019**.  See e.g., Fed. R. Civ. P. 37(a)(5)(A), (d); *Paralikas v. Mercedes Benz, LLC*, No. CV 07-0918 ERK WDW, 2008 WL 111186, at *1 (E.D.N.Y. Jan. 9, 2008) (granting plaintiff's motion to compel based on defendant's failure to respond to interrogatories and RFPs and awarding plaintiff reasonable attorney's fees and costs pursuant to Rule 37(a)(5)(A)); *Doug's Word Clocks.com Pty Ltd. v. Princess Int'l, Inc.*, 323 F.R.D. 167, 176 (S.D.N.Y. 2017) (awarding attorneys' fees associated with letter motion to compel and holding that fees and costs must generally be awarded when such a motion is granted).

In sum, Mr. Langrick requests that: (1) Plaintiff be ordered to immediately serve written responses and objections to Mr. Langrick's RFPs as previously ordered; (2) that the Court find waiver of objections as to Mr. Langrick's RFPs; (3) that either Plaintiff or her counsel be directed to reimburse Mr. Langrick for the costs and attorneys' fees associated with his having had to move multiple times to obtain these required discovery responses; (4) that Plaintiff be ordered to make a full production of all responsive documents on a date certain in the very near future; and (5) that the Court consider whether a finding of contempt and/or additional sanctions is warranted pursuant to Federal Rule 37(b)(2)(A).

Andrew C. Phillips

Cc: All Counsel of record via ECF.