**HENRY R. KAUFMAN, P.C.**
ATTORNEYS AT LAW
60 EAST 42ND STREET
47TH FLOOR
NEW YORK, NEW YORK 10165

OFFICE: (212) 880-0842
MOBILE: (914) 589-7963
FAX: (212) 682-1965
HKAUFMAN@HRKAUFMAN.COM
WWW.HRKAUFMAN.COM

May 23, 2019

Hon. Robert M. Levy
United States Magistrate Judge
225 Cadman Plaza East
Brooklyn, NY  11201

Monica Morrison v. Robert Langrick: 1:18-cv-06127 (CBA) (RML)

Dear Judge Levy,

I respectfully submit this letter in opposition to the most recent letter/motion filed by defendant Robert Langrick once again seeking sanctions for this counsel's alleged refusal to cooperate in discovery while ignoring defendant's counsel's own failure to attempt to resolve such issues in good faith. And at the same time, defendant's counsel is also seeking to obfuscate the central unresolved issue at this moment which is to define the proper scope and an appropriately limited timeframe for discovery.

(1) Discovery and Sanctions

With all due respect, defendant's counsel's ill-tempered submission is once again much ado about very little. As he acknowledges, the date set by this court for this counsel to respond to open discovery demands was May 20, 2019. On that date[1] I served Mr. Phillips with the following discovery responses that he sought:

• Plaintiff's Initial Disclosures (corrected and amended)
• Plaintiff's Answers to Defendant's First Set of Interrogatories (corrected and amended)
• Plaintiff's Answers to Defendant's Second Set of Interrogatories
• Plaintiff's First Request for Admissions to Defendant

On that date I also attempted to serve defendant with two additional discovery documents:

• Plaintiff's Second Set of Interrogatories to Defendant
• Plaintiff's Responses to Defendants First Requests for Admissions

---

[1] Acknowledging actually being 4 minutes late at 12:04AM.

Hon. Robert M. Levy  HENRY R. KAUFMAN, P.C.
May 23, 2019  ATTORNEY AT LAW
Page 3 of 3

Unfortunately, due to my clerical error, two duplicate documents were sent instead. When I was advised by Mr. Phillips of the error, on May 21, I immediately sent him the two missing documents.

Finally, following the May 20 (and 21) production of those 6 discovery documents, the only document remaining for us to serve was Plaintiff's Response to Mr. Langrick's First Request for Production of Documents. We served that final (7th) document on May 22.

(2) <u>Unresolved Dispute over Scope and Time Frame of Discovery</u>

What defendant's counsel also neglects to inform the court – once again – is that the costs of preparing his various flurries of indignant letter motions were unnecessary, self-inflicted wounds. In fact, defendant's counsel has persistently – and unfortunately in bad faith, I submit – refused to acknowledge his own undeniable role in needlessly compounding the alleged discovery disputes, for which he now audaciously seeks attorneys' fees and costs.

Thus, what defendant's counsel has conveniently omitted, from each of his multiplicity of discovery motions, is that this counsel had proposed a well thought out compromise to provide defendant with the information he would legitimately need for an appropriate period of time – but a period of less than 14-16 years! Indeed, after a meet and confer conference call in April, we set forth that detailed proposed compromise in writing. But, rather than deign to even respond to it, defendant's counsel made a wasteful (and ultimately unsuccessful) motion to this Court dated April 10, 2019, which failed even to mention the compromise proposal he had unilaterally decided to ignore. The proposed compromise that he so blithely ignored was dated April 9 – the day before his motion – and was attached as Exhibit A to our opposition to the motion dated April 12, 2019. (Document 33 on this Court's Docket).[2]

Most recently, this Tuesday, after attempted service of 6 out 7 of the overdue discovery documents, defendant's counsel categorically rejected my request for a meet and confer telephone call to narrow, to the extent possible, remaining areas of disagreement before the scheduled telephone conference with Your Honor on Friday. In proposing this meet and confer we were particularly focused on the appropriate time period of discovery in light of plaintiff's clarification – articulated in her May 20, 2019 discovery responses – that she is *not* seeking damages for emotional distress in her case-in-chief. Your Honor may recall this was a clarification, discussed during the last telephone conference, that Your Honor indicated was a critical point to be resolved, if possible, among counsel.

