

C L A R E L O C K E
L L P

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314
(202) 628-7400
www.clarelocke.com

July 26, 2019

Via ECF

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Monica Morrison v. Robert Langrick*, No. 1:18-cv-06127 (CBA) (RML): Motion to Compel and for Sanctions**

Dear Judge Levy:

In accordance with Local Rule 37.3 and Your Honor's Individual Practice Rules, I write on behalf of my client Robert Langrick, Defendant and Counterclaimant in the above-referenced action, to seek an order compelling Plaintiff Monica Morrison to produce documents in response to Defendant Robert Langrick's long-outstanding requests for production.

**FACTUAL BACKGROUND**

The history of this case may be familiar to Your Honor as Mr. Langrick has had to file multiple motions to compel in what thus far remains a futile effort to force Plaintiff to participate in discovery in a lawsuit that she filed. On ***February 1, 2019***, Mr. Langrick served his First Set of Requests for Production of Documents to Plaintiff Monica Morrison ("RFPs"). (Ex. A.) Under Rule 34, Plaintiff's responses were due no later than March 4, 2019. *See* Fed. R. Civ. P. 34(b)(2)(A); 6(a)(1). Plaintiff did not serve written responses despite repeated requests and admonitions from Mr. Langrick's counsel. On April 10, Mr. Langrick filed a letter Motion to Compel [Dkt. 32], requesting that the Court find waiver of objections to Mr. Langrick's RFPs and order Plaintiff to provide responses as required by Rule 34. Plaintiff did not serve responses even after the filing of the motion to compel. Your Honor held a telephonic hearing on May 6, 2019, after which it ordered Plaintiff to respond to outstanding discovery requests by May 20, 2019 (*see* May 6 and May 20 Orders). Plaintiff failed to do so, and Mr. Langrick filed another Letter Motion seeking an order compelling Plaintiff to comply with the Court's Orders and for sanctions for failure to cooperate in discovery [Dkt. 42]. Only after Mr. Langrick filed that Motion did Plaintiff finally serve written

responses to Mr. Langrick's RFPs on May 22, 2019—***79 days after those responses were due under the Federal Rules***. (Ex. B.)

Following yet another telephonic hearing on May 24, 2019, Your Honor denied Mr. Langrick's request for sanctions and ordered the parties to meet and confer regarding Plaintiff's responses and objections to Mr. Langrick's RFPs.[1] On June 12, 2019, counsel for Mr. Langrick sent Plaintiff's counsel Henry Kaufman a detailed meet-and-confer letter, explaining that many of Plaintiff's objections to Mr. Langrick's requests were completely meritless and that Plaintiff was attempting to improperly limit the temporal scope of discovery. (Ex. C.)[2] Counsel for Mr. Langrick also noted that four months after Mr. Langrick served his RFPs, Plaintiff had still produced no documents and had not given any timetable for when that might happen. Counsel for Mr. Langrick requested a telephone call to meet and confer and resolve the objections within a week. On June 17, Mr. Kaufman responded that he was "basically underwater" and that he would not be available to meet and confer until the week of June 24. (Ex. D.) Mr. Langrick's counsel protested the further delay but had no choice but to schedule the call for June 24. During that call, Mr. Kaufman declined to take a firm position on any of the disputed discovery issues but stated he would respond no later than end-of-day June 26 with his position. Plaintiff's counsel did not do so, but after a follow-up email from Mr. Langrick's counsel inquiring as to the status of Plaintiff's response, Mr. Kaufman finally sent a letter setting forth Plaintiff's revised responses as to Mr. Langrick's RFPs. (Ex. E.)

Mr. Kaufman's June 27, 2019 letter capitulated on nearly all of Plaintiff's meritless objections and Plaintiff stated she would produce the documents Mr. Langrick has been seeking since February 4. Mr. Kaufman also committed to making a fulsome production of documents by the close of the following day, or at a minimum, "as soon as possible next week." Plaintiff did not make a document production on June 28 or during the following week. Instead, on July 8, Mr. Kaufman emailed to say the production would be completed that week. (Ex. F.) It was not. Then, on July 17, Mr. Kaufman emailed Mr. Langrick's counsel, stating that while he "still intend[s]" to make a production of documents as agreed, he is "intensely busy" and his co-counsel is on her "traditional four-week summer vacation in Switzerland." (Ex. G.). Counsel for Mr. Langrick then gave Mr. Kaufman a deadline of noon on July 26 to finally make a production of documents or face a motion to compel, but Mr. Kaufman failed to do so. Instead, he attempted to backtrack on his earlier agreement as to what he would produce, complained that the document review was an "immense task," and offered no date by which he would produce any documents. This Motion follows.[3]

---

[1] Mr. Langrick was also forced to file a Letter Motion to compel [Dkt. 37] when Plaintiff failed to timely respond to his requests for admissions and interrogatories. Only after being ordered to do so by the Court did Plaintiff finally serve responses to those discovery requests some ***six weeks*** after they were due.

