# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONICA MORRISON,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERT LANGRICK,<br><br>                    Defendant. | CASE NO. 1:18-cv-06127 (CBA)(RML) |

**DEFENDANT ROBERT LANGRICK'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF MONICA MORRISON**

Pursuant Federal Rule of Civil Procedure 34, Defendant Robert Langrick hereby submits his First Set of Requests for Production of Documents to Plaintiff Monica Morrison.  In accordance with Rule 34 of the Federal Rules of Civil Procedure, Ms. Morrison shall submit separate responses to the following requests within thirty (30) days of service.  These Requests for Production shall be read, interpreted, and responded to in accordance with the definitions and instructions set forth below.

**DEFINITIONS**

1.      "Ms. Morrison," "you," and "your" mean Monica Morrison, Plaintiff in the above-captioned action, and each of her agents, representatives, attorneys, and any other person acting or purporting to act on Ms. Morrison's behalf.  When used in requests for the production of documents, the terms "Ms. Morrison," "you," and "your" should be read to include material on any website, blog, social media feed, or other digital content or platform that Ms. Morrison directly or indirectly owns, operates, or controls, including, but not limited to, Medium, Twitter, and Facebook.

2.      "Defendant" and "Mr. Langrick" mean Robert Langrick, Defendant in the above-captioned action.

3.      "Complaint" means the complaint Ms. Morrison filed on November 1, 2018 in the U.S. District Court for the Eastern District of New York, naming Mr. Langrick as a defendant.

4.      "Person" means any natural person or any business, legal, or governmental entity or association.

5.      "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomever made, including, but not limited to correspondence, conversations, dialogues, discussions, interviews, consultations, and other understandings between or among two or more persons, whether face-to-face, or by telephone, fax, letter, email, website, social-media service, or any other means.

6.      "ESI" means electronically stored information.

7.      "Alleged Sexual Assault" means the sexual assault you allege Mr. Langrick inflicted on you on or about May 8, 2005 in Hanover, New Hampshire.

8.      "Documents" is an all-inclusive term with the broadest possible meaning accorded to it under case law and the Federal Rules of Civil Procedure, and means the original (or a true and accurate copy if the original is not available) and each non-identical copy (which is non-identical because of alterations, attachments, blanks, comments, notes, underlining, or otherwise) of any writing or record (whether in electronic, tangible, or any other form) in your actual or constructive possession, custody, or control, including all documents you have provided to your counsel. "Document" shall include, but is not limited to, an electronic or computerized data compilation (including email and other computer-readable files), whether or not printed, stored, or displayed, and any preliminary versions, drafts, or revisions thereof, ESI, communication, memorandum,

letter, correspondence, electronic mail, text message, blog post, social media post, Internet post, report, note, message slip, telephone log or record, diary, journal, calendar, electronic organizer entry, writing, drawing, spreadsheet, presentation, ledger, minutes, financial report or record, draft, facsimile, contract, invoice, record of purchase or sale, graph, chart, photograph, video or audio recording, transcript, index, directory, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced, stored, or reproduced.  "Document" also includes the file, folder tabs, and labels appended to or containing any documents, as well as any metadata applicable to any document.

9.     The terms "relating to" and/or "referenced" mean relating to, reflecting, concerning, referencing, constituting, embodying, connected to, in connection with, comprising, regarding, evidencing, describing, identifying, stating, analyzing, containing information concerning, and/or in any way pertaining to the subject matter of this action.

## INSTRUCTIONS

1.      Words shall have the definition set forth above, regardless of whether they are capitalized or not.

2.      To bring within the scope of these Requests for Production all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (a) the singular shall include the plural and vice versa; (b) the masculine, feminine, or neuter pronoun shall not exclude other genders; (c) the connectives "and" and "or" shall be read either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production all responses that might otherwise be construed to be outside their scope; (d) the terms "any," "all," "each," or "every" shall be read to mean any, all, each, and every; (e) the word "including" shall be read to mean including without limitation; and (f) the present tense shall be construed to include the past tense and vice versa.

