# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONICA MORRISON,  )<br>  )<br>Plaintiff,  )<br>  )<br>  )<br>v.  )<br>  )<br>ROBERT LANGRICK,  )<br>  )<br>Defendant.  )<br>  ) | CASE NO: 1:18 –cv-06127 (CBA)(RML) |

**PLAINTIFF MONICA MORRISON'S RESPONSES TO DEFENDANT ROBERT LANGRICK'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant Federal Rule of Civil Procedure 34, Plaintiff, Monica Morrison hereby submits her responses to Defendant Robert Langrick's first Set of Requests for Production of Documents.

**DEFENDANT'S REQUESTS FOR PRODUCTION
AND PLAINTIFF'S RESPONSES**

**REQUEST FOR PRODUCTION NO. 1**

All documents, including but not limited to writings, journals, articles, blog posts, and notes, relating in any way to Mr. Langrick or to the Alleged Sexual Assault.

**PLAINTIFF'S RESPONSE NO. 1:**

Ms. Morrison objects to this request to the extent that it seeks documents protected by attorney-client privilege, the doctor-patient privilege or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, and subject to an appropriate time frame limitation approved by the Court, Ms. Morrison states that she will

produce any responsive, non-privileged documents that are in her possession, custody and control.

**REQUEST FOR PRODUCTION NO. 2**

All communications with any person concerning Mr. Langrick or the Alleged Sexual Assault.

**PLAINTIFF'S RESPONSE NO. 2**

Ms. Morrison objects to this request to the extent that it seeks documents protected by attorney-client privilege, the doctor-patient privilege or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, and subject to an appropriate time frame limitation approved by the Court, Ms. Morrison states that she will produce any responsive, non-privileged communications that are in her possession, custody and control.

**REQUEST FOR PRODUCTION NO. 3**

All documents related to any mental health or therapy appointments and/or consultations you have had from January 1, 2003 to the present, including but not limited to those health care consultations referenced in Paragraph 9 of the Complaint. 2017 – FORWARD

**PLAINTIFF'S RESPONSE NO. 3**

Ms. Morrison objects to this request to the extent that it appears to seek only documents protected by the doctor-patient privilege. Subject to and without waiving the foregoing specific objection, and subject to an appropriate time frame limitation approved by the Court, including a limitation on all documents related to any period prior to May 7 and 8, 2005, Ms. Morrison states that she will produce any responsive, non-privileged documents that are in her possession, custody and control.

**REQUEST FOR PRODUCTION NO. 4**

All documents and communications related to the "agreement of non-disclosure for silence in the exchange of compensation" referenced in your blog post entitled "I Am Not Sorry," at the URL: https://med ium.com/@mon icamorrison/i -am-not-sorry-da048f09cece .

**PLAINTIFF'S RESPONSE NO. 4**

Ms. Morrison objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, and subject to provision to Ms. Morrison of a formal subpoena and/or a court order in proper form, Ms. Morrison states that she will produce any responsive, non-privileged communications that are in her possession, custody and control and that she will also take any and all steps necessary to comply with the confidentiality provisions of the underlying settlement and non-disclosure agreement.

**REQUEST FOR PRODUCTION NO. 5**

All documents and communications related to the "settlements" and "non disclosure agreements" referenced in your blog post entitled "Someone Really Doesn't Want You to Read This," at the URL: https://med ium.com/@monicamorrison/someone-really-doesnt-want-you-to-read-this-42e29844fl 65 .

**PLAINTIFF'S RESPONSE NO. 5**

Ms. Morrison objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work product doctrine. Subject to and without waiving the foregoing specific objections, Ms. Morrison states that she will produce any responsive, non-privileged communications that are in her possession, custody and control.

**REQUEST FOR PRODUCTION NO. 6**

All documents and communications related to the "transmedia and collective economic justice project" you call "Rape on the Blockchain," as referenced in your blog post found at the URL: http://box2076.tem p.domains/ msu n i ve I /rape-on-t he-block chain/.

**PLAINTIFF'S RESPONSE NO. 6**

Ms. Morrison states that she will produce any responsive, non-privileged documents and communications that are in her possession, custody and control.

**REQUEST FOR PRODUCTION NO. 7**

All communications with any media outlet or reporter regarding the Complaint, Mr. Langrick, or the Alleged Sexual Assault.

**PLAINTIFF'S RESPONSE NO. 7**

Ms. Morrison objects that this request seeks irrelevant communications, it constitutes a "fishing expedition," it is not reasonably calculated to lead to the discovery of admissible evidence and it trenches on Ms. Morrison's rights of free expression. Ms. Morrison states, however, that she will produce, within the time period February 12, 2018 forward, any responsive, non-privileged communications that are in her possession, custody and control.

**REQUEST FOR PRODUCTION NO. 8**

All documents and communications related to your efforts to obtain funding for litigation against Mr. Langrick, including, but not limited to, the GoFundMe campaign posted at the URL: https://www.gofundme.com/svldf.

**PLAINTIFF'S RESPONSE NO. 8**

Ms. Morrison objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work product doctrine. Subject to and without waiving the foregoing specific objections, Ms. Morrison states that she will produce any responsive, non-privileged documents and communications that are in her possession, custody and control.

**REQUEST FOR PRODUCTION NO. 9**

All documents and communications relating to any other claims of sexual assault, sexual harassment, or rape that you have ever made against any person other than Mr. Langrick.

**PLAINTIFF'S RESPONSE NO. 9**

Ms. Morrison objects to this request to the extent that it seeks documents protected by attorney-client privilege, the doctor-patient privilege or the work product doctrine. Subject to and without waiving the foregoing general and specific objections, and subject to an appropriate time frame limitation approved by the Court, Ms. Morrison states that she will produce any responsive, non-privileged communications that are in her possession, custody and control.

