# Exhibit C



# C L A R E   L O C K E
### L L P

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

June 12, 2019

<u>Via Email</u>

Henry Kaufman
Henry R Kaufman PC
60 East 42nd Street, 47th Floor
New York, New York 10168
Email: hkaufman@hrkaufman.com

Carol A. Schrager
Law Offices of Carol A. Schrager
Empire State Building
350 Fifth Avenue
Suite 4307
New York, New York 10118
Email: CarolASchrager@gmail.com

Re:   *Morrison v. Langrick,* No. 1:18-cv-06127(CBA)(RML)

Dear Mr. Kaufman and Ms. Schrager:

I write to address several deficiencies in Ms. Morrison's May 22, 2019 Responses to Defendant Robert Langrick's First Set of Requests for Production of Documents and her Responses to Defendant Robert Langrick's Second Set of Interrogatories.  Please let me know your availability over the next week so that we can schedule a telephone call to meet and confer.

<u>Requests for Production Nos. 1, 2 and 7</u>

These requests seek statements that Ms. Morrison has made, and/or communications that she has had with third parties, regarding Mr. Langrick and/or the alleged sexual assault that is the subject matter of both Mr. Langrick's and Plaintiff's claims in this case.  Such documents are obviously relevant and discoverable.  Plaintiff objected to each that she will only produce documents "subject to an appropriate time frame limitation approved by the Court."  Mr. Langrick rejects the notion that any timeframe limitation is warranted.  This case concerns an alleged sexual assault



claimed to have occurred in May 2005, and documents and communications from that time to the present — that relate specifically to the precise subject matter of the case — are relevant. We have a right to know what Ms. Morrison has said about Mr. Langrick and the alleged assault over the ensuing years and to discover whether those statements and accounts are consistent or inconsistent with (1) her allegations in her case in chief and (2) the statements that are the subject of Mr. Langrick's counterclaims. As you will recall, Judge Levy also confirmed during the May 24th teleconference that because the incident at issue in this case occurred in 2005, he would not place temporal restrictions on requests that are relevant as to that subject matter. In addition, as you also know, Ms. Morrison has herself served numerous document requests on Mr. Langrick *expressly seeking documents from 2005 to the present*, and thus she cannot now claim that this is not an appropriate timeframe for discovery. To attempt to do so in light of her own requests is transparent bad faith.

<u>Request for Production No. 9</u>

This request seeks all documents and communications relating to any other claims of sexual assault, sexual harassment, or rape that Ms. Morrison has made against anyone other than Mr. Langrick. Plaintiff again objected that she will only produce documents "subject to an appropriate time frame limitation approved by the Court." We reject the imposition of a timeframe limitation concerning other allegations of sexual assault, sexual harassment, or rape. Mr. Langrick has a right to discovery whether Plaintiff has a history of making sexual misconduct allegations for pecuniary or other benefit, and in fact discovery has already revealed one prior instance of Ms. Morrison obtaining a financial settlement by lodging claims of sexual harassment against an employer. The documents sought are plainly relevant to a case concerning allegedly false allegations of sexual assault, and again there is no basis for imposing an artificial temporal scope on this request.

<u>Request for Production No. 3</u>

This request seeks documents and communications related to any mental health or therapy appointments and/or consultations Ms. Morrison had from January 1, 2003 to the present, including the health care consultants referenced in Paragraph 9 of the Complaint. Ms. Morrison's response to this request is unclear and needs to be clarified. It is unclear whether Plaintiff does intend to produce documents and provide authorizations for mental health records from January 1, 2017 to the present. If this is Plaintiff's position, Mr. Langrick requests clarification as to the basis for this timeframe restriction. Moreover, as noted below, because Plaintiff plainly is still purporting to seek emotional distress damages in this action, under Judge Levy's prior guidance on this subject, Plaintiff has put her mental health history squarely at issue and cannot attempt to resist discovery and thereby use her mental health as both a sword and shield.

<u>Request for Production No. 10</u>

This Request seeks documents relating to the allegation in Paragraph 7 of the Complaint that "the 2005 incident of sexual assault had a grievous, long-term impact on Ms. Morrison, psychologically and otherwise, including a severely damaging effect on her inter-personal life and her career trajectory." Plaintiff objects to this Request on grounds that the documents are "irrelevant to



her actual damage claims in her case-in-chief." However, as noted above, Mr. Langrick does not understand how Plaintiff can justify this objection based on the damages claims in her "Corrected and Amended" May 21, 2019 Initial Disclosures. In those initial disclosures, Plaintiff confirms that she is seeking damages "resulting from Defendant's baseless threat of a slander action," and damages "resulting from Defendant's undue and improper pressure on Plaintiff to enter into an unconscionable 'Settlement Agreement.'" In other words, Plaintiff is apparently seeking damages for the stress and anguish of being threatened with a tort suit, and for the emotional distress she experienced as a result of being supposedly "pressured" into signing an agreement she did not sign. If Plaintiff is claiming damages for the trauma of being threatened with a lawsuit and for the stress of feeling unduly pressured, ***then these are necessarily claims for emotional distress damages***. Judge Levy was clear that if Plaintiff continues to seek such damages and thereby put her psychological state at issue, Mr. Langrick has a right to documents concerning Plaintiff's psychological history. Plaintiff cannot evade this common sense direction simply by claiming to remove the label of "emotional distress." These clearly are not, for example, claims for economic damages based on lost wages, or economic damages flowing from a breach of contract. These can only be damages flowing from Ms. Morrison's supposed mental suffering, emotional anguish, stress, and the like. We request that you immediately clarify, in writing, exactly what category of damages you think these are if they are not damages based on Plaintiff having suffered emotional distress.

