# Exhibit E

**HENRY R. KAUFMAN, P.C.**
ATTORNEYS AT LAW
60 EAST 42ND STREET
47TH FLOOR
NEW YORK, NEW YORK 10165

OFFICE: (212) 880-0842
MOBILE: (914) 589-7963
FAX: (212) 682-1965
HKAUFMAN@HRKAUFMAN.COM
WWW.HRKAUFMAN.COM

June 27, 2019

*Via Email*
Andrew C. Phillips, Esq.
Clare Locke LLP
10 Prince Street
Alexandria, VA 22314

Re: Morrison v. Langrick - Discovery

Andy,

    As promised, this is to follow up on Monday's "meet and confer."

    With regard to the key issue of time frames, we must adhere to our fundamental position (and see also below re: Ms. Morrison's graduation date).

    However, we are proposing to respond to the following without time limitation: Requests for Production Nos. 1, 2, 7 and 9, and Interrogatory No. 15 – in general relating to Ms. Morrison's actual communications about Mr. Langrick and the sexual assault – from time of incident to the present. This proposed compromise is **without prejudice** to our fundamental position regarding the appropriately limited time frame as to other, highly intrusive – and we submit irrelevant subjects, especially over the 14-16 year timeframe you propose – such as employment and mental health.

    We are working to make the foregoing compromise production – if not completed by the end of the day tomorrow, in whole or in part, then we will be producing whatever has not already been turned over tomorrow, as soon as possible next week.

To reiterate, with regard to another open item, the wrongful discharge/whistleblowing settlement, we are awaiting the issuance of your subpoena for the confidential settlement agreement. And we will plan to cooperate in that regard to the extent appropriate.

As far as Ms. Rizk, if you are continuing to insist on pursuing that potential witness who we had offered to withdraw, we will – to the extent we are able – respond to your discovery requests about her.

With regard to damages, as we have advised, and we now repeat, Ms. Morrison is not seeking "emotional distress" damages in her case in chief.

Also in that regard, let me again clarify the damages that Ms. Morrison is seeking (subject to later adjustment) which are limited to economic damages flowing from (i) "Defendant's baseless threat of a slander action;" (ii) "Defendants undue and improper pressure on Plaintiff to enter into an extortionate and unconscionable 'Settlement Agreement' …" as well as (iii) the economic damages flowing from Defendant's attempt to abridge Plaintiff's First Amendment rights beginning from February, 2018 to date. (DJ Cplt. ¶ 136 [2d]) And, as we have also noted, it is quite possible that the troubling circumstances of the foregoing events could yield a jury verdict for punitive damages as well. As far as any dollar estimates as to any or all of these categories of damages, we submit that request is entirely premature because those damages will be subject to further exploration and, ultimately, to their proof if there were to be any trial of this matter.

Finally, with regard to another timeframe-related issue, and in response to the one additional piece of information you requested: Ms. Morrison graduated from Dartmouth in June, 2007.

Best regards. Henry

Very truly yours,
/s/
Henry R. Kaufman P.C.
*Attorneys for Plaintiff*

Cc:   Carol A. Schrager, Esq.
      Shannon B. Timmann, Esq.