# Exhibit H



## C L A R E   L O C K E
L L P

**ANDREW C. PHILLIPS**
andy@clarelocke.com
(202) 628-7404

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

July 2, 2019

Via Email

Mr. Henry Kaufman
Henry R. Kaufman PC
60 East 42nd Street, 47th Floor
New York, New York 10168
Email: hkaufman@hrkaufman.com

Carol A. Schrager
Law Offices of Carol A. Schrager
Empire State Building
350 Fifth Avenue
Suite 4307
New York, New York 10118
Email: carolaschrager@gmail.com

Re:      *Morrison v. Langrick*, No. 1:18-cv-06127(CBA)(RML)

Dear Henry and Carol:

I write as part of a good faith effort to resolve a deficiency in Ms. Morrison's February 6, 2019 "original" Initial Disclosures and her May 20, 2019 "Corrected and Amended" Initial Disclosures.

As you know, there has been some confusion regarding the nature of the damages Ms. Morrison purports to be seeking in this case. We have previously asked for clarification on that, and while I don't think we have gotten much clarification of the precise nature of, and legal basis for, Ms. Morrison's damages claims, your June 27, 2019 letter does confirm that Ms. Morrison is seeking solely "*economic* damages" and not damages for pain and suffering, emotional distress, and the like.

With respect to those claims for economic damages, Ms. Morrison's "Corrected and Amended" Initial Disclosures state, "Plaintiff is still in the process of gathering information relevant to her damage claims and is unable at the present time to confidently estimate — or to provide a precise computation as to — her damages in relation to any of the categories identified." This evasive



statement is clearly deficient under the plain language of Federal Rule 26(a)(1)(A)(iii), which requires that a party, in her initial disclosures, provide "a computation of each category of damages claimed," along with production of "the documents or other evidentiary material ... on which each computation is based, including materials bearing on the nature and extent of injuries suffered." The Rule further states that it is an "unacceptable excuse[]" to refuse to provide a damages computation simply because the party "has not fully investigated the case..." Fed. R. Civ. P. 26(a)(1)(E). In other words, the rule itself prohibits a party from wholly "punting" on its obligation to provide a damages estimate and calculation, as Ms. Morrison has done here.

While federal courts have recognized that Rule 26(a)(1)(A)(iii) may not be applicable to damages based on emotional distress, reputational harm, mental anguish, pain and suffering, and embarrassment because such damages are not amenable to mathematical quantification and thus do not lend themselves to the type of computation called for by Rule 26,[1] the same cannot be said for the economic damages Ms. Morrison is seeking—these damages absolutely require a calculation or estimate. *See, e.g., Ng v. HSBC Mortg. Corp.*, No. CV075434RRMVVP, 2008 WL 5274272, at *1 (E.D.N.Y. Dec. 18, 2008) (court previously found plaintiff's initial economic damage disclosures were insufficient because they failed to provide "both an amount for each item of damages and a description of how the amount was calculated"); *Okeke* 2017 WL 2484200, at *3 (distinguishing emotional distress and economic damages for the purposes of initial disclosures under Rule 26 and finding that economic damages required computation); *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 CIV. 902 JGK HBP, 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7, 2014) (finding that the plaintiff failed to provide defendant with an adequate computation of its economic damages because under Rule 26 "the disclosures must be sufficiently specific that the opposing party has some basis to calculate the damages claimed against it.").

Furthermore, I must note that Ms. Morrison's refusal to provide a damages computation in her initial disclosures can subject her to sanctions. Under the Federal Rules, if a party fails to provide a computation of damages, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Ng*, 2008 WL 5274272, at *1 (precluding plaintiff from seeking an item of damages where plaintiff's initial disclosures offered "neither an amount of damages nor a description of how they would be computed."); *Okeke v. New York & Presbyterian Hosp.*, No. 16-CV-570 (CM), 2017 WL 2484200, at *3 (S.D.N.Y. June 6, 2017) (precluding plaintiff from submitting evidence at trial regarding economic damages where plaintiff

---

[1] *See, e.g. Okeke v. New York & Presbyterian Hosp.*, No. 16-CV-570 (CM), 2017 WL 2484200, at *3 (S.D.N.Y. June 6, 2017) (finding "damages due to emotional distress... are not amenable to a precise calculation but are left to the discretion of the jury."); *Jackson v. The Scotts Co.*, No. 08 CIV.1064 LAK, 2008 WL 4355349, at *1 (S.D.N.Y. Sept. 24, 2008) (finding that calculation of damages for pain and suffering was not required because "quantification of such matters is ... difficult, and any calculation that might be provided would not be of much use to anyone"); *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 (5th Cir. 2000); *Crocker v. Sky View Christian Academy*, 2009 WL 77456 *2, (D.Nev., Jan.8, 2009).



failed to provide a computation in initial disclosures, and noting "[a] plaintiff's failure to disclose a computation of damages is alone sufficient to preclude her from submitting evidence of it at trial") (internal quotations and citation omitted).

 Here, Plaintiff's "Corrected and Amended" Initial Disclosures remain hopelessly vague as to the precise nature of the damages sought, and they make no attempt to provide any estimate of damages—let alone the required computation. Indeed, this case has been pending for many months, and Plaintiff still has provided no detail regarding her damages claims other than to say that she seeks undefined damages "resulting from Defendant's baseless threat of a slander action," "resulting from Defendant's undue and improper pressure on Plaintiff" to enter into a proposed contract, and for "threatened future economic losses." This is insufficient. If Plaintiff has suffered cognizable economic damages, she should have no trouble identifying the proximate source of those damages, providing an estimate of the dollar amount of those damages, and showing her work as to how she computed those damages figures. The Federal Rules require it, but Plaintiff has done none of those things.

 We expect to receive from you in short order supplemental disclosures that are compliant with Rule 26.

Very truly yours,

Andrew C. Phillips
CLARE LOCKE LLP