UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MONICA MORRISON,

                Plaintiff,

  -against-

ROBERT LANGRICK,

                Defendant.
-------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-CV-06127 (CBA) (RML)

**AMON, United States District Judge:**

This case arises out of a 2005 sexual encounter at Dartmouth College between then–undergraduate student, Plaintiff and Counter-Defendant Monica Morrison, and then–graduate student, Defendant and Counter-Claimant Robert Langrick. Morrison has characterized the encounter as rape, and Langrick has characterized it as consensual. A non-party (hereinafter, the "Settlement Party") appeals the Honorable U.S. Magistrate Judge Robert M. Levy's order denying the Settlement Party's motion for a protective order covering a settlement and non-disclosure agreement (the "Agreement") between Morrison and the Settlement Party. The Court considers the Settlement Party's appeal as a motion to set aside Magistrate Judge Levy's order denying the motion for a protective order and requiring the Settlement Party to produce the Agreement with proposed redactions for an <u>in camera</u> review. For the reasons stated below, that appeal is DENIED.

## BACKGROUND

On November 1, 2018, Morrison initiated this action, seeking (1) a declaration that Langrick does not have a meritorious slander action against her based on a January 2, 2018 phone call to Langrick's employer regarding the 2005 encounter between the parties; (2) a declaration that a proposed Settlement Agreement between the parties is unenforceable and unconscionable; and (3) a declaration "of her rights going forward, in particular her First Amendment right to speak

1

and to write—uncensored—about her personal story of abuse." (ECF Docket Entry ("D.E.") # 1 ("Compl.") ¶¶ 97–99.) On December 21, 2018, Langrick filed an Answer and Counterclaim Complaint, stating three claims: (1) slander arising out of the January 2, 2018 phone call; (2) libel arising out of a January 4, 2018 Vimeo post, which referred to Langrick as a "rapist"; and (3) libel arising out of a July 19, 2018 MyLife.com post, similar to the Vimeo post. (D.E. # 14 ("Ans. & Counterclaim") ¶¶ 256–303.)

On March 10, 2020, Morrison filed an amended complaint, which dropped the cause of action related to the proposed Settlement Agreement between the parties and seeks (1) a declaration that Morrison is presently entitled to judicial relief from the unconstitutional chilling effects of Langrick's attempts to "baselessly—indeed frivolously—contest [Morrison's] constitutional right to speak and publish truthful, albeit disparaging" statements related to the 2005 encounter; and (2) a declaration affirming Morrison's "right to freely express and publish truthful facts and opinions about her own life." (D.E. # 70 ("Am Compl.") ¶¶ 106–127.)

Earlier, on February 13, 2020, Austin Graff of The Scher Law Firm, LLP, filed a motion for a protective order on behalf of his client, "an entity . . . that entered into a confidential settlement agreement with [Morrison] to resolve claims asserted by [Morrison] against [that entity]," (the "Settlement Party"). (D.E. # 64.) As explained in the motion, on or about January 29, 2020, Langrick served Morrison with a subpoena duces tecum seeking "[a]ll documents and communications related to the 'agreement on nondisclosure for silence in exchange of compensation' referenced in [Morrison's] blog post entitled 'I am Not Sorry,' at the URL: https://medium.com/@monicamorrison/i-am-not-sorry-da048f09cece." (Id. (quoting D.E. # 64-1).) Counsel for the Settlement Party argued for a protective order and to quash the subpoena on the grounds that (1) the Agreement contained a confidentiality provision, which would be violated

if the Agreement were produced in this litigation and would rob the Settlement Party of "the benefit of its bargain" with Morrison; and (2) "the equities balance in favor of the Settlement [P]arty" because Langrick "does not need the [Agreement] to defend against the claims asserted by [Morrison] in this Action." (Id. at 2–3.) Langrick opposed the motion for a protective order, on the grounds that (1) the Agreement is "highly relevant to Mr. Langrick's theory of the case, Ms. Morrison's defense, and Ms. Morrison's damage claims" and (2) "the presence of a confidentiality clause does not render a relevant document non-discoverable in future litigation." (D.E. # 65 at 2–3.)

