HENRY R. KAUFMAN, P.C.
ATTORNEYS AT LAW
60 EAST 42ND STREET
47TH FLOOR
NEW YORK, NEW YORK 10165

OFFICE: (212) 880-0842
MOBILE: (914) 589-7963
FAX: (212) 682-1965
HKAUFMAN@HRKAUFMAN.COM
WWW.HRKAUFMAN.COM

October 20, 2020

Hon. Carol B. Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Monica Morrison v. Robert Langrick*: 1:18-cv-06127 (CBA) (RML)

Dear Judge Amon,

We write, pursuant to Your Honor's Individual Practice Rule 3(A), in order to request a pre-motion conference to address Monica Morrison's proposed Rule 56 motion for summary judgment, dismissing Mr. Langrick's three counterclaims for defamation, with prejudice, in their entirety.

It is our understanding that there is actually no disagreement between the parties that this matter is ripe for summary judgment consideration.

Thus, the parties are in agreement that the deadline for fact discovery of September 30, set by Magistrate Judge Levy, has been met by both sides. The depositions of the two parties, and of all desired nonparty witnesses, as well as voluminous document discovery, have been completed, subject only to a bare handful of items that, the parties have agreed, can be addressed at a later time.

Moreover, it is our understanding that Mr. Langrick will not be objecting to going forward with our summary judgment motion and, indeed, we have been advised that Langrick is planning to simultaneously make a cross-motion of some kind for at least partial summary judgment in his favor. The parties have already agreed – subject to this court's approval – that they are prepared to make their motion and cross-motion simultaneously on a schedule to be agreed between the parties for the approval of this court.

Hon. Carol B. Amon
United States District Judge
October 20, 2020
Page 2 of 3                                                                                   HENRY R. KAUFMAN, P.C.

    As far as the substantive basis for Ms. Morrison's envisioned summary judgment motion, in capsule summary, in applying New York's law of defamation the New York Court of Appeals has clearly stated its preference for summary judgment in appropriate cases. Thus, unlike many other kinds of matters, in defamation cases motions for summary judgment, seeking dismissal of such claims on their merits, are neither unusual nor inappropriate.

    The constitutionalized law of defamation, developed in, and over the more than 50 years since, the landmark case of New York Times v. Sullivan – a case that had among its central concerns the protection of First Amendment rights, and the development of new procedural and substantive standards that time and again have put a thumb on the scale in favor of protecting the freedom of expression of the defamation defendant. This includes issues such as the burden of proof of falsity and of fault, when relevant.

    The central grounds for Ms. Morrison's motion for summary judgment will be that, based on the undisputed facts developed as of the end of fact discovery, Mr. Langrick will be unable to meet his burden of establishing the material falsity of Ms. Morrison's claims of sexual assault, rape and/or attempted rape – both at the time of the original offense in 2005, and at the time of Ms. Morrison's three allegedly defamatory statements/publications in the first half of 2018.

    Moreover, if for some reason summary judgment were denied on the issue of falsity, Mr. Langrick's counterclaims would still have to be dismissed because he would be unable to meet what is also his burden of proving fault – the other central issue in constitutional defamation cases. And the fault Mr. Langrick will be required to prove will be based on the heightened fault standards developed by and since the seminal *New York Times v. Sullivan* case.

    Crucially, and fatally to his claims, the substantive burdens of proving falsity and fault will rest with Mr. Langrick , notwithstanding that on those issues he will not be the moving party. Thus, *citing Celetox Corp. v. Catrett*, 477 U.S. 317 (1986),[1] the Second Circuit has held that "where the nonmoving party will bear the burden of proof at trial, Rule 56 permits the moving party to point to an absence of evidence to support an essential element of the nonmoving party's claim." *Bay v. Times Mirror Magazines, Inc*., 936 F.2d 112, 116 (2d Cir. 1991).

---

[1] "[W]e do *not* think the *Adickes* language quoted above should be construed to mean that the burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, *even with respect to an issue on which the nonmoving party bears the burden of proof*. Instead, as we have explained, the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that *there is an absence of evidence to support the nonmoving party's case*." *Celotex, supra*, 477 U.S. at 325 (emphasis added).

Hon. Carol B. Amon
United States District Judge
October 20, 2020
Page 3 of 3                                          HENRY R. KAUFMAN, P.C.

      In sum, for the foregoing reasons among others, Ms. Morrison respectfully submits that her proposed motion for summary judgment, dismissing all three of Mr. Langrick's counterclaims, will be meritorious and dispositive, so that this Court should schedule a Pre-motion Conference to address it.

      Thank you for your consideration.

                                        Respectfully submitted,
                                                  /s/
                                          Henry R. Kaufman
                                          *Attorney for Counterclaim Defendant*
                                          *Monica Morrison*

Cc: All counsel (VIA EFILE)