

## CLARE LOCKE
L L P

**SHANNON B. TIMMANN**
shannon@clarelocke.com
(202) 899-3872

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

October 20, 2020

<u>Via ECF</u>

Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re: *Monica Morrison v. Robert Langrick*, No. 1:18-cv-06127 (CBA) (RML)

Dear Judge Amon:

  I write on behalf of my client Robert Langrick, Counterclaimant in the above-referenced action. In accordance with Individual Practice Rule 3(A), Mr. Langrick requests a pre-motion conference regarding a prospective motion for partial summary judgment on the statements at issue in Mr. Langrick's Counterclaims I-III and Ms. Morrison's Sixth Defense of qualified privilege. Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." As set forth below, there is no dispute of material fact that Ms. Morrison's statements: (1) were published to third parties; (2) are "of and concerning" Mr. Langrick; and (3) are actionable *per se*. Nor is there any genuine dispute that Ms. Morrison's statements were not protected by a qualified privilege. Mr. Langrick is therefore entitled to judgment as a matter of law on these elements of his Counterclaims and on Ms. Morrison's qualified privilege defense.

### Relevant Background and Procedural History

  Mr. Langrick filed Counterclaims I-III for defamation in this action on December 21, 2018, stemming from three separate publications by Ms. Morrison. (*See* Def. Langrick's Ans. Aff, Defs. & Countercls. [Dkt. 14] (Dec. 21, 2018) ("Countercls.").) The First Counterclaim states a cause of action for slander *per se* and alleges that Ms. Morrison published false and defamatory statements on January 2, 2018 when she placed a telephone call to Mr. Langrick's employer at the time, Bloomberg, during which she alleged that Mr. Langrick followed her home and attempted to

sexually assault and rape her when she was in college. (*Id*. ¶ 257.) The Second Counterclaim states a cause of action for libel *per se* and alleges that on January 4, 2018, Ms. Morrison defamed Mr. Langrick by creating an account and group on the video hosting website Vimeo that accused Mr. Langrick of being a "rapist." (*Id*. ¶ 273.) The Third Counterclaim states a cause of action for libel *per se* and alleges Ms. Morrison defamed Mr. Langrick on July 19, 2018 in a "personal review" on MyLife.com by accusing him of sexual assault, attempted rape, rape, and further alleged that Mr. Langrick is a "rapist." (*Id*. ¶ 289.)

Ms. Morrison filed her Answer to the Counterclaims on August 29, 2019 wherein she alleged seven "Affirmative and Other Defenses." Relevant here, Ms. Morrison's Sixth Defense alleges that "one or more" of the statements at issue are not subject to a defamation claim because they are protected by New York's common interest privilege and were not published with the requisite malice. (*See* Countercl. Def. Morrison's Ans. [Dkt. 50] (Aug. 29, 2019) ("Ans.").)

**The Basis for the Anticipated Motion**

Under New York law a defamation plaintiff must establish five elements: (1) a defamatory statement of and concerning the plaintiff; (2) publication to a third party; (3) fault; (4) falsity of the defamatory statement; and (5) special damages or *per se* actionability. *See Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). Mr. Langrick seeks partial summary judgment with respect to each statement at issue in Counterclaims I-III because there is no dispute of material fact that Ms. Morrison's statements were published to third parties, are "of and concerning" Mr. Langrick, and are actionable *per se*.

First, in the context of a cause of action for defamation, publication simply means that a statement is communicated to a third party and publication to even "one other person than the defamed is sufficient." *Torati v. Hodak*, 47 N.Y.S.3d 288, 290 (2017) (finding Facebook message shared with only three of the plaintiff's family members was actionable). Here, Ms. Morrison herself has admitted to publishing all three statements at issue to at least one third-party. Ms. Morrison admits to placing the Bloomberg call on January 2, 2018, and further admits that she accused Mr. Langrick of sexually assaulting her during that phone call. (*See* Ans. ¶¶ 192-193, 195.) Moreover, the recipient of that call took contemporaneous notes confirming that Ms. Morrison both placed the call to Bloomberg and communicated the statements at issue. Ms. Morrison also admits that she authored the January 4, 2018 post on Vimeo calling Mr. Langrick a "rapist" which was publicly available to third parties online. (*Id.* ¶¶ 198-200.) And finally, Ms. Morrison admits to authoring the July 19, 2018 personal review on MyLife.com that was publicly available to third parties online. (*Id.* ¶¶ 201-211.) Thus, there is no genuine dispute of material fact that Ms. Morrison published each of the statements at issue, and Mr. Langrick is entitled to partial summary judgment on the element of publication as to Counts I-III of his Counterclaims.

