

# CLARE LOCKE
L L P

**SHANNON B. TIMMANN**
shannon@clarelocke.com
(202) 899-3872

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

October 27, 2020

<u>Via ECF</u>

Hon. Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Monica Morrison v. Robert Langrick*, No. 1:18-cv-06127 (CBA) (RML)

Dear Judge Amon:

  I write on behalf of my client Robert Langrick, Counterclaimant in the above-referenced action, and in accordance with Your Honor's Individual Practice Rule 3(A), in response to Plaintiff Monica Morrison's October 20, 2020 Letter Requesting Pre-Motion Conference [Dkt. 103] ("Letter"). Ms. Morrison's Letter seeks a conference as to her anticipated motion for summary judgment. Under Federal Rule of Civil Procedure 56(c), the Court shall only grant summary judgment when the pleadings, evidence obtained through discovery, and affidavits show that there is no genuine issue of material fact. Mr. Langrick submits that Ms. Morrison's arguments in support of summary judgment are meritless, and there is no plausible way Ms. Morrison can establish that there is no genuine issue of material fact given the record in this case. However, Mr. Langrick understands that despite the pre-motion conference requirement this Court cannot prohibit Ms. Morrison's filing of a dispositive motion, and he is therefore in favor of setting a conference to discuss the parties' competing motions and set a briefing schedule. *See, e.g., Youssef v. Halcrow, Inc.*, No. 11-cv-2283, 2011 WL 2693527, *1 (S.D.N.Y. June 30, 2011).

### <u>Plaintiff's Anticipated Motion for Summary Judgment.</u>

  In support of her anticipated motion, Ms. Morrison's Letter presents two wholly conclusory and erroneous arguments, alleging that summary judgment should be granted in her favor because Mr. Langrick will be unable to meet his burden of establishing the elements of falsity and fault on his defamation claims. However, while Mr. Langrick will ultimately bear the burden of proof *at trial* with respect to the elements of defamation, it is well-settled that at the summary judgment stage the moving party bears the burden of demonstrating "the absence of a genuine issue

of material fact." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (internal quotation and citation omitted). "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 113-14 (internal citation and quotation omitted). And in deciding a motion for summary judgment, the Court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Gilman v. Marsh & McLennan Cos., Inc.*, 826 F.3d 69, 73 (2d Cir. 2016). Thus, if the record reveals—and it does—that when drawing all reasonable inferences in favor of Mr. Langrick, a reasonable jury could find that Ms. Morrison's allegations of sexual assault are false and, because Mr. Langrick is a private figure plaintiff, were published with at least negligence, summary judgment must be denied. *See Lucking v. Maier*, No. 03-cv-1401, 2003 WL 23018787, at *7 (S.D.N.Y. Dec. 23, 2003) (under New York law of defamation, the element of fault for a private plaintiff only requires a showing of negligence on the part of the defendant).

Here, Ms. Morrison cannot possibly show that there is an absence of a genuine issue of material fact with respect to the falsity and fault elements of the Counterclaims, because discovery has clearly shown a vigorous dispute of material fact as to the falsity of Ms. Morrison's sexual assault allegations against Mr. Langrick and whether Ms. Morrison made these statements with at least negligence—if not actual malice. For example, Capt. Moran of the Hanover Police Department testified during his deposition that after investigating Ms. Morrison's claims at the time and interviewing percipient witnesses, Mr. Langrick, and Ms. Morrison, he did not have probable cause to arrest Mr. Langrick for sexual assault. (*See* Exhibit C, Moran Dep. 39:1-40:6.) And Ms. Morrison herself has seriously contradicted her own allegations. During her initial police interview in 2005 and in her pleadings and discovery responses, Ms. Morrison alleged that the sexual assault, rape and attempted rape by Mr. Langrick occurred in her bed and that she "recalls nothing of the alleged sexual foreplay" with Mr. Langrick prior to that in the cupola of her house at the time. (Compl. [Dkt. 1]; Morrison's Ans. to Countercls. ¶¶ 57-60 [Dkt. 50]; Exhibit A, Morrison's Resp. to Langrick's RFA No. 22.) However, during her deposition, Ms. Morrison contradicted these allegations and is now claiming that she remembers being sexually assaulted by Mr. Langrick *in the cupola*—claiming for the first time in this litigation that Mr. Langrick "aggressively" touched and penetrated her while they were in the cupola, that she "pushed him away," told Mr. Langrick "no" and that she felt "uncomfortable," and that Mr. Langrick continued to "come at" her despite her protestations. (Exhibit B, 94:17-18, 104:23-25, 105:16-25.)

When confronted with the fact that this new testimony conflicted with what she told police at the time—which was that she only recalled kissing Mr. Langrick in the cupola and that the alleged sexual assault occurred in her bed—Ms. Morrison claimed that she may have misremembered what happened when she was recounting the events to the police a few days after the alleged incident. (*See* Exhibit B, 173:6-185:18.) Of course, not only is this explanation questionable at best, but it does not square with: (1) Ms. Morrison's allegations in her own Complaint that the sexual assault occurred in her bed and made no mention of the cupola at all, much less a sexual assault in the cupola; (2) Ms. Morrison's allegations in her Answer to the Counterclaims which deny Mr. Langrick's claims that they engaged in sexual activity in the cupola, with the caveat that she "has little to no memory of the alleged events in the cupola"; and (3) Ms. Morrison's own admission during discovery that she only had a "vague recollection of Mr. Langrick kissing her when they were in or near the cupola," and "recalls nothing of the alleged sexual foreplay" in the cupola. (*See* Compl. [Dkt. 1]; Morrison's Ans. to Countercls. ¶¶ 57-60; Exhibit B, 173:6-185:18.)

  These serious contradictions alone raise a genuine issue of material fact with respect to the falsity of Ms. Morrison's allegations and her negligent or malicious publication of the statements at issue. *See Robertson v. McCloskey*, 666 F. Supp. 241, 249 (D.D.C. 1987) (denying motion for summary judgment where the defendant presented "contradictory evidence and testimony" concerning the truth or falsity of the statements at issue because "credibility is a determination that must be made by a jury, regardless of the substantive evidentiary standard regarding the merits of the case"). Moreover, Mr. Langrick has at all times vehemently denied ever sexually assaulting, raping, or attempting to rape Ms. Morrison, which also raises genuine issues of fact. *See Meadows v. Taft Broad. Co.*, 470 N.Y.S.2d 205, 208 (1983) (finding that because the plaintiff "denies ever having made threats and denies any connection with an arson or the death of [a fire victim], issues of fact are presented as to the falsity of the [defendant's] statements."). And discovery has also demonstrated that Ms. Morrison and percipient witnesses contradicted many other crucial elements of her sexual assault story, and that Ms. Morrison was financially motivated to publish these false allegations in order to advance her career as a floundering writer by usurping the #metoo movement and portraying herself as a courageous survivor of sexual assault—further evidencing that there is a material issue of genuine fact that precludes summary judgment.

                  Sincerely,

                  Shannon B. Timmann

Cc:  All counsel of record via ECF