Clerk's Office
Filed Date: 7/1/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MONICA MORRISON,

    Plaintiff,

-against-

ROBERT LANGRICK,

    Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-CV-6127-CBA-JRC

**AMON, United States District Judge:**

  Oral argument was heard on the parties' cross-motions for summary judgment on May 19, 2021. At the hearing, I granted a request by Ms. Morrison's counsel that he be permitted to file a copy of the transcript from Mr. Langrick's deposition, and a letter explaining how that transcript supports Morrison's motion. Counsel filed that transcript and letter, Langrick's counsel filed a response, and Morrison's counsel replied. Having reviewed the parties' submissions, I conclude that genuine disputes of material fact prevent the granting of summary judgment on the non-stipulated issues. See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby Inc., 477 U.S. 242 (1986).

  The disputes of material fact include: (1) whether the alleged encounter between Morrison and Langrick was consensual or non-consensual; (2) whether Morrison made the statements at issue with fault (and if so, what degree of fault); and (3) whether Langrick's employer and Morrison shared an interest in her statements regarding the alleged encounter, such that a qualified privilege could attach to those statements. See Celle v. Filipino Reporter Enters., Inc., 209 F.3d 163, 176 (2d Cir. 2000); Chandok v. Klessig, 632 F.3d 803, 814 (2d Cir. 2011). As to the transcript of Langrick's deposition, although Langrick testified that there was "a time period when [he] doesn't] remember anything," (ECF Docket Entry ("D.E.") # 122-1 at 138:19-139:23, 130:21-131:22, 135:21-25), the transcript does not support the contention that he lacks any ability to testify

1

as to what occurred in Morrison's bedroom, and he expressly disputes Morrison's claimed version of events. (See id. at 109:4-5 ("I remember lots of things from the room"), 138:9-18, 141:2-142:14, 242:2-12.) Further, there is record evidence other than Langrick's own testimony to corroborate his version of events. (See D.E. # 116 at 13-16.)

The parties have stipulated to summary judgment on three elements of Langrick's counterclaims: (1) that Morrison published the statements at issue; (2) that the statements were "of and concerning" Langrick; and (3) that the statements are defamatory per se. (D.E. # 117 ¶ 21). Morrison has also agreed to the entry of judgment that her two statements published online are not subject to a qualified privilege. (Id. ¶ 14 n.1.) Having examined the parties' submissions, I find that as to these issues, there is no material factual dispute remaining for trial and Langrick is entitled to judgment as a matter of law. See Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2000) (where summary judgment is stipulated, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden . . . ."). Summary judgment is therefore granted on these stipulated issues, and is otherwise denied.

As stated in the Court's May 19, 2021 Order, a jury trial in this case is scheduled to begin on October 25, 2021. The parties shall agree upon a schedule for any expert discovery, and submit that schedule to the Honorable James R. Cho, United States Magistrate Judge, no later than July 9, 2021. The parties shall submit a proposed joint pre-trial order no later than August 20, 2021.

SO ORDERED.

Dated: July 1, 2021
      Brooklyn, New York                          /s/ Carol Bagley Amon
                                                           Carol Bagley Amon
                                                           United States District Judge