In sum, defendant's counsel should not be rewarded for continuing to burden this Court with redundant motions, and thus should not be awarded the relief he seeks, including attorneys' fees, for his own costly decisions to make repetitive, wasteful, materially misleading and altogether unnecessary motions rather than attempt to resolve the parties' legitimate differences over the scope and time frame of discovery.

---

[2] An ensuing series of similar failures to address these pivotal issues in good faith, or to advise the court of these unresolved disputes, could be readily catalogued if Your Honor so desires.

Hon. Robert M. Levy  　　　　　　　　　　　　　　　　　　　　Henry R. Kaufman, P.C.
May 23, 2019  　　　　　　　　　　　　　　　　　　　　　　　　　　Attorney at Law
Page 3 of 3

(3)  <u>Clarifying the Parties' Conflicting Views of this Case</u>

In its essence this case revolves around two separate but each pivotal time periods. The first is the period of the drunken encounter between Robert Langrick and Monica Morrison at Dartmouth in May of 2005, and the ensuing police investigation and other contemporaneous events and fallout immediately resulting from the alleged sexual assault. The other is the period – nearly thirteen years later – of the three alleged defamations by Ms. Morrison regarding the 2005 incident, of and concerning Mr. Langrick, beginning on January 2, 2018. And whatever Ms. Morrison may have said about Mr. Langrick before 2018 is beyond the one-year statute of limitations for defamation and no longer actionable.

It should be needless to say (although defendant's counsel has attempted to put it in issue) that litigation of the defense of Mr. Langrick's three pending defamation counterclaims (and Ms. Morrison's first claim for declaratory relief in her case-in-chief) still requires exploration of the 2005 events, at least in order to judge whether Mr. Langrick can possibly meet his burden in this case of proving that, what Ms. Morrison has been currently saying about his assaultive behavior in 2005, is factually false.

Accordingly, when Mr. Langrick's counsel now vigorously contends that Ms. Morrison cannot reasonably limit the time period of contemporaneous discovery to one or at most two years, because she is at the same time pursuing discovery focusing on the events of 2005, that is quite simply sophistry.

Which brings us to the roughly dozen-year period (2017 or 2018, back to 2005 or 2006) Mr. Langrick wants open license to intrusively explore on a theory – with zero factual basis – that Ms. Morrison is a "golddigger" who he will establish has a history of lying about sexual assaults in order to collect large settlements. And he seeks to be allowed to establish that theory by adding a dozen years to the discovery time frame even though he will have to admit that Ms. Morrison may be the most patient golddigger in the annals of grifting because during the 14 years between the alleged sexual assault and the filing of her action she never asked him for a single penny as a result of the 2005 incident.

Defendant's counsel now seeks to compound these complications by insisting that upwards of half of Ms. Morrison's life must be an open book to her assaulter because, in recounting the "background" of her story (see complaint ¶7), she noted in passing the "grievous long-term impact" on her of the 2005 assault. Yet this counsel has on multiple occasions attempted to clarify that Ms. Morrison's damage claims are limited to the less than two-year period since Mr. Langrick began threatening her with suit. And now she has formally confirmed that she is not seeking emotional damages of any kind in this action.

In closing, and in light of Mr. Phillips' continuing failure to discuss the appropriate scope and time time period for discovery in good faith, we respectfully request that Your Honor help the parties come to agreement on this issue in the telephone conference that is scheduled for tomorrow at 2:00PM.

　　　　　　　　　　　　　　　　　　　　　　　Respectfully Yours,
　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　Henry R. Kaufman, *Attorney for Plaintiff*

cc: All Counsel via e-file