[2] Notably, although those May 22 RFP responses asserted many meritless objections, Plaintiff did agree to produce several categories of requested documents. But despite acknowledging these documents are relevant and discoverable, two months have passed, and Plaintiff still has not produced any of them.

[3] Plaintiff's stall tactics extend beyond the refusal to respond to discovery requests. For example, Plaintiff claims to be seeking economic damages, but Mr. Kaufman refuses to provide a calculation of damages as required by Rule 26, or even to disclose ***the amount*** of damages that Plaintiff is

## ARGUMENT

Mr. Langrick is at a loss as to what to do to convince Plaintiff and her counsel to comply with their discovery obligations. It is abundantly clear that—although she filed this case—Plaintiff has no intention of actually prosecuting it, and even less interest in providing discovery with respect to Mr. Langrick's pending counterclaims. Mr. Langrick served his RFPs ***nearly six months ago***, but to date, ***Plaintiff has not produced a single document in this case***. ***Not one page***. After refusing to even serve written responses to Mr. Langrick's RFPs until 79 days after they were due—and only after being ordered to do so by the Court—Plaintiff is now refusing to actually produce documents responsive to those RFPs. The pattern of recalcitrance, delay, and stall tactics is breathtaking, as Plaintiff has willfully and brazenly blown and ignored the discovery deadlines set forth in the Federal Rules, as well as her own representations as to when documents would be forthcoming, in an obvious effort to try to run out the clock on discovery. Mr. Langrick has repeatedly sought Plaintiff's voluntary compliance, and when that failed, has repeatedly asked the Court to intervene and impose consequences on Plaintiff's counsel for this unacceptable behavior. The Court has thus far been exceedingly gracious with Plaintiff's counsel by granting belated extensions of deadlines that were months past and by declining to impose any sanctions.

Respectfully, Mr. Langrick submits that the Court's patience ought to be at an end. Mr. Langrick has been prejudiced in his ability to defend against Plaintiff's claims and to prosecute his claims as a result of Plaintiff's refusal to engage in discovery in this case. Because it is clear that Plaintiff will never make a document production unless the Court orders her to do so, Mr. Langrick requests that the Court order Plaintiff to immediately produce all documents responsive to Mr. Langrick's RFPs so that discovery in this case can move forward.[4] And once again, Mr. Langrick requests that the Court consider the full panoply of Rule 37 sanctions available to it, including monetary sanctions, an award of costs and fees for this Motion, striking pleadings, claims, or defenses, and involuntary dismissal for failure to prosecute pursuant to Rule 41.

---

seeking. (Ex. H.) Mr. Kaufman agreed over a month ago to supplement Plaintiff's deficient responses to Mr. Langrick's Second Interrogatories—which Plaintiff served 35 days late only after being ordered to do so—but has failed to do that. Plaintiff claims to be in possession of affidavits from relevant witnesses that Mr. Langrick needs to depose, but she will not produce them. Plaintiff claimed to require provision of a subpoena in order to produce a relevant settlement agreement, but then never turned the document over after being provided with one. Mr. Kaufman at one point claimed he could not begin producing documents because of confidentiality concerns, but when Mr. Langrick's counsel offered to enter into Your Honor's form protective order, Mr. Kaufman never responded. Mr. Kaufman has also refused to provide a date on which his client is available for deposition.

[4] During the hearing, Mr. Langrick's counsel intends to discuss with the Court an appropriate extension of deadlines in this case. Fact discovery is currently set to close on September 12, which is unrealistic given that August is approaching, and Plaintiff has not produced a single document. (*See* Feb. 7, 2019 Order.) Although both parties indicated they were unlikely to designate experts, the agreed-to schedule included an extended "buffer" period for expert discovery through November 25 in case that time was needed to complete fact discovery. It absolutely will be, but Mr. Langrick cannot even request a date-certain for close of discovery as he has no idea if or when Plaintiff will actually begin to respond to discovery.

Sincerely,

Andrew C. Phillips

Cc: All counsel of record via ECF.