3.      These Requests for Production call for the production of documents that are in your actual or constructive possession, custody, or control, regardless of location, including in the possession, custody, or control of any current or former attorney(s), consultant(s), expert(s), and agent(s).  If a copy of a requested document is not identical to any other copy of the same document, by reason of alterations, marginal notes, comments, etc., all non-identical copies shall be produced.  All documents that are physically attached to each other when located for production shall be left so attached.

4.      If any document called for hereby was formerly in your possession, custody, or control and has been lost or destroyed, that document is to be identified in writing by: (a) addressor, addressee, and/or person who prepared or authorized the document; (b) date of preparation or transmittal; (c) subject matter; (d) number of pages, attachments, or appendices; (e) all persons to

whom distributed; (f) date of loss or destruction; and (g) if destroyed, the manner of destruction, reason for destruction, persons authorizing destruction, and persons destroying the document.

5.      All documents are to be produced in their entirety, without abbreviation or expurgation, including both back and front thereof, with all attachments or other matters affixed thereto.

6.      You shall produce responsive documents as they have been kept in the usual course of business.  If there is no document responsive to any particular category, you shall so state in writing.

7.      If you object to any part of a Request for Production, you must set forth your basis for the objection and respond to all parts of the Request for Production to which you do not object.

8.      If in the course of responding to these Requests for Production you encounter any ambiguity in the Requests for Production, in a definition, or in an instruction relevant to the Requests for Production, explain what you find to be ambiguous and what constructions you used in providing your answer.

9.      If production of any requested document is objected to on the grounds that production is unduly burdensome, explain and describe the nature of the claimed undue burden.

10.     If any document called for by any Request for Production herein is withheld because you claim that such document is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or by any privilege or protection from disclosure, provide a description of the basis of the claimed privilege or protection in accordance with applicable law, including: (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document, including, where appropriate, the author, addresses, custodian, and any other recipient of the document, and

where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

11.     No paragraph of these Requests for Production shall be construed with reference to any other paragraph for purposes of limitation.

12.     The specificity of any request herein shall not be construed to limit the generality or reach of any other request herein.

13.     These Requests for Production are continuing in nature, up to and during the course of trial.  In the event that you obtain additional documents that are responsive to these Requests for Production, you shall supplement your response to each such Request for Production and produce the additional documents promptly.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

All documents, including but not limited to writings, journals, articles, blog posts, and notes, relating in any way to Mr. Langrick or to the Alleged Sexual Assault.

### REQUEST FOR PRODUCTION NO. 2

All communications with any person concerning Mr. Langrick or the Alleged Sexual Assault.

### REQUEST FOR PRODUCTION NO. 3

All documents related to any mental health or therapy appointments and/or consultations you have had from January 1, 2003 to the present, including but not limited to those health care consultations referenced in Paragraph 9 of the Complaint.

### REQUEST FOR PRODUCTION NO. 4

All documents and communications related to the "agreement of non-disclosure for silence in the exchange of compensation" referenced in your blog post entitled "I Am Not Sorry," at the URL: https://medium.com/@monicamorrison/i-am-not-sorry-da048f09cece .

### REQUEST FOR PRODUCTION NO. 5

All documents and communications related to the "settlements" and "non disclosure agreements" referenced in your blog post entitled "Someone Really Doesn't Want You to Read This," at the URL: https://medium.com/@monicamorrison/someone-really-doesnt-want-you-to-read-this-42e29844f165 .

**REQUEST FOR PRODUCTION NO. 6**

All documents and communications related to the "transmedia and collective economic justice project" you call "Rape on the Blockchain," as referenced in your blog post found at the URL: http://box2076.temp.domains/~msunive1/rape-on-the-blockchain/.

**REQUEST FOR PRODUCTION NO. 7**

All communications with any media outlet or reporter regarding the Complaint, Mr. Langrick, or the Alleged Sexual Assault.

**REQUEST FOR PRODUCTION NO. 8**

All documents and communications related to your efforts to obtain funding for litigation against Mr. Langrick, including, but not limited to, the GoFundMe campaign posted at the URL: https://www.gofundme.com/svldf.

**REQUEST FOR PRODUCTION NO. 9**

All documents and communications relating to any other claims of sexual assault, sexual harassment, or rape that you have ever made against any person other than Mr. Langrick.