**REQUEST FOR PRODUCTION NO. 10**

All documents related to, supporting, or evidencing the allegation at Paragraph 7 of the Complaint that states: "the 2005 incident of sexual assault had a grievous, long-term impact on Ms. Morrison, psychologically and otherwise, including a severely damaging effect on her inter-personal life and her career trajectory."

**PLAINTIFF'S RESPONSE NO. 10**

Ms. Morrison strenuously objects that this request seeks documents that are irrelevant to her actual damage claims in her case-in-chief, as they have been clarified and significantly narrowed through various exchanges among the parties and the Court, and that it thus constitutes a cruel "fishing expedition," invasive of Ms. Morrison's privacy by the man (Mr. Langrick) who she considers to be her attacker based, *inter alia*, on Mr. Langrick's own admissions in his pleadings herein.

**REQUEST FOR PRODUCTION NO. 11**

All documents evidencing traffic and visitor statistics for each of the following:
A. Your website at the URL: http://box2076.temp.domains/msunivel/;

B. Your blog on Medium at the URL: https://medium.com/@monicamorrison;

C. Your GoFundMe page at the URL: https://www.gofundme.com/svldf;

D. Your YouTube video, published on December 6, 2018 entitled "#Me Too, Now What? What Happened to Me After I Spoke Up," at the URL: https://www.youtube.com/watch?time_continue=2&v=6KehVFJCEyO;

E. Your YouTube video published on December 6, 2018 entitled "What Would It Mean If I Signed the NDA," at the URL: https://www.youtube.com/watch?v=5K78aXIUsUE;

F. Your blog post entitled "I Think About your Wife," at the URL: https://medium.com/@monicamorrison/i-think-about-your-wife-a68be8cb5c39;

G. Your blog post entitled "Someone Really Doesn't Want You To Read This," at the URL: https://medium.com/@monicamorrison/someone-really-doesnt-want-you-to-read-this-42e29844fl_65;

H. Your blog post entitled "Lighting Up, Not Blacking Out," at the URL: https://medium.com/@monicamorrison/lighting-up-not-blacking-out-4f6ecf6b682f;

I. Your blog post entitled "An Open Letter to Senator Gillibrand," at the URL: https://medium.com/@monicamorrison/an-open-letter-to-senator-gi_11ibrand-76ac_141e7354;

J. Your blog post entitled "I Am The Mud," at the URL: https://medium.com/everyday-alchemy/i-am-the-mud-a58e0b_7f61d7;

K. Your blog post entitled "I Am Not Sorry," at the URL: https://medium.com/@monicamorrison/i-am-not-sorry-da048f09cece;

L. Your blog post entitled "An Imaginary Rap Battle With My Rapist," formerly on your Medium blog at the URL: https://medium.com/@monicamorrison;

M. You post entitled "Rape on the Blockchain," at the URL: http://box2076.temp.domains/msunive1/rape-on-the-blockchain/; and

N. . Your Vimeo post entitled "Rapist," at the URL https://vimeo.com/groups/51_0471.

These documents include but are not limited to those reflecting the total page views, unique visitors, and impressions.

**PLAINTIFF'S RESPONSE NO. 11**

With respect to each of the fourteen subparts of Request for Production No.11, Ms. Morrison states that she will produce any responsive, non-privileged documents that are in her possession, custody and control.

Dated: New York, New York
    May 22, 2019

>                    HENRY R. KAUFMAN, P.C.
>
>                    /s/
>                    By Henry R. Kaufman
>                    *Attorneys for Plaintiff*
>                    *Monica Morrison*
>                    60 East 42nd Street, 47th Floor
>                    New York, NY 10165
>                    (212) 880-0842

TO:

Thomas A. Clare (admitted pro hac vice)
Elizabeth M. Locke (admitted pro hac vice)
Andrew C. Phillips (admitted pro hac vice)
Shannon B. Timmann (admitted pro hac vice)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: tom@clarelocke.com
Email: libby@clarelocke.com
Email: andy@clarelocke.com
Email: shannon@clarelocke.com
Daniel A. Singer (DAS 0978)
THE LAW OFFICES OF DANIEL A. SINGER PLLC
New York, New York 10017
Telephone: (212) 569-7853
Email: dan@singerlaw.com

*Attorneys for Defendant-Counterclaimant*
*Robert Langrick*

## **CERTIFICATE OF SERVICE.**

  I hereby certify that a true and correct copy of Plaintiff's First Set of Requests for Production of Documents to Defendant Robert Langrick in the above captioned matter was served on the below counsel of record on May 22, 2019, in accordance with the Rules of Civil Procedure:

Thomas A. Clare (admitted pro hac vice)
Elizabeth M. Locke (admitted pro hac vice)
Andrew C. Phillips (admitted pro hac vice)
Shannon B. Timmann (admitted pro hac vice)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: tom@clarelocke.com
Email: libby@clarelocke.com
Email: andy@clarelocke.com
Email: shannon@clarelocke.com
Daniel A. Singer (DAS 0978)
THE LAW OFFICES OF DANIEL A. SINGER PLLC
New York, New York 10017
Telephone: (212) 569-7853
Email: info@dasingerlaw.com

 *Attorneys for Defendant Robert Langrick*

Dated: May 22, 2019            By: */s/ Henry R. Kaufman*
                      Henry R. Kaufman
                      *Attorney for Plaintiff and*
                      *Counterclaim Defendant Morrison*