Moreover, Plaintiff's "Corrected and Amended" Initial Disclosures continue to reveal a list of witnesses Plaintiff plans to introduce in this action to testify as to her "traumatization at the hands of Defendant," her "severe depression resulting from Defendant's sexual assault," and the "physical and psychological impacts resulting from Defendant's sexual assault." It is plain that Plaintiff intends to attempt to try to corroborate the supposed "truth" of her false rape claims by presenting non-percipient witnesses to testify as to her subsequent "traumatization" and "psychological" distress. Again, Plaintiff cannot put her mental state at issue as a sword to support her claims and defenses and then attempt to shield discovery into her mental state. Plaintiff's "Corrected and Amended" Initial Disclosures concede the relevance of the documents sought by RFP 10 and there is no good-faith basis for Plaintiff to refuse to produce responsive documents.

<u>Request for Production No. 4</u>

This Request seeks documents and communications related to the "agreement for non-disclosure for silence in the exchange of compensation" referenced in Ms. Morrison's blog post "I Am Not Sorry." Plaintiff states that she will only produce these documents subject to a formal subpoena and/or court order because the agreement contains confidentiality provisions. However, confidentiality is not a basis to refuse production of relevant documents, and a Request for Production is the appropriate vehicle for document discovery from a party under the Federal Rules of Civil Procedure. *See Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV126383JFBAKT, 2017 WL 1133349, at *6 (E.D.N.Y. Mar. 24, 2017) (citing *Conopco, Inc. v. Wein*, No. 05 CIV. 9899, 2007 WL 1040676, at *6 (S.D.N.Y. Apr. 4, 2007) (recognizing that "the simple fact that the parties to the settlement agreement agreed to its confidentiality does not shield it from discovery")). Private parties cannot by contract render a document non-discoverable, so the language of the agreement



purporting to require a subpoena or formal court order is immaterial and the document must be produced forthwith.

**Interrogatory No. 12**

This Interrogatory seeks information related to any mental health disease, condition, and/or disorder Plaintiff has been diagnosed with in addition to any medications she has been prescribed to address any mental health disease, condition, or disorder. Plaintiff objects to this Interrogatory as "irrelevant, harassing, intrusive and unlimited as to time period covered." To the contrary, this information is relevant for a number of reasons. First, as addressed above with respect to Request No. 10, Plaintiff is plainly seeking emotional distress damages, which puts her psychological history at issue. Second, Plaintiff's initial disclosures reveal she plans to support the "truth" of her rape allegations by presenting witnesses to testify as to her supposed subsequent trauma and psychological distress, which also puts her mental health history at issue. Finally, Plaintiff has also acknowledged that around the same time that she was making false allegations against Mr. Langrick, she was hospitalized for in-patient psychiatric treatment because she was seeing "visions" and believed that she was receiving "direct communications and messages from God." These admissions put at issue Plaintiff's capacity for truthfulness, her ability to discern reality from fantasy, and her ability to accurately recall events.

**Interrogatory No. 14**

This Interrogatory seeks information related to any communications Ms. Morrison had with Jaqueline Rizk and Ms. Morrison's relationship with Ms. Rizk. Plaintiff objects to this on the grounds that she no longer intends to rely on Ms. Rizk's testimony in this case. However, Ms. Morrison identified Ms. Rizk as a relevant witness in discovery and as someone who provided Plaintiff with information concerning Mr. Langrick. Therefore, Mr. Langrick has a right to this information, and it is immaterial that Plaintiff now states she "no longer intends to rely on Ms. Rizk in this proceeding." Plaintiff cannot identify an individual as a person with relevant information and then seek to shield that information by unilaterally stating that Plaintiff no longer intends to rely on that person as a witness at trial.

**Interrogatory No. 15**

This Interrogatory seeks information related to the "small number of confidants" referenced in Paragraph 9 of the Complaint. Plaintiff objects to this Interrogatory as "overbroad and beyond the scope of any appropriate timeframe." This objection is without merit. Mr. Langrick has a right to know who Plaintiff has spoken to about Mr. Langrick and/or the alleged sexual assault as well as what statements she made to those individuals. Mr. Langrick served an initial Interrogatory asking about all the individuals Plaintiff spoke to, and Plaintiff objected that was overbroad so, in turn, Mr. Langrick specifically asked about the "small number of confidants" Plaintiff herself referenced in her Complaint. Plaintiff cannot make this explicit allegation in her Complaint and then object to discovery related to it.



Please note that if required to raise these deficiencies by motion to the Court, Mr. Langrick will also request all reasonable expenses and attorney's fees. *See* Fed. R. Civ. P. 37(a)(5).

Finally, I note that Mr. Langrick served his First Set of Requests for Production of Documents on February 1, 2019 — more than four months ago. To date, Plaintiff has not produced a single document in discovery in this case. For those Requests where Plaintiff has stated she will produce all responsive documents, as well as those Requests where Plaintiff has stated she will produce **some** responsive documents (while awaiting resolution of objections as to timeframe for **other** documents), there is no basis to continue to delay production of documents that Plaintiff concedes are discoverable. A delay of four months is unacceptable and highly prejudicial to the speedy resolution of this case, and if Plaintiff continues to refuse to engage in document discovery, Mr. Langrick will have no choice but to raise in a dispositive motion to Judge Amon Plaintiff's total failure and refusal to prosecute a case that she chose to file. Please let me know when we can expect to finally receive a production of documents from Ms. Morrison.

I look forward to your prompt response.

Very truly yours,

Andrew C. Phillips
CLARE LOCKE LLP