On March 3, 2020, Magistrate Judge Levy found "the fact of the settlement agreement, the date of the agreement, the nature of the allegations, and the amount of the settlement to be relevant to Mr. Langrick's defense and discoverable." (D.E. dated March 3, 2020.) Magistrate Judge Levy further ruled that Langrick "is entitled to see only a redacted version of the [A]greement which excludes any information that is not relevant or that may identify any party to the [A]greement other than Ms. Morrison." (Id.) Magistrate Judge Levy directed the Settlement Party to submit the Agreement with proposed redactions to chambers for an in camera review by March 10, 2020. (Id.) On March 9, 2020, the Settlement Party requested a three-day extension to file the proposed redactions for in camera review, citing illness. (D.E. # 66.) Magistrate Judge Levy granted the request, (see D.E. dated March 9, 2020), but the Settlement Party never filed the requested documents. Instead, on March 12, 2020, the Settlement Party filed a notice of appeal of Magistrate Judge Levy's March 3, 2020 order. (D.E. # 71.) Langrick opposed overturning Magistrate Judge Levy's ruling, (D.E. # 72 ("Def Opp'n")), and the Settlement Party replied to Langrick's opposition, stating its reasons for the appeal, which it had not previously done, (D.E. # 73

("Settlement Party Reply")). The Settlement Party's appeal of Magistrate Judge Levy's ruling is now before this Court, and for the reasons stated below, it is DENIED.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(a), a district judge must set aside a portion of a magistrate judge's order concerning a non-dispositive matter if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also, e.g., 287 Franklin Ave. Residents' Ass'n v. Meisels, No. 11-CV-976(KAM)(JO), 2013 WL 12403049, at *1–2 (E.D.N.Y. Nov. 5, 2013) (affirming magistrate judge's discovery rulings and denial of reconsideration of those rulings as not clearly erroneous or contrary to law), aff'd sub nom. Sasmor v. Meisels, 708 F. App'x 728 (2d Cir. 2017). An order is clearly erroneous if "'on the entire evidence' the Court is 'left with the definite and firm conviction that a mistake has been committed.'" Mental Disability Law Clinic v. Hogan, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010) (quoting Easley v. Cromartie, 532 U.S. 234, 235 (2001)). An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted). Under the "highly deferential standard" governing Rule 72(a), "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (internal quotation marks omitted).

As to the standard of review Magistrate Judge Levy was to apply to the motion for a protective order, in general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). "Though district courts in this Circuit have in the past disagreed as to whether discovery of settlement agreements requires a heightened showing of relevance, the majority view is now that no such heightened

4

showing is required." Small v. Nobel Biocare USA, LLC, 808 F. Supp. 2d 584, 587 (S.D.N.Y. 2011); see also Gen. Elec. Co. v. DR Sys., Inc., No CV 06-5581(LDW)(ARL), 2007 WL 1791677, at *1 (E.D.N.Y. June 20, 2007) (joining "what is clearly the most recent view that Rule 26's relevancy standard applies to the disclosure of settlement documents"). Pursuant to Federal Rule of Civil Procedure 26(c), a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "Rule 26(c) requires the party seeking the [protective] order to demonstrate good cause." Dorsett v. County of Nassau, 762 F. Supp. 2d 500, 514 (E.D.N.Y. 2011), aff'd sub nom. Newsday LLC v. County of Nassau, 730 F.3d 156 (2d Cir. 2013). "To determine whether good cause exists, courts balance the need for information against the injury that might result if uncontrolled disclosure is compelled." In re Zyprexa Injunction, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007) (internal quotation marks omitted), aff'd sub nom. Eli Lilly & Co. v. Gottstein, 617 F.3d 186 (2d Cir. 2010).

## DISCUSSION

### I. The Settlement Party's Appeal

At the outset, Langrick argues that the Settlement Party's appeal is deficient because it fails to comply with Federal Rule of Civil Procedure 72(a) and Local Rule 37.3, which require the objecting party to file "specific, substantive objections that identify the legal defect in the Magistrate's ruling." (Def. Opp'n at 3.) The Court agrees with Langrick that the Settlement Party's notice of appeal, on its own, does not comply with the relevant rules. However, because the Settlement Party did file a reply letter stating its specific objections to Magistrate Judge Levy's

5

ruling, (see generally Settlement Party Reply), the Court will consider the merits of the Settlement Party's motion to set aside Magistrate Judge Levy's ruling.[1]

On the merits, the Settlement Party argues that "it was induced to settle with [Morrison] under the belief that the terms of the confidential Settlement Agreement would remain confidential." (Settlement Party Reply at 2.) However, "confidentiality provisions in an agreement cannot be used to shield a settlement from discovery." Levick v. Maimonides Med. Ctr., No. 08 CV 03814(NG), 2011 WL 1673782, at *3 (E.D.N.Y. May 3, 2011) (citations omitted); see also Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc., CV 12-6383 (JFB) (AKT), 2017 WL 1133349, at *6 (E.D.N.Y. Mar. 24, 2017) ("[T]o the extent the parties to the Settlement Agreement may have agreed to keep it confidential, that fact, in itself, does not operate as a bar to discovery."). In addition, as Defendants note, Magistrate Judge Levy has already issued a confidentiality order in this case, and the Agreement could be designated as within the purview of that order, providing some level of protection to the Settlement Party. (Def. Opp'n at 4 (citing D.E. dated January 23, 2020).) Furthermore, Magistrate Judge Levy has given the Settlement Party an opportunity to propose redactions to the Agreement before producing it. (D.E. dated March 3, 2020.) Given that the confidentiality provision in the Agreement does not shield it from the scope of discovery, that there are protections already in place in this litigation to protect the Settlement Party's privacy, and that Magistrate Judge Levy has given the Settlement Party the opportunity to redact the Agreement before production, this Court cannot find that Magistrate Judge Levy's ruling was "clearly erroneous or . . . contrary to law," Fed. R. Civ. P. 72(a).