Second, under New York law statements alleged to be defamatory are "of and concerning" a plaintiff where the statement designates the plaintiff in such a way as to let the audience understand it refers to the plaintiff. *See Wexler v. Allegion (UK) Ltd.*, No. 16-cv-2252, 2018 WL 1626346, at *8 (S.D.N.Y. Mar. 30, 2018). Here, Ms. Morrison does not dispute that Mr. Langrick was the subject of the Bloomberg call, that she identified him by name, and that she accused him of sexually assaulting her. (*See* Ans. ¶¶ 192-193, 195.) Ms. Morrison has also explicitly admitted that her statements during this phone call were "of and concerning" Mr. Langrick. (*Id.* ¶ 260.) Ms. Morrison has admitted that her Vimeo post entitled "Rapist" was accompanied by a video thumbnail of Mr. Langrick and a video caption that identified him by name (*see e.g.*, *Id.* ¶¶ 198-

2

200; Ex. A, Morrison's Resp. to Langrick's RFA No. 2.) and has explicitly admitted that her statement in the Vimeo post was "of and concerning" Mr. Langrick. (Ans. ¶ 274.) Ms. Morrison has also admitted that her July 19, 2018 MyLife.com post identified Mr. Langrick by name and accused Mr. Langrick of raping her.  (*See, e.g. Id.* ¶¶ 201-211; Ex. A, Morrison's Resp. to Langrick's RFA No. 1.)  Thus, there is no dispute of material fact as to whether the statements in Counterclaims I-III were "of and concerning" Mr. Langrick, and Mr. Langrick is entitled to a judgment as a matter of law on the "of and concerning" element of his defamation claims.

Third, under New York law statements are defamatory *per se* and damages are presumed if the statements falsely charge the plaintiff with a serious crime. *See, e.g.*, *Liberman v. Gelstein*, 605 N.E.2d 344, 348 (1992) (finding verbal statements falsely accusing a plaintiff of a serious crime are slander *per se*); *Sprewell v. NYP Holdings, Inc.*, 772 N.Y.S.2d 188, 194 (2003) (finding statements imputing "the crime of attempted assault to plaintiff," were "actionable as libel *per se*".)  Each statement at issue accused Mr. Langrick of sexual assault or rape, which are serious felonious crimes under New York law, and Ms. Morrison has repeatedly acknowledged that the statements at issue were intended to accuse Mr. Langrick of sexually assaulting and raping her.  There are numerous cases applying New York law that hold direct and specific statements falsely accusing someone of sexual assault or rape are defamatory *per se*. *See, e.g. Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 212 (W.D.N.Y. 2013) ("A statement falsely accusing someone of rape is defamation *per se*"); *Chiavarelli v. Williams*, 681 N.Y.S.2d 276 (1998) (statements accusing plaintiff of "misus[ing] his supervisory power over residents to obtain sexual favors" were libel *per se*).  Thus, there is no genuine dispute of material fact as to whether Ms. Morrison's statements are actionable *per se*, and Mr. Langrick is entitled to a judgment as a matter law that the statements in Counterclaims I-III are defamatory *per se* and damages are presumed.

Mr. Langrick also seeks judgment as a matter of law on Ms. Morrison's Sixth Defense of qualified privilege because there is no dispute of material fact with respect to the non-applicability of this defense.  Under New York law, Ms. Morrison bears the burden of establishing the applicability of a qualified privilege by proving: (1) that she had an interest in the subject matter of the statements or a moral or legal duty to speak on the matter; and (2) that the statements were published to a party that had a corresponding interest or duty to receive the statement. *See, e.g.*, *Frederique v. Cty. of Nassau*, 168 F. Supp. 3d 455, 488 (E.D.N.Y. 2016); *Sachs v. Matano,* 22 N.Y.S.3d 310 (N.Y. Sup. Ct. 2015).  It is well-settled that New York courts only apply this privilege in very limited circumstances and it does not apply in circumstances where statements are disseminated to those who do not have a shared interest in the subject matter or a corresponding legal or moral duty to receive the statement at issue. *See Horton v. Guillot*, No. 14-cv -1050, 2016 WL 4444875, at *6 (N.D.N.Y. Aug. 23, 2016).  This privilege is not applicable here because Ms. Morrison had no arguable duty to publish the statements at issue and there was no cognizable joint interest between Ms. Morrison and either Bloomberg or the general public via the internet.  Ms. Morrison simply cannot prove any set of facts that would establish a qualified privilege, and Mr. Langrick is therefore entitled to judgment as a matter of law on Ms. Morrison's Sixth Defense.

Mr. Langrick requests that the Court schedule a pre-motion conference regarding his proposed motion so that a briefing schedule can be set.[1]

---

[1] Due to COVID-related stays and extensions, there is currently no briefing schedule for summary judgment, but the parties have agreed to contemporaneously file pre-motion letters on their respective summary judgment motions so that they can be jointly addressed at a conference with the Court and an agreed briefing schedule set.

                                                      Sincerely,

                                                      Shannon B. Timmann

Cc:    All counsel of record via ECF