**REQUEST FOR PRODUCTION NO. 10**

All documents related to, supporting, or evidencing the allegation at Paragraph 7 of the Complaint that states: "the 2005 incident of sexual assault had a grievous, long-term impact on Ms. Morrison, psychologically and otherwise, including a severely damaging effect on her inter-personal life and her career trajectory."

**REQUEST FOR PRODUCTION NO. 11**

All documents evidencing traffic and visitor statistics for each of the following:
    A. Your website at the URL: http://box2076.temp.domains/~msunive1/;

    B. Your blog on Medium at the URL: https://medium.com/@monicamorrison;

    C. Your GoFundMe page at the URL: https://www.gofundme.com/svldf;

D.  Your YouTube video, published on December 6, 2018 entitled "#Me Too, Now What? What Happened to Me After I Spoke Up," at the URL: https://www.youtube.com/watch?time_continue=2&v=6KehVFJCEy0;

E.  Your YouTube video published on December 6, 2018 entitled "What Would It Mean If I Signed the NDA," at the URL: https://www.youtube.com/watch?v=5K78aXIUsUE;

F.  Your blog post entitled "I Think About your Wife," at the URL: https://medium.com/@monicamorrison/i-think-about-your-wife-a68be8cb5c39;

G.  Your blog post entitled "Someone Really Doesn't Want You To Read This," at the URL: https://medium.com/@monicamorrison/someone-really-doesnt-want-you-to-read-this-42e29844f165;

H.  Your blog post entitled "Lighting Up, Not Blacking Out," at the URL: https://medium.com/@monicamorrison/lighting-up-not-blacking-out-4f6ecf6b682f;

I.  Your blog post entitled "An Open Letter to Senator Gillibrand," at the URL: https://medium.com/@monicamorrison/an-open-letter-to-senator-gillibrand-76ac141e7354;

J.  Your blog post entitled "I Am The Mud," at the URL: https://medium.com/everyday-alchemy/i-am-the-mud-a58e0b7f61d7;

K.  Your blog post entitled "I Am Not Sorry," at the URL: https://medium.com/@monicamorrison/i-am-not-sorry-da048f09cece;

L.  Your blog post entitled "An Imaginary Rap Battle With My Rapist," formerly on your Medium blog at the URL: https://medium.com/@monicamorrison;

M.  You post entitled "Rape on the Blockchain," at the URL: http://box2076.temp.domains/~msunive1/rape-on-the-blockchain/; and

N.  Your Vimeo post entitled "Rapist," at the URL: https://vimeo.com/groups/510471.

These documents include but are not limited to those reflecting the total page views, unique visitors, and impressions.

Dated:  February 1, 2019

Respectfully Submitted,

*/s/ Andrew C. Phillips*

Thomas A. Clare (admitted *pro hac vice*)
Elizabeth M. Locke (admitted *pro hac vice*)
Andrew C. Phillips (admitted *pro hac vice*)
Shannon B. Timmann (admitted *pro hac vice*)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: tom@clarelocke.com
Email: libby@clarelocke.com
Email: andy@clarelocke.com
Email: shannon@clarelocke.com


Daniel A. Singer (DAS 0978)
THE LAW OFFICES OF DANIEL A. SINGER PLLC
New York, New York 10017
Telephone: (212) 569-7853
Email: dan@singerlaw.com

*Attorneys for Defendant-Counterclaimant*
*Robert Langrick*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant's First Set of Requests for Production of Documents to Plaintiff Monica Morrison in the above captioned matter was served on the below counsel of record on February 1, 2019, in accordance with the Rules of Civil Procedure:

Henry Kaufman
Henry R Kaufman PC
60 East 42nd Street, 47th Floor
New York, New York 10168
Telephone: (212) 880-0842
Email: hkaufman@hrkaufman.com

Carol S. Schrager
Law Offices of Carol A. Schrager
Empire State Building
350 Fifth Avenue
Suite 4307
New York, New York 10118
Phone: (212) 213-0657
Email: CarolASchrager@gmail.com

*Attorneys for Plaintiff Monica Morrison*

Dated: February 1, 2019                    By: */s/Andrew C. Phillips*
                                               Andrew C. Phillips