---

[1] Langrick cites two cases, in which the district judge declined to consider similarly bare bones notices of appeal of a magistrate judge's ruling. (Def. Opp'n at 3–4.) However, in both cited cases, the moving party filed only the notice of appeal, never filing a more detailed explanation of the basis for the motion. See Bokel v. NYPD Prop. Clerk Div., No. 06-CV-2849-SLT-LB, D.E. ## 33, 34 (E.D.N.Y. 2007); Milord v. Gladys Duran & Deutsche Bank Nat'l Tr. Co., No. 13-CV-5451-KAM-LB, D.E. ## 22, 23 (E.D.N.Y. 2014).

The Settlement Party also argues that the Agreement is not relevant to either party's claims or defenses. (Settlement Party Reply at 3–4.) Magistrate Judge Levy found, after consideration of the arguments on the record and in the briefing, that specific information in the Agreement (its existence, the date, the nature of the allegations, and the amount of the settlement) is relevant to Langrick's defense and therefore discoverable. In his opposition to the Settlement Party's motion for a protective order, Langrick argued that the Agreement is relevant to his claim that Morrison's repeated, allegedly defamatory statements about him were part of scheme to extort him, as well as to a showing that Morrison "has made a practice of alleging sexual misconduct in order to obtain monetary settlements." (D.E. # 65 at 2–3.) Langrick also argued that because Morrison is claiming economic damages, including lost wages, she has "put[] at issue who her prior employers are and what sources of income she has." (Id. at 3.) The Settlement Party does not persuasively argue that the Agreement is not relevant for these purposes, other than conclusorily stating that "[t]he terms of the confidential Settlement Agreement do nothing to add to the Defendant's theory of the case." (Settlement Party Reply at 3.) Magistrate Judge Levy did not abuse his discretion in finding the Agreement relevant to Langrick's defense, based on the briefing and oral argument. Furthermore, as stated above, Magistrate Judge Levy's order provided that only certain parts of the Agreement were relevant to this litigation, and afforded the Settlement Party an opportunity to propose redactions. (D.E. dated March 3, 2020).

Lastly, the Settlement Party argues that Magistrate Judge Levy "did not perform the proper analysis" and "did not determine whether good cause exists nor balance the equities." (Settlement Party Reply at 4.) However, it is apparent from the order itself and from the oral argument transcript that Magistrate Judge Levy did in fact consider the balance of the equities, finding, on the one hand, that portions of the Agreement were relevant to Langrick's theory of the case but

finding, on the other hand, that the Settlement Party should be permitted to redact portions of the Agreement, which, if made public, could injure the Settlement Party. (See D.E. dated March 3, 2020; D.E. # 76 ("3/3/2020 Tr.") at 14:20–23.) As such, the Court does not find that Magistrate Judge Levy failed to undertake the proper analysis or otherwise misapplied the relevant law.

## II. Langrick's Requested Relief

In his opposition brief, Langrick requests that this Court order the Settlement Party to produce the unredacted Agreement, citing the Settlement Party's failure to comply with Magistrate Judge Levy's order and "ongoing, meritless delay." (Def. Opp'n at 4.) The Settlement Party objects to this request. (Settlement Party Reply at 5.) The Court declines to modify Magistrate Judge Levy's March 3, 2020 order. Accordingly, the Settlement Party is directed to comply with Magistrate Judge Levy's order, as stated in the March 3, 2020 docket entry, by April 7, 2020.

## CONCLUSION

For the reasons stated above, the Settlement Party's motion to set aside Magistrate Judge Levy's March 3, 2020 order is DENIED. Defendant's request that the Settlement Party be compelled to produce the unredacted Agreement in full is DENIED. The Settlement Party is directed to comply with Magistrate Judge Levy's March 3, 2020 order by April 7, 2020.

Dated: March 31, 2020
      Brooklyn, New York

                                                  /s/ Carol Bagley Amon
                                                 Carol Bagley Amon
                                                